F I L E D
Clerk
District Court

AUG 1 0 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

MARK B. HANSON, ESQ.
First Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:  (670) 233-8600
Facsimile:   (670) 233-5262

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, LI ZHENG ZHE and XU JING JI, <br><br> Plaintiffs, <br><br> vs. <br><br> JUNG JIN CORPORATION, a CNMI corporation, ASIA ENTERPRISES, INC., a CNMI corporation, PARK HWA SUN and KIM HANG KWON, <br><br> Defendants. | CASE NO. CV 05-0019 <br><br> PLAINTIFFS' CASE MANAGEMENT CONFERENCE STATEMENT <br><br> Date: August 26, 2005 <br> Time: 9:00 a.m. |

COMES NOW, Plaintiffs LI YING HUA, LI ZHENG ZHE and XU JING JI, by and through their attorney, pursuant to LR 16.2CJ(e)(2) with their Case Management Conference Statement:

A. **Service of process on parties not yet served**

1. On June 25, 2005, Plaintiffs' attorney caused Defendants Park Hwa Sun and Jung Jin Corporation to be served with summons and a copy of Plaintiffs' Verified Complaint by service upon them personally.

2. On June 27, 2005, Plaintiffs' attorney caused Defendants Kim Hang Kwon and Asia Enterprises Inc. to be served with summons and a copy of Plaintiffs' Verified Complaint by service upon them personally.

3. All present parties have been served.

ORIGINAL

B. Jurisdiction and Venue

1. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1337(a) (proceedings arising under any Act of Congress regulating commerce).

2. This Court also has subject matter jurisdiction under the FLSA, 29 U.S.C. § 216(b), to adjudicate Plaintiffs' claims.

3. On July 13, 2005, all presently named Defendants filed their Answer to the Verified Complaint, submitting to the personal jurisdiction of this Court.

4. Venue is properly placed in this Court as at all relevant times Plaintiffs were employees of Defendants residing and doing business in Saipan, Commonwealth of the Northern Mariana Islands, and all of Plaintiffs' claims arise out of their employment with Defendants in Saipan.

C. Track assignment

Plaintiff recommends the **Standard Track** assignment.

REASONS:

1. The issues in this case are few and clear, but issues of joint employment make this matter more complex than a case assigned to an expedited track.

2. Required discovery against Defendants will also be more extensive because of the number of defendants and the breadth of Plaintiffs' joint employment with all Defendants.

3. There are several real parties in interest.

4. Plaintiffs expect that they will need a few fact witnesses to prove their case.

5. Plaintiffs do not anticipate the need for expert witnesses.

6. The jury trial in this case will likely take one week.

7. This case has some suitability for alternative dispute resolution.

8. The character and nature of damage claims are routine, not fixed, but the calculation of damages in this case should be straight forward and should not involve expert testimony.

**D. Anticipated motions**

    1. Motion to Strike Affirmative Defenses

    2. Various Discovery Motions

    3. Motion for Summary Judgment

**E. Discovery**

    **Anticipated discovery:**

    1. Interrogatories to and from all defendants.

    2. Requests for production of documents to and from all defendants.

    3. Requests for Admissions to and from all defendants.

    4. Depositions:  Plaintiff tentatively anticipates that he will depose the following individuals:

        a. Jung Jin corporation pursuant to Rule 30(b)(6);
        b. Asia Enterprises Inc. pursuant to Rule 30(b)(6);
        c. Ms. Park Hwa Sun; and
        d. Mr. Kim Hang Kwon.

    **Limitations on discovery:** None.

**F. Further proceedings**

    See Section K below.

**G. Special procedures.**

    No special procedures are required.

**H. Modifications of standard pre-trial procedures.**

    No modification are requested at this time, although depending on the progress of discovery, Plaintiffs anticipate the possibility that the deposition limit may need to be expanded.

**I. Settlement prospects**

    For purposes of settlement, Plaintiffs provided Defendants with a rough calculation of their wage related damages.  No settlement discussions have resulted therefrom, but Plaintiff remains hopeful that a non-trial disposition can be reached.

J. Other matters

ISSUES: [very generalized and not intended to limit or define Plaintiffs' issues trial].

1. Determination of the hours per week Plaintiffs performed work for Defendants.

2. Determination of Plaintiffs' joint employment by all Defendants.

3. Determination of Plaintiffs' applicable "regular rate" of pay as the term is defined in 29 U.S.C. § 207(e) and used to determine Plaintiffs' overtime premium due pursuant to the terms of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

4. Determination of the amount of liquidated damages to which Plaintiffs are entitled.

K. Setting of dates

| | | |
|---|---|---|
| 1. | Joinder of all parties: | November 25, 2005 |
| 2. | Motions to amend: | November 25, 2005 |
| 3. | Discovery service cut-off: | March 3, 2006 |
| 4. | Discovery motions hearing date: | April 6, 2006 |
| 5. | Status/settlement conference: | February 17, 2006 |
| 6. | Status/settlement conference: | April 21, 2006 |
| 7. | Dispositive motion hearing date: | May 11, 2006 |
| 8. | Joint pretrial order: | May 29, 2006 |
| 9. | Final pretrial conference: | June 2, 2006 |
| 10. | Trial: | June 12, 2006 |

//
//
//

DATED this 9th day of August, 2005.

_____
MARK B. HANSON

First Floor, Macaranas Building
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950
Telephone: (670) 233-8600

Attorney for Plaintiffs