F I L E D
Clerk
District Court

AO88 (Rev. 1/94) Subpoena in a Civil Case

SEP 12 2005

For The Northern Mariana Islands
By _____
(Deputy Clerk)

## Issued by the
# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

LI YING HUA, LI ZHENG ZHE and XU JING JI,
Plaintiffs,

V.

JUNG JIN CORP., ASIA ENTERPRISES, INC.,
PARK HWA SUN, and KIM HANG KWON,
Defendants,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV 05-0019

TO: ROMAN V. REYES, Manager (or the Custodian of Records)
Enforcement and Regulatory Branch - Poker Licenses
CNMI Division of Revenue and Taxation

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment "A" containing itemized description of documents to produce.

| PLACE Law Office of Mark B. Hanson, First Floor, Macaranas Building, Beach Road, Garapan, Saipan, Commonwealth of the Northern Mariana Islands | DATE AND TIME 9/19/05 at 3:30 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) *[signature]* Attorney for Plaintiffs | DATE September 9, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark B. Hanson, Attorney at Law, PMB 738, P.O. Box 10,000, Saipan, MP 96950
(670) 233-8600 - (670) 233-5262 (facsimile)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 09/09/05 | Joeten Building, Dandan Business License/Enforcement Regulatory Branch Office/2nd Flr. |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Ms. Pamela Halstead/Bus. Licensing Officer | Hand Delivered |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Rowena J. De Vera | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  9/9/05
DATE

SIGNATURE OF SERVER

PMB 738, Box 10,000 Saipan, MP 96950
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the minmdemanding party to contest the claim

# ATTACHMENT A

1. Copies of any and all documents submitted by JUNG JIN CORPORATION for and/or in support of a license or licenses for the operation of poker machines in the Commonwealth of the Northern Mariana Islands submitted on or after January 1, 2003;

2. Records of any and all poker license fees paid by JUNG JIN CORPORATION on or after January 1, 2003;

3. Copies of any and all licenses issued to JUNG JIN CORPORATION allowing JUNG JIN CORPORATION to operate poker machines in the Commonwealth of the Northern Mariana Islands on or after January 1, 2003;

4. Copies of any and all documents submitted by ASIA ENTERPRISES, INC. for and/or in support of a license or licenses for the operation of poker machines in the Commonwealth of the Northern Mariana Islands submitted on or after January 1, 2003;

5. Records of any and all poker license fees paid by ASIA ENTERPRISES, INC. on or after January 1, 2003;

6. Copies of any and all licenses issued to ASIA ENTERPRISES, INC. allowing ASIA ENTERPRISES, INC. to operate poker machines in the Commonwealth of the Northern Mariana Islands on or after January 1, 2003;

7. Copies of any and all documents submitted by PARK HWA SUN for and/or in support of a license or licenses for the operation of poker machines in the Commonwealth of the Northern Mariana Islands submitted on or after January 1, 2003;

8. Records of any and all poker license fees paid by PARK HWA SUN on or after January 1, 2003;

9. Copies of any and all licenses issued to PARK HWA SUN allowing PARK HWA SUN to operate poker machines in the Commonwealth of the Northern Mariana Islands on or after January 1, 2003;

10. Copies of any and all documents submitted by KIM HANG KWON for and/or in support of a license or licenses for the operation of poker machines in the Commonwealth of the Northern Mariana Islands submitted on or after January 1, 2003; and

11. Records of any and all poker license fees paid by KIM HANG KWON on or after January 1, 2003;

12. Copies of any and all licenses issued to KIM HANG KWON allowing KIM HANG KWON to operate poker machines in the Commonwealth of the Northern Mariana Islands on or after January 1, 2003.