FILED
Clerk
District Court

FEB -2 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

LI YING HUA, LI ZHENG ZHE and XU JING JI, Plaintiffs,

V.

JUNG JIN CORP., ASIA ENTERPRISES, INC., PARK HUA SUN and KIM HANG KWON, Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   CV 05-00019

TO: Mrs. PIL SUN KIM KITAMI
P.O. Box 502879
Saipan, Mariana Islands 96950

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   Office of Mark B. Hanson, Attorney at Law, First Floor, Macaranas Building, Beach Road, Garapan, Saipan, CNMI | DATE AND TIME  3/8/2006 10:30 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

DOCUMENTS SPECIFIED IN ATTACHMENT A.

| PLACE   Office of Mark B. Hanson, Attorney at Law, First Floor, Macaranas Building Beach Road, Garapan, Saipan, CNMI | DATE AND TIME 3/3/2006 4:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  /s/ _____ Attorney for Plaintiff | DATE  1/30/2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark B. Hanson, Esq., First Floor, Macaranas Building, Beach Road, Garapan   (670) 233-8600
PMB 738, P.O. Box 10,000, Saipan, Mariana Islands 96950                       (670) 233-5262 (facsimile)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 2/1/06 3:30 p.m. | AT MARIANAS RESTAURANT IN NAVY HILL |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| PIL SUN KIM KITAMI | PERSONAL SERVICE |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| RAINALDO S. AGULTO | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    2/1/06
DATE

*Rainaldo S. Agulto*
SIGNATURE OF SERVER

P.O. BOX 5340 CHRB SAIPAN MP 96950
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# ATTACHMENT A

Wherever located, and of whatever date, all of the following documents within your possession, custody or control:

1. All PROMISSORY NOTES and all other documents evidencing an indebtedness of Asia Enterprises, Inc. and/or Jung Jin Corporation and/or Kim Hang Kwon and/or Park Hwa Sun to Kim Pil Sun and/or Pil Sun Kim Kitami and/or any business or entity or other third party owned or controlled by Kim Pil Sun and/or Pil Sun Kim Kitami;

2. All documents evidencing any and all MORTGAGES and/or SECURITY AGREEMENTS and/or PLEDGES and/or GUARANTEES and/or any agreements providing COLLATERAL for loans, given or granted by Asia Enterprises, Inc. and/or Jung Jin Corporation and/or Kim Hang Kwon and/or Park Hwa Sun to Kim Pil Sun and/or Pil Sun Kim Kitami and/or any business or entity or other third party owned or controlled by Kim Pil Sun and/or Pil Sun Kim Kitami;

3. If any of the above-documents indicate any obligations owed, in whole or in part, to any corporation, partnership or limited liability company, provide all annual reports for the entity, all articles of incorporation or organization, partnership agreements, bylaws, or operating agreements, minutes of meetings, written consent actions, any amendments to any of the foregoing documents, and any and all other documents related to the governance of said entity or entities;

4. All LEASE AGREEMENTS and all other documents evidencing an interest in land received from Asia Enterprises, Inc. and/or Jung Jin Corporation and/or Kim Hang Kwon and/or Park Hwa Sun by Kim Pil Sun and/or Pil Sun Kim Kitami and/or any business or entity or other third party owned or controlled by Kim Pil Sun and/or Pil Sun Kim Kitami;

5. All LEASE AGREEMENTS and all other documents evidencing an interest in land granted to Asia Enterprises, Inc. and/or Jung Jin Corporation and/or Kim Hang Kwon and/or Park Hwa Sun by Kim Pil Sun and/or Pil Sun Kim Kitami and/or any business or entity or other third party owned or controlled by Kim Pil Sun and/or Pil Sun Kim Kitami;

6. All CONTRACTS, AGREEMENTS, or arrangements by and between Asia Enterprises, Inc. and/or Jung Jin Corporation and/or Kim Hang Kwon and/or Park Hwa Sun and Kim Pil Sun and/or Pil Sun Kim Kitami and/or any business or entity or other third party owned or controlled by Kim Pil Sun and/or Pil Sun Kim Kitami, for whatever reason or purpose; and

7. All evidence of PAYMENTS, whether in cash, or with other tangible or intangible property, real or personal, made by Asia Enterprises, Inc. and/or Jung Jin Corporation and/or Kim Hang Kwon and/or Park Hwa Sun to Kim Pil Sun and/or Pil Sun Kim Kitami and/or any business or entity or other third party owned or controlled by Kim Pil Sun and/or Pil Sun Kim Kitami.