FILED
Clerk
District Court

APR 2 1 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

MARK B. HANSON, ESQ.
First Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:  (670) 233-8600
Facsimile:  (670) 233-5262

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, LI ZHENG ZHE and XU JING JI,<br><br>Plaintiffs,<br><br>vs.<br><br>JUNG JIN CORPORATION, a CNMI corporation,<br>ASIA ENTERPRISES, INC., a CNMI corporation,<br>PARK HWA SUN and KIM HANG KWON,<br><br>Defendants. | CASE NO. CV 05-0019<br><br>DECLARATION OF<br>LI YING HUA<br><br>DATE: 5/25/06<br>TIME: 8:30am |

I, LI YING HUA, do hereby declare as follows:

1. I am competent to testify, and if called to testify, I would do so in accord herewith.

2. I am a plaintiff in the above-captioned case.

3. I was an employee of defendants from April 4, 2003 through May 4, 2005.

4. I began my employment with defendants in April 2003 during the time when I had a labor case pending in the CNMI Department of Labor against my former Saipan employer.

5. In November 2003, I was granted transfer relief by the Hearing Officer from the CNMI Department of Labor.

6. On December 29, 2003, Defendant Park Hwa Sun and I executed the documents necessary to obtain my permanent transfer to the employment of defendants.

7. On January 14, 2004, the CNMI Director of Labor approved a Conditional Grant of

ORIGINAL

Transfer for me to work for defendant Jung Jin Corporation, and on February 5, 2004, the Director of Labor approved the employment contract signed by Ms. Park Hwa Sun and myself in December 2003. A true and accurate copy of that Employment Contract is attached hereto as Exhibit "A."

8. On January 7, 2005, Defendant Kim Hang Kwon and I signed an Application for Renewal of my CNMI Labor Certificate and my Employment Contract with the defendants.

9. The CNMI Director of Labor approved that Contract Renewal application on February 26, 2005. A true and accurate copy of that Contract Renewal is attached hereto as Exhibit "B."

10. Pursuant to my Employment Contract and Contract Renewal, defendants were required to pay me $3.05 per hour for each hour I worked and overtime in the amount of 1.5 times that amount for all hours worked in excess of 40 hours in one week.

11. The Employment Contract and Contract Renewal required that I be paid by check in bi-weekly intervals and the renewal term was due to expire on January 14, 2006.

12. Beginning on April 4, 2003, and continuing through May 4, 2005, I worked for defendants twelve hours per day, seven days per week. I never missed a day of work.

13. During my employment with defendants I worked as a poker room cashier.

14. As a poker room cashier with defendants, I worked at various poker rooms of defendants in Saipan, CNMI, including: "J Poker" in Susupe, Saipan; "Sun's Poker," also located in Susupe, Saipan; and "JB Poker" in Chalan Kanoa, Saipan for various periods of time.

15. Throughout my employment with defendants, I received most of my instructions from Ms. Park Hwa Sun, although Ms. Park Hwa Sun and Mr. Kim Hang Kwon made it very clear that they were both my bosses and that I should do whatever either of them said to me.

16. Ms. Park Hwa Sun is the person that initially informed me the salary I would receive for my services, the hours I would work, and she was the one who paid me my salary each month.

17. On a daily basis while I was working at the various poker rooms of defendants, Mr. Kim Hang Kwon gave me instruction regarding small job assignments while on duty. Mr. Kim directed

my daily work as a cashier.

18. For my services from April 4, 2003 through the final approval of my permanent transfer in February 2004, the defendants paid me $650.00 per month with no deductions for taxes.

19. Thereafter, and for the duration of my employment, defendants paid me $700.00 per month in cash from which they deducted $50.00 for a net cash payment of $650.00. The defendants told me that the $50.00 deduction was for taxes, although they never provided me any tax forms showing the deductions they made from my salary.

20. To secure my employment with the defendants, the defendants required that I repay them a total of $580.00 for the expenses associated with processing the Employment Contract documents with the CNMI government, including the filing fee, the third-party processing fee, and other expenses associated with the application. For the first six months of my employment with defendants after my permanent transfer, defendants deducted installments in cash from my monthly salary until the processing fees were repaid by me in full.

