FILED
Clerk
District Court

APR 2 1 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

MARK B. HANSON, ESQ.
First Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:  (670) 233-8600
Facsimile:  (670) 233-5262

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, LI ZHENG ZHE and XU JING JI, <br><br> Plaintiffs, <br><br> vs. <br><br> JUNG JIN CORPORATION, a CNMI corporation, ASIA ENTERPRISES, INC., a CNMI corporation, PARK HWA SUN and KIM HANG KWON, <br><br> Defendants. | CASE NO. CV 05-0019 <br><br> DECLARATION OF LI ZHENG ZHE <br><br> DATE: 5/25/06 <br> TIME: 8:30am |

I, LI ZHENG ZHE, do hereby declare as follows:

1. I am competent to testify, and if called to testify, I would do so in accord herewith.

2. I am a plaintiff in the above-captioned case.

3. I was an employee of defendants from November 25, 2001 through April 25, 2005.

4. On about June 5, 2002, Defendant Park Hwa Sun and I executed the documents necessary to obtain my permanent transfer to the employment of defendants.

5. Sometime thereafter, in about December 2002 I believe, the CNMI Director of Labor approved the Employment Contract signed by Ms. Park Hwa Sun and myself in June 2002. A true and accurate copy of the Employment Contract I signed with Ms. Park Hwa Sun and Jung Jin Corporation is attached hereto as Exhibit "A."

6. My initial one-year contract was due to expire on December 12, 2003, one-year from

ORIGINAL

the date of the Director of Labor's approval.

7. On about December 8, 2003, the defendants renewed my Employment Contract with Jung Jin Corp. for an additional one year term which expired on December 12, 2004. A true and accurate copy of that Contract Renewal is attached hereto as Exhibit "B." My renewal for Jung Jin was again signed by Defendant Park Hwa Sun on behalf of Jing Jin Corp. as its president, and the contract was renewed under the same terms and conditions as my initial contract with the Defendants.

8. On January 21, 2005, Defendant Park Hwa Sun (on behalf of Asia Enterprises, Inc.) and I signed a conditional transfer document to affect my transfer from Jung Jin Corp. to Asia Enterprises, Inc., I understood that it was another contract to work for Jung Jin as my record employer, but I learned later that the defendants had changed my record employer to Asia Enterprises, Inc. without telling me.

9. That same day, I also executed a new Employment Contract with Mr. Kim Hang Kwon, although I still did not understand that I was transferring from Jung Jin Corp. The Employment Contract was executed by Defendant Kim Hang Kwon on January 7, 2005.

10. The CNMI Director of Labor approved my conditional transfer to Asia Enterprises, Inc. on January 24, 2005. A true and accurate copy of that conditional transfer document is attached hereto as Exhibit "C."

11. The CNMI Director of Labor approved my new Employment Contract with Asia Enterprises, Inc. on March 8, 2005. A true and accurate copy of that Employment Contract is attached hereto as Exhibit "D."

12. Pursuant to my Employment Contracts with the defendants, defendants were required to pay me $3.05 per hour for each hour I worked and overtime in the amount of 1.5 times that amount for all hours worked in excess of 40 hours in one week.

13. The Employment Contracts required that I be paid by check in bi-weekly intervals and

the most recent contract term was due to expire on January 24, 2006.

14. Beginning on November 25, 2001, and continuing through April 25, 2005, I worked for defendants fifteen hours per day, seven days per week. During the entire period of my employment with the defendants, I never missed a day of work.

15. Although my Employment Contract always stated that I was a "supervisor", during my employment with defendants I worked mainly as an overall maintenance person and caretaker for the business, including performing security services. On occasion I would act as a cashier if needed. Basically, I performed whatever services the defendants required of me.

16. During my employment with the defendants, I worked at various poker rooms of defendants in Saipan, CNMI, including: "Wonderful Poker" a/k/a "J Poker" in Susupe, Saipan, "Daora Poker" located in Chalan Lau Lau, Saipan, and "JB Poker" and "Welcome Landry" in Chalan Kanoa, Saipan, among the defendants other various establishments and poker rooms.