21. I was also required to pay $75.00 for the medical examination, health certificate and police clearance records necessary for my employment by defendants.

22. On three occasions during my employment with the defendants, the defendants made additional deductions from my monthly salary for "cash shortages" for which they claimed I was responsible. The total amount deducted by defendants from my monthly salary for these "cash shortages" was $215.00.

23. In May 2004 and continuing for three months thereafter, I lived in housing provided by the defendants for which the defendants charged me $150.00 per month which amount was deducted from my monthly salary.

24. On May 4, 2005, due to continuing non-payment of my full wages by the defendants, and after continued sexual advances and unwanted touching of my body by Mr. Kim Hang Kwon, I made the decision to leave my employment with defendants and seek the assistance of the Federal

Page 3 of 4

Ombudsman.

25. The last monthly salary I received from defendants was for the month of April 2005.

I swear under the penalty of perjury that the foregoing Declaration was translated to me in Mandarin Chinese, a language I speak fluently, that the above-stated facts are true and correct, and that this Declaration was executed this 28th day of March, 2006 in Saipan, Commonwealth of the Northern Mariana Islands.

_____
LI YING HUA

CERTIFICATE OF TRANSLATION

I hereby certify that the forgoing declaration was translated by me from English into Mandarin Chinese for the Declarant and that Declarant acknowledged to me the she understood all of the Declaration so translated and that the above-Declaration is her sworn testimony as above-stated.

DATED: March 28, 2006                _____
                                      DENNIS TSE, Translator

Page 4 of 4

# EMPLOYMENT CONTRACT

This employment contract is entered into by and between __JUNG JIN CORPORATION__ of _P.O. BOx 503428_, _Saipan, MP 96950_, hereinafter referred to as the Employer, and __LI, YINGHUA__ of Myungsung ll-jo, Tudojin,Hwaryong-si,Jilinsung hereinafter referred to as the Employee. China The Employer hereby employs the Employee and the Employee hereby accepts to be employed by the Employer to serve and perform the duties required of him/her in the job category provided below:

A. **DUTIES AND RESPONSIBILITIES:** The parties hereto agree that the Employee shall be employed only in the job category of __COMMERCIAL CLEANER__ and shall perform the following duties and responsibilities including training of resident workers: Keeps premises of office,apartment, house, or other commercial or institutional buildibg in clean and orderly condition. Cleans and polishes lighting fixtures, surfaces of equipments. May cut of trim grass using equipment or handtools. Performs other related duties assigned.

B. **TERM:** The term of this Contract shall be for a period of __One Year__ commencing upon the Employee's arrival in the Commonwealth of the Northern Mariana Islands ("CNMI") and ending on __2/5/5__.

C. **WORK DAYS AND HOURS:** The Employee's work days and hours shall be __Monday__ to __Sunday__, from __FLEXIBLE HOURS__, for a total of __NLT 40__ hours per week. (1 day off)

D. **COMPENSATION:** In consideration of the services to be performed by the employee, the Employer agrees to pay the Employee compensation in the amount of:
1. $ __3.05__ per __hour__ and
2. $ __x 1.5__ per __hour__ for overtime compensation payable by check in bi-weekly intervals.
3. other compensation (bonuses, commissions, etc.); specify amount and method of calculation:

E. **DEDUCTIONS:** CNMI taxes and Social Security, if applicable, shall be withheld from the employee's salary each pay period. No other deductions from the Employee's compensation shall be made by the Employer unless specified herein and approved by the Director of Labor or his authorized designee. Other deductions (set forth amount and purpose of deduction):

F. **PRINCIPAL PLACE OF WORK:** The Employee's principal place of employment shall be on __SAIPAN__, CNMI. However, the employee may be required to perform his/her duties at the other senatorial districts within the CNMI depending on the nature of the Employer's business and upon the Employer's compliance with applicable labor policies and/or regulations.