17. Throughout my employment with defendants, I received most of my instructions from Mr. Kim Hang Kwon, although Ms. Park Hwa Sun and Mr. Kim Hang Kwon made it very clear that they were both my bosses and that I should do whatever either of them said to me.

18. Ms. Park Hwa Sun is the person that initially informed me the salary I would receive for my services, the hours I would work, and she was the one who paid me my salary each month.

19. On a daily basis while I was working at the various poker rooms of defendants, Mr. Kim Hang Kwon gave me instruction regarding job assignments while on duty at the various establishments and poker rooms of the defendants. Mr. Kim directed my daily work.

20. For my services from November 25, 2001 through my eventual termination in April 2005, defendants paid me $900.00 per month in cash. Starting in June 2002, the defendants started deducting $50.00 from my salary for a net cash payment of $850.00. The defendants told me that the $50.00 deduction was for taxes, although they never provided me any tax forms showing the deductions they made from my salary.

21. To secure my employment with the defendants, the defendants required that I repay them a total of $650.00 for the expenses associated with processing the Employment Contract documents with the CNMI government, including the filing fee, the third-party processing fee, and other expenses associated with the application. Starting June 2002 and for seven months thereafter, defendants deducted installments in cash from my monthly salary until the processing fees were repaid by me in full.

22. I was also required, three times, to pay $75.00 for the medical examination, health certificate and police clearance records necessary for my employment by defendants.

23. From November 25, 2001 through April 30, 2004, I was required by the defendants to live in housing provided by the defendants for which the defendants charged me $100.00 per month which amount was deducted from my monthly salary. In May 2004, Defendant Kim Hang Kwon rented out my barracks to a third party and told me I had to move out.

24. On the evening of April 25, 2005, while I was working at Daora Poker, Mr. Kim Hang Kwon came to the poker room and informed me that my employment was terminated. I asked for an explanation, but he refused to tell me the reason for my termination.

25. The last monthly salary I received from defendants was for the month of March 2005.

I swear under the penalty of perjury that the foregoing Declaration was translated to me in Mandarin Chinese, a language I speak fluently, that the above-stated facts are true and correct, and that this Declaration was executed this 28th day of March, 2006 in Saipan, Commonwealth of the Northern Mariana Islands.

*LI ZHENG ZHE*
LI ZHENG ZHE

CERTIFICATE OF TRANSLATION

I hereby certify that the forgoing declaration was translated by me from English into Mandarin Chinese for the Declarant and that Declarant acknowledged to me the she understood all of the Declaration so translated and that the above-Declaration is her sworn testimony as above-stated.

DATED: 3-28-2006

_____
DENNIS TSE, Translator

# EMPLOYMENT CONTRACT

This employment contract is entered into by and between __JUNG JIN CORPORATION__ of __P.O. Box 503428__, __Saipan, MP 96950__, hereinafter referred to as the Employer, and __LI, ZHENGZHE__ of #5-4, Hongkwang-hyang, Domoon-si, Jilin-sung, China, hereinafter referred to as the Employee.

The Employer hereby employs the Employee and the Employee hereby accepts to be employed by the Employer to serve and perform the duties required of him/her in the job category provided below:

A. **DUTIES AND RESPONSIBILITIES:** The parties hereto agree that the Employee shall be employed only in the job category of __GENERAL SUPERVISOR__ and shall perform the following duties and responsibilities including training of resident workers:

   Supervising employees performing duties, such as plans and prepares work schedules and assigns employees to specific duties. Ensures compliances of employees with established security, sales and record keeping precedures and practices. May asnwer customer's complaints or inquires.

B. **TERM:** The term of this Contract shall be for a period of __ONE YEAR__ commencing upon the Employee's arrival in the Commonwealth of the Northern Mariana Islands ("CNMI") and ending on __EXPIRATION OF PERMIT__.

C. **WORK DAYS AND HOURS:** The Employee's work days and hours shall be __MONDAY__ to __SUNDAY__, from __FLEXIBLE HOURS__, for a total of __NLT 40__ hours per week.