G. **TRANSPORTATION:** The Employer shall be responsible for the payment of the Employee's return airplane ticket to his/her point of hire at the expiration or termination of the Employment Contract, regardless of the nature of the termination.

H. **INSURANCE/MEDICAL EXPENSES:** The Employer shall be responsible and liable for the medical insurance or payment of all medical expenses of the Employee, including the cost of referral and evacuation of medical treatment outside of the CNMI and, in the event of Employee's death, the cost of embalming and transportation of the Employee's corpse back to his point of origin.

I. **NOTIFICATION OF NEXT-OF-KIN:** In the case of an emergency involving serious illness, accident or death of the Employee, the Employer shall immediately notify the Employee's next-of-kin whose name and address are as follows:
__Li, Bong Yeol (Father)__
__same as above__

00330

J.  **BOARD, LODGING AND OTHERS:**
    The Employer shall ensure that the following facilities are provided:
    1.  [ ]  Employer-provided housing at a charge of $_____ per month.
        [ ]  Employer-provided housing free of charge.
        [XX] Employee self-arranged housing.
             (Attach statement or rental agreement.)
    2.  [ ]  _____ (number meals per day at a charge of $_____ per month.
    3.  [XX] Employee to provide own food.
    4.  [ ]  Free transportation to and from job site at employer designated pick-up points.
    5.  [XX] Employee to provide transportation to and from job site.
    6.  [ ]  Allowance:
    7.  [ ]  Others:

K.  **OTHER PROVISIONS:** The following additional provisions apply to this Contract: (Set forth or attach any work rules, living accommodation rules and standards for Employee conduct. Every page of every attachment must be signed by Employee and Employer.)

L.  **TERMINATION:** This Contract may only be terminated for cause by either party by giving the other party __15__ days advance written notice and only after an unsuccessful good faith attempt to settle any dispute has been made with the Director of Labor or his designee.

    1.  In the event of termination for cause, the Employer shall pay the Employee's wages or salary for work or services performed or for work not performed when an employer refuses to allow the employee to continue working through the effective date of termination and shall purchase a one-way ticket for the return of the Employee to his/her point of hire.

    2.  Termination for cause may include any of the following:
        a.  __3__ unauthorized absences and/or __3__ unauthorized tardiness to work by the Employee;
        b.  Neglect, careless performance, non-performance or non-completion of assigned work by the Employee;
        c.  Conviction in the CNMI of any felony or two or more misdemeanors;
        d.  Abandoning of job or assigned duty by the employee;
        e.  Incompetence or misrepresentation of the qualifications, skills, physical or mental fitness to satisfactorily perform the duties for which the Employee was hired;
        f.  Extreme cruelty or abuse, physical or otherwise;
        g.  Unreasonable delays in the payment of the employee's wages or salary;
        h.  A breach of any provision of this Contract and not corrected within ten (10) days;
        i.  Cessation of business activities or bankruptcy;
        j.  Others (specify);

M.  **SETTLEMENT OF DISPUTE:**

    00331

    Grievance and Good Faith Settlement

    All grievances or disputes under this employment contract shall be subject to the following grievance procedure:

    1.  The employee shall communicate to his/her supervisor, or if there is no supervisor, then directly to the employer, any and all grievances or disputes he/she may have regarding his/her employment;

2. If the supervisor is unable to resolve the matter immediately, the grievance or dispute shall be reduced to writing by the supervisor which shall state the section of the contract, law, or rules and regulations to have been violated. Management shall have five working days to resolve the grievance, dispute or state in writing his/her reasons why there is no violation.

3. If the grievance or dispute is not resolve in step 1 or 2 above, the employee may file a compliant with the Director of Labor or his designee.

The employee and employer shall maintain the employment relationship during the pendency of any grievance or dispute unless the Director of Labor, his authorized designee, or a hearing officer grant a temporary work authorization.

N. **REMITTANCE/OTHER OBLIGATIONS:** The Employee shall be responsible for remitting any money to his/her family and payment of any taxes as required by his/her government in his/her country of origin.

O. **ENTIRE AGREEMENT:** The foregoing terms and conditions constitute the sole, entire agreement of the parties herein and shall supersede any other agreement, either written, verbal, or otherwise.