D. **COMPENSATION:** In consideration of the services to be performed by the employee, the Employer agrees to pay the Employee compensation in the amount of:

   1. $ __3.05__ per __hour__ and
   2. $ __x 150%__ per __hour__ for overtime compensation payable by check in bi-weekly intervals.
   3. Other compensation (bonuses, commissions, etc.); specify amount and method of calculation:

E. **DEDUCTIONS:** CNMI taxes and Social Security, if applicable, shall be withheld from the employee's salary each pay period. No other deductions from the Employee's compensation shall be made by the Employer unless specified herein and approved by the Chief of Labor or his authorized designee. Other deductions (set forth amount and purpose of deduction):

F. **PRINCIPAL PLACE OF WORK:** The Employee's principal place of employment shall be on __SAIPAN__, CNMI. However, the employee may be required to perform his/her duties at the other senatorial districts within the CNMI depending on the nature of the Employer's business and upon the Employer's compliance with applicable labor policies and/or regulations.

G. **TRANSPORTATION:** The Employer shall be responsible for the payment of the Employee's return airplane ticket to his/her point of hire at the expiration or termination of the Employment Contract, regardless of the nature of the termination.

H. **INSURANCE/MEDICAL EXPENSES:** The Employer shall be responsible and liable for the medical insurance or payment of all medical expenses of the Employee, including the cost of referral and evacuation of medical treatment outside of the CNMI and, in the event of Employee's death, the cost of embalming and transportation of the Employee's corpse back to his point of origin.

I. **NOTIFICATION OF NEXT-OF-KIN:** In the case of an emergency involving serious illness, accident or death of the Employee, the Employer shall immediately notify the Employee's next-of-kin whose name and address are as follows:

   __Joo, Chun-San__
   __#5-4, Hongkwang-hyang,__
   __Domoon-si, Jilin-sung, China__

00098

J.  **BOARD, LODGING AND OTHERS:**

   The Employer shall ensure that the following facilities are provided:

   1. /☐/  Employer-provided housing at a charge of $_____ per month.

      /☐/  Employer-provided housing free of charge.

      /XX/ Employee self-arranged housing.
           (Attach statement or rental agreement.)

   2. /☐/  _____ (number) meals per day at a charge of $_____ per month.

   3. /XX/ Employee to provide own food.

   4. /☐/  Free transportation to and from job site at employer designated pick-up points.

   5. /XX/ Employee to provide transportation to and from job site.

   6. /☐/  Allowance:

   7. /☐/  Others:

K.  **OTHER PROVISIONS:** The following additional provisions apply to this Contract: (Set forth or attach any work rules, living accommodation rules and standards for Employee conduct. Every page of every attachment must be signed by Employee and Employer.)

L.  **TERMINATION:** This Contract may only be terminated for cause by either party by giving the other party __15__ days advance written notice and only after an unsuccessful good faith attempt to settle any dispute has been made with the Chief of Labor or his designee.

   1. In the event of termination for cause, the Employer shall pay the Employee's wages or salary for work or services performed or for work not performed when an employer refuses to allow the employee to continue working through the effective date of the termination and shall purchase a one-way ticket for the return of the Employee to his/her point of hire.

   2. Termination for cause may include any of the following:

      a. __3__ unauthorized absences and/or __3__ unauthorized tardiness to work by the Employee;

      b. Neglect, careless performance, non-performance or non-completion of assigned work by the Employee;

      c. Conviction in the CNMI of any felony or two or more misdemeanors;

      d. Abandoning of job or assigned duty by the employee;

      e. Incompetence or misrepresentation of the qualifications, skills, physical or mental fitness to satisfactorily perform the duties for which the Employee was hired;

      f. Extreme cruelty or abuse, physical or otherwise;

      g. Unreasonable delays in the payment of the employee's wages or salary;

      h. A breach of any provision of this Contract and not corrected within ten (10) days;

      i. Cessation of business activities or bankruptcy;

      j. Others (specify):

**SETTLEMENT OF DISPUTE:**

Grievance and Good Faith Settlement

All grievances or disputes under this employment contract shall be subject to the following grievance procedure:

   1. The employee shall communicate to his/her supervisor, or if there is no supervisor, then directly to the employer, any and all grievances or disputes he/she may have regarding his/her employment;

- If the supervisor is unable to resolve the matter immediately, the grievance or dispute shall be reduced to writing by the supervisor which shall state the section of the contract, law, or rules and regulations to have been violated. Management shall have five working days to resolve the grievance, dispute or state in writing his/her reasons why there is no violation.