**IN WITNESS WHEREOF**, the parties hereto affix their names on the date and space so specified.

DATE: 12-29-2003

Park, Hwa Sun/President
EMPLOYER
(Print Name, Title and Sign)

DATE: 12-29-2003

Li, Yinghua
EMPLOYEE
(Print Name and Sign)

Saipan, COMMONWEALTH ) ss: **ACKNOWLEDGEMENT**
OF THE NORTHERN MARIANA ISLANDS )

On this 29th day of Dec., 2003, personally appeared before me PARK, HWA SUN and LI, YINGHUA, known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purposes set forth therein.

**IN WITNESS WHEREOF**, I have hereunto set my hand and official seal on the day and year first written above.

SEUNG-HEE CINDY
NOTARY PUBLIC
Commonwealth of the Northern Mariana Isla
My Commission expires: Oct. 31, 2005

NOTARY PUBLIC

) ss: **ACKNOWLEDGEMENT**
)

On this ____ day of _____, ____, personally appeared before me _____ and _____, known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purposes set forth therein.

**IN WITNESS WHEREOF**, I have hereunto set my hand and official seal on the day and year first written above.

NOTARY PUBLIC

DATE: 2/5/4         APPROVED BY: _____
                                 DIRECTOR OF LABOR

00332

Form: L921014.1                                    Page 3 of 3

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
DEPARTMENT OF LABOR
DIVISION OF LABOR
SAIPAN, NORTHERN MARIANA ISLANDS

APPLICATION FOR RENEWAL OF
LABOR IDENTIFICATION CERTIFICATE NO. 164717

BOND NO. PICI 24547
BOND CO. OIC 20167                                          D.O.F. No. _____

**FOR OFFICIAL USE ONLY**

164717
Permit Number
2/6/05   1/14/6
Issued Date   Expiration Date

Chief of Labor

**CNMI Office of the Attorney General
Division of Immigration
ENTRY PERMIT**

YINGHUA LI
Citizenship: CHN  Gender: F  Birthdate: 09/29/1980  Island: SAIPAN
Employer: JUNG JIN CORPORATION
Occ: COMMERCIAL CLEANER
Class: 706K   NO TRANSFER
Issue Date: 02/05/2004   Exp. Date: 01/14/2005

164717

[X] Approved    [ ] Disapproved    Date Entered: __/__/__   By: _____

Employer: JUNG JIN CORPORATION     dba _____
Mailing Address: P.O. Box 503428, SAIPAN, MP 96950    Business License No. 5182-3-2
Telephone No.: 235-4321    hereby makes application to renew Nonresident Worker's Certificate and Entry Permit for employment for an additional term (not more than one year) of 12 (TWELVE) months, commencing on 01/14/2005 and ending on 01/14/2006.

[X] under the same terms and conditions of employment as those contained in the Employment Contract and Employer's Agreement for the aforesaid nonresident worker's certificate [ ] under terms and conditions of employment as amended (attach amended employment contract and Employer's Agreement).

Date: 1-7-2005

Signature
Title: Vice-President

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC, by Kim, Hcing Ky___ this ___ day of Jan., 20 05.

SEUNG-HEE CINDY Y_
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: Oct 31, 2006

The employee named below declares under penalty of perjury that:
- He/She arrived in the Commonwealth on 1998.
- He/She had been examined by a physician on 12/7/2004 pursuant to 3 CMC 4438 and that he/she [X] does not have [ ] does have an infectious or communicable disease.
- He/She [X] has never ___ has been convicted of a felony or other crimes involving moral turpitude.
- He/She concurs with the application to renew his/her nonresident worker's certificate [X] under the same terms and conditions as provided in the initial application [ ] under terms and conditions of employment as amended.
- His/Her Passport No. G03923297 issued by JILIN expires on 08/15/2007.

Date: 1-7-2005

Signature: Li Ying Hua

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC, by LI, YINGHUA this 7th day of Jan, 20 05.

SEUNG-HEE CINDY YI
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: Oct 31, 2006

00301