- If the grievance or dispute is not resolved in step 1 or 2 above, the employee may file a complaint with the Chief of Labor or his designee.

The employee and employer shall maintain the employment relationship during the pendency of any grievance or dispute unless the Chief of Labor, his authorized designee, or a hearing officer grant a temporary work authorization.

N.  **REMITTANCE/OTHER OBLIGATIONS:** The Employee shall be responsible for remitting any money to his/her family and payment of any taxes as required by his/her government in his/her country of origin.

O.  **ENTIRE AGREEMENT:** The foregoing terms and conditions constitute the sole, entire agreement of the parties herein and shall supersede any other agreement, either written, verbal, or otherwise.

**IN WITNESS WHEREOF,** the parties hereto affix their names on the date as space so specified.

DATE: 6-5-2002

Park, Hwa Sun/President
EMPLOYER

DATE: 6-5-2002

Li, Zhengzhe  LI ZHENG ZHE
EMPLOYEE

SAIPAN, COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS  ) SS: ACKNOWLEDGEMENT

On this 5th day of June, 2002, personally appeared before me PARK, HWA SUN and LI, ZHENGZHE, known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purposes set forth therein.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal on the day and year first written above.

SEUNG-HEE CINDY YU
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: Nov. 13, 2002

) SS: ACKNOWLEDGEMENT

On this ___ day of _____, ____, personally appeared before me _____ and _____, known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purposes set forth therein.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal on the day and year first written above.

NOTARY PUBLIC

DATE: _____   APPROVED BY: _____
CHIEF OF LABOR

00100

Form: _____   Page 3 of 3

Case 1:05-cv-00019    Document 37    Filed 04/21/2006    Page 9 of 13

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
DEPARTMENT OF LABOR, IMMIGRATION AND EMPLOYMENT SERVICES
DIVISION OF LABOR
__SAIPAN__, NORTHERN MARIANA ISLANDS

PHOTOGRAPH OF APPLICANT



APPLICATION FOR GARMENT RENEWAL OF
LABOR IDENTIFICATION CERTIFICATE NO. __132618__

BOND NO. __RCIC 28694__
BOND CO. __PICI 20404__                                             D.O.E. No. _____

**FOR OFFICIAL USE ONLY**

Commonwealth of the Northern Mariana Islands
Department of Labor And Immigration
ENTRY PERMIT

ZHENGZHE LI
Citizenship: CHN   Gender: M   Birthdate: 06/17/1965   Island: SAIPAN
Emplyr: JUNG JIN CORPORATION
Occ: GENERAL SUPERVISOR
Class: 706K   EXP TRANSFER
Issue Date 12/12/2002   Exp. Date 12/12/2003
132618

_____
Permit Number

_____   _____
Issued Date        Expiration Date

_____
Chief of Labor

☐ Approved    ☐ Disapproved    Date Entered: ___/___/___ By: _____

Employer: __JUNG JIN CORPORATION__ dba _____
Mailing Address: __P.O. Box 503428, Saipan, MP 96950__   Business License No. __5182-1-1__
Telephone No.: __235-8949/483-4321__ hereby makes application to renew Nonresident Worker's Certificate and Entry Permit for employment for an additional term (not more than one year) of __12 (Twelve)__ months, commencing on __12/12/2003__ and ending on __12/12/2004__.

☒ under the same terms and conditions of employment as those contained in the Employment Contract and Employer's Agreement for the aforesaid nonresident worker's certificate ☐ under terms and conditions of employment as amended (attach amended employment contract and Employer's Agreement).

Date: __12-08-2003__                          __Park Hwa Sun__ (signature)
                                              Park, Hwa Sun
                                              Signature
                                              President
                                              Title

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC, by __PARK, HWA SUN__ this ___ day of __Dec.__, 20__03__.

SEUNG-HEE CINDY YU
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: __Oct. 31, 2004__

The employee named below declares under penalty of perjury that:
- He/She arrived in the Commonwealth on __1996__.
- He/She had been examined by a physician on __12/5/2003__ pursuant to 3 CMC 4438 and that he/she ☒ does not have ☐ does have an infectious or communicable disease.
- He/She ☒ has never ☐ has been convicted of a felony or other crimes involving moral turpitude.
- He/She concurs with the application to renew his/her nonresident worker's certificate ☒ under the same terms and conditions as provided in the initial application ☐ under terms and conditions of employment as amended.
- His/Her Passport No. __143076649__ issued by __Jilin__ expires on __10/21/2006__.

Date: __12-08-2003__                          __L/ ZHENG ZH__

00076

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC, by __LI, ZHENGZHE__ this __8th__ day of __Dec.__, 20__03__.

SEUNG-HEE CINDY YU
NOTARY PUBLIC
Commonwealth of the Northern Mariana Is
My Commission expires: __Oct. 31, 2004__

**Commonwealth of the Northern Mariana Islands**
**DIVISION OF LABOR**
P.O. Box 10007, Saipan, MP 96950

## DECLARATION OF ACCEPTING EMPLOYER

I, __PARK, HWA SUN__ of __ASIA ENTERPRISES INC.__, located in the CNMI,
(NAME OF AUTHORIZED SIGNATORY)   (CORPORATION/BUSINESS NAME)
declare under penalty of perjury that I knowingly and freely accept the transfer of employment of __LI, ZHENGZHE__, of the __CHINA__, from
(NAME OF EMPLOYEE)   (COUNTRY OF ORIGIN)
__JUNG JIN CORPORATION__ the Employer of Record. Furthermore, I hereby declare that I will assume all duties, responsibilities, obligations, etc., of an Employer of Non-resident Worker as required and provided under the Non-resident Workers Act, Minimum Wage and Hour Act and the CNMI Alien Labor Rules and Regulations, C.R. Vol. 10, No. 4 (April 15, 1988), et seq. Furthermore, I hereby declare that the above named transferee will be under my employment as a __GENERAL SUPERVISOR__ and that I will be responsible for the payment of all applicable fees to effectuate this Transfer and that I knowingly assume all liabilities.

Entry Permit No. __132618__    Surety Bond Co./No. __OIC 20173__

## CONDITIONAL GRANT OF TRANSFER

The transfer of the employee __LI, ZHENGZHE__
to __ASIA ENTERPRISES INCORPORATED__ Accepting Employer is hereby **CONDITIONALLY GRANTED** as of this date pursuant to Section 3(b) of Public Law No. 11-6 and Section 5 (b) of P.L. 12-11, to perform services in the job category of __GENERAL SUPERVISOR__
**The Employee's Work Days and Hours** shall be __MONDAY__ to __SUNDAY__, from __FLEXIBLE HOURS__, for a total of __NLT 40__ hours per week. (1 day off)

**Compensation**: In consideration of the services to be performed by the Employee, the Employer agrees to pay the Employee compensation in the amount of:
1. $ __3.05__ per __hour__ and
2. $ __x 1.5__ per __hour__ for ovetime compensation payable by check in bi-weekly intervals.
3. Other compensation, specify amount and method of calculation.

**All other contract provisions, obligations and restrictions** including **termination** of employment shall be controlled by the terms and conditions of the attached employment contract signed by the employer and employee.

Both the Accepting Employer and the Employee understand this conditional transfer / accompanying application shall be **denied later** should the Accepting employer **fail to comply with all requirements** of law, regulation and policy **within the standard time allowed** in order to obtain a Work/Entry Permit. Should the application be denied or should either the employee or Accepting Employer terminate the employment relationship, the Accepting Employer shall be liable for/required to purchase a one-way ticket to the employee's original point of recruitment outside the Commonwealth and the employee shall depart on the next available flight.

If the application is denied by the Division, this conditional transfer will also expire the same day of denial issuance. However, if for any reason the application is neither approved nor denied by the Division, this conditional transfer will expire one year from the date the conditional transfer is approved.

Date: __Jan. 21, 2005__    Date: __Jan. 21, 2005__

__PARK, HWA SUN__    __LI, ZHENGZHE__
Accepting Employer: Print Name and Sign    Employee: Print Name and Sign
Title: __SECRETARY__

IN WITNESS WHEREOF, I hereunto set my hand and official seal this __JAN.__, 200_5_.

SEUNG-HEE CINDY YU
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires __2005__

NOTARY PUBLIC

00012

_____    _____
Approval Date    Director of Labor/Designee

# EMPLOYMENT CONTRACT

This employment contract is entered into by and between __ASIA ENTERPRISES INCORPORATED__ of __P.O. Box 503448__, __SAIPAN, MP 96950__ hereinafter referred to as the Employer, and __LI, ZHENGZHE__ __#5-4, HONGKWANG-HYANG, Domoon-SI, JILIN-SUNG, CHINA__ hereinafter referred to as the Employee

The Employer hereby employs the Employee and the Employee hereby accepts to be employed by the Employer to serve and perform the duties required of him/her in the job category provided below:

A.  **DUTIES AND RESPONSIBILITIES:** The parties hereto agree that the Employee shall be employed only in the job category of __GENERAL SUPERVISOR__ and shall perform the following duties and responsibilities including training of resident workers:
   Supervising employees performing duties, such as plans and prepares work schedules and assigns employees to specific duties. Ensures compliances of employees with established security, sales and record keeping procedures and practices. May answer customers; complaints or inquires.

B.  **TERM:** The term of this Contract shall be for a period of __ONE YEAR__ commencing upon the Employee's arrival in the Commonwealth of the Northern Mariana Islands ("CNMI") and ending on __8/24/6__.

C.  **WORK DAYS AND HOURS:** The Employee's work days and hours shall be __MONDAY__ to __SUNDAY__, from __FLEXIBLE HOURS__, for a total of __NLT 40__ hours per week. ( 1 day off/week)

D.  **COMPENSATION:** In consideration of the services to be performed by the employee the Employer agrees to pay the Employee compensation in the amount of:
   1.  $ __3.05__ per __hour__ and
   2.  $ __x 1.5__ per __hour__ for overtime compensation payable by check in bi-weekly intervals.
   3.  other compensation (bonuses, commissions, etc.); specify amount and method of calculation:

E.  **DEDUCTIONS:** CNMI taxes and Social Security, if applicable, shall be withheld from the employee's salary each pay period. No other deductions from the Employee's compensation shall be made by the Employer unless specified herein and approved by the Director of Labor or his authorized designee. Other deductions (set forth amount and purpose of deduction):

F.  **PRINCIPAL PLACE OF WORK:** The Employee's principal place of employment shall be on __SAIPAN__, CNMI. However, the employee may be required to perform his/her duties at the other senatorial districts within the CNMI depending on the nature of the Employer's business and upon the Employer's compliance with applicable labor policies and/or regulations.

G.  **TRANSPORTATION:** The Employer shall be responsible for the payment of the Employee's return airplane ticket to his/her point of hire at the expiration or termination of the Employment Contract, regardless of the nature of the termination.

H.  **INSURANCE/MEDICAL EXPENSES:** The Employer shall be responsible and liable for the medical insurance or payment of all medical expenses of the Employee, including the cost of referral and evacuation of medical treatment outside of the CNMI and. In the event of Employee's death, the cost of embalming and transportation of the Employee's corpse back to his point of origin.

I.  **NOTIFICATION OF NEXT-OF-KIN:** In the case of an emergency involving serious illness, accident or death of the Employee, the Employer shall immediately notify the Employee's next-of-kin whose name and address are as follows:
   __JOO, CHUN-SAN__
   __Same as above__

00005

Form: L921014.A

Page 1 of 2

J. **BOARD, LODGING AND OTHERS:**
   The Employer shall ensure that the following facilities are provided:
   1. /___/ Employer-provided housing at a charge of $_____ per month.
      /___/ Employer-provided housing free of charge.
      /XX/ Employee self-arranged housing.
      (Attach statement or rental agreement.)
   2. /___/ _____ (number meals per day at a charge of $_____ per month.
   3. /XX/ Employee to provide own food.
   4. /___/ Free transportation to and from job site at employer designated pick-up points.
   5. /XX/ Employee to provide transportation to and from job site.
   6. /___/ Allowance:
   7. /___/ Others:

K. **OTHER PROVISIONS:** The following additional provisions apply to this Contract: (Set forth or attach any work rules, living accommodation rules and standards for Employee conduct. Every page of every attachment must be signed by Employee and Employer.)

L. **TERMINATION:** This Contract may only be terminated for cause by either party by giving the other party __15__ days advance written notice and only after an unsuccessful good faith attempt to settle any dispute has been made with the Director of Labor or his designee.

   1. In the event of termination for cause, the Employer shall pay the Employee's wages or salary for work or services performed or for work not performed when an employer refuses to allow the employee to continue working through the effective date of termination and shall purchase a one-way ticket for the return of the Employee to his/her point of hire.

   2. Termination for cause may include any of the following:
      a. __3__ unauthorized absences and/or __3__ unauthorized tardiness to work by the Employee;
      b. Neglect, careless performance, non-performance or non-completion of assigned work by the Employee;
      c. Conviction in the CNMI of any felony or two or more misdemeanors;
      d. Abandoning of job or assigned duty by the employee;
      e. Incompetence or misrepresentation of the qualifications, skills, physical or mental fitness to satisfactorily perform the duties for which the Employee was hired;
      f. Extreme cruelty or abuse, physical or otherwise;
      g. Unreasonable delays in the payment of the employee's wages or salary;
      h. A breach of any provision of this Contract and not corrected within ten (10) days;
      i. Cessation of business activities or bankruptcy;
      j. Others (specify);

M. **SETTLEMENT OF DISPUTE:**
   Grieveance and Good Faith Settlement                               00006

   All grievances or disputes under this employment contract shall be subject to the following grievance procedure:

   1. The employee shall communicate to his/her supervisor, or if there is no supervisor, then directly to the employer, any and all grievances or disputes he/she may have regarding his/her employment;

2. If the supervisor is unable to resolve the matter immediately, the grievance or dispute shall be reduced to writing by the supervisor which shall state the section of the contract, law, or rules and regulations to have been violated. Management shall have five working days to resolve the grievance, dispute or state in writing his/her reasons why there is no violation.

3. If the grievance or dispute is not resolve in step 1 or 2 above, the employee may file a compliant with the Director of Labor or his designee.

The employee and employer shall maintain the employment relationship during the pendency of any grievance or dispute unless the Director of Labor, his authorized designee, or a hearing officer grant a temporary work authorization.

N. **REMITTANCE/OTHER OBLIGATIONS:** The Employee shall be responsible for remitting any money to his/her family and payment of any taxes as required by his/her government in his/her country of origin.

O. **ENTIRE AGREEMENT:** The foregoing terms and conditions constitute the sole, entire agreement of the parties herein and shall supersede any other agreement, either written, verbal, or otherwise.

**IN WITNESS WHEREOF,** the parties hereto affix their names on the date and space so specified.

DATE: JAN. 07, 2005

KIM, HANG KWON/PRESIDENT
EMPLOYER
(Print Name, Title and Sign)

DATE: JAN. 21, 2005

LI, ZHENGZHE   L/ ZHENG ZHE
EMPLOYEE
(Print Name and Sign)

SAIPAN, COMMONWEALTH  )
                       ) SS: **ACKNOWLEDGEMENT**
OF THE NORTHERN MARIANA ISLANDS )
                       )

On this _7th_ day of _JAN._, _2005_, personally appeared before me _KIM, HANG KWON_ and XXXXXXXXXXXXXX, known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purposes set forth therein.

**IN WITNESS WHEREOF,** I have hereunto set my hand and official seal on the day and year first written above.

SEUNG-HEE CINDY YU
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: Oct. 31, 2006

NOTARY PUBLIC

SAIPAN, COMMONWEALTH           )
                               ) SS: **ACKNOWLEDGEMENT**
OF THE NORTHERN MARIANA ISLANDS )
                               )

On this _21st_ day of _JAN._, _2005_, personally appeared before me _LI, ZHENGZHE_ and XX, known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purposes set forth therein.

**IN WITNESS WHEREOF,** I have hereunto set my hand and official seal on the day and year first written above.

SEUNG-HEE CINDY YU
NOTARY PUBLIC
Commonwealth of the Northern Mariana Islands
My Commission expires: Oct. 31, 2006

NOTARY PUBLIC

DATE: 3/8/5       APPROVED BY: _____
                               DIRECTOR OF LABOR

00007