FILED
Clerk
District Court

APR 21 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

MARK B. HANSON, ESQ.
First Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:  (670) 233-8600
Facsimile:  (670) 233-5262

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, LI ZHENG ZHE and XU JING JI, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> JUNG JIN CORPORATION, a CNMI corporation, ) <br> ASIA ENTERPRISES, INC., a CNMI corporation, ) <br> PARK HWA SUN and KIM HANG KWON, ) <br> ) <br> Defendants. ) | CASE NO. CV 05-0019 <br><br> MOTION FOR SANCTIONS: <br> DEFAULT JUDGMENT AGAINST <br> JUNG JIN CORPORATION AND ASIA <br> ENTERPRISES, INC. <br><br> Date:  Thursday, May 25, 2006 <br> Time:  8:30 a.m. <br> Judge: Hon. Alex R. Munson |

## MOTION

COMES NOW, LI YING HUA, LI ZHENG ZHE and XU JING JI, the Plaintiffs, by and through their attorney, with a Motion for Sanctions. This Motion is brought pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and is supported by the pleadings and records in this matter and by the declaration submitted herewith. For the reasons stated below, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion, strike the answers of and enter judgment by default against JUNG JIN CORPORATION and ASIA ENTERPRISES, INC.

## MEMORANDUM IN SUPPORT OF MOTION

This Honorable Court entered an order granting the withdraw of Stephen J. Nutting on March 3, 2006. In that Order, this Court admonished the defendants that corporations cannot appear *pro se* in federal court. The corporate defendants were given until 3:30 p.m. March 17, 2006

to retain counsel and to have said counsel file a notice of appearance with this court. As of the date of the filling of this Motion, the corporate defendants have failed to retain new counsel and no one has filed a notice of appearance for the two corporate defendants. This Court indicated that such a failure to secure counsel may result in sanctions, including entry of default.

## I. DEFAULT JUDGMENT IS APPROPRIATE AS A SANCTION FOR FAILURE TO ACQUIRE COUNSEL AS ORDERED BY THIS COURT

Default may be entered by the Court as a sanction for misconduct arising from the failure to acquire counsel despite orders by the district court to do so. *See, e.g., Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2nd Cir. 1991)(willful disregard to appear through counsel rather than layperson). The entry of a default judgment has also been found to be "perfectly appropriate" where a defendant fails to secure counsel for the duration of litigation. *United States v. High County Broadcasting Company, Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

A party seeking a default judgment must state a claim upon which it may recover. *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172 (C.D. Cal. 2002). After a default has been entered by the court clerk, the well-pleaded factual, allegations of the complaint are taken as true, except for those allegations relating to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *Discovery Communications, Inc. v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001). Plaintiff is required to prove all damages sought in the complaint. In addition, "[a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]." Fed. R Civ. P. 54(c). In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R Civ. P. 55(b)(2).

## II. PLAINTIFFS' CLAIMS FOR DAMAGES

Plaintiffs' burden in "proving up" damages is relatively lenient. If proximate cause is properly alleged in the complaint, it is admitted upon default. *Greyhound Exhibitgroup, Inc. v.*

*E.L.U.L Reality Corp.*, 973 F.2d 155, 159 (2nd Cir. 1992). Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled. *Wu v. Ip*, 1996 U.S. Dist. LEXIS 10658, No. C93-4467 FMS, 1996 WL 428342 at *1 (N.D. Cal. 1996) (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 159). However, if the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. America*, 980 F.2d 1261, 1267 (9th Cir. 1992).

A.  Fair Labor Standards Act Overtime Claims and Liquidated Damages:

In the Commonwealth, any employer who violates the provisions of section 207 of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") shall be liable to the employee or employees affected in the amount of their unpaid overtime compensation and in an additional equal amount as liquidated damages. 29 U.S.C. §§ 216(b). "Liquidated damages are compensatory, not punitive in nature." *E.E.O.C. v. First Citizens Bank of Billings*, 758 F.2d 397, 403 (9th Cir. 1985), *cert. den'd*, 474 U.S. 902, 88 L. Ed. 2d 228, 106 S. Ct. 228 (1985). The FLSA originally made such damages mandatory. *See Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 581, 62 S. Ct. 1216, 1220, 86 L. Ed. 1682 (1942). However, the Portal-to-Portal Act, 29 U.S.C. §§ 260 *et seq.*, made doubling discretionary rather than mandatory by permitting a court to withhold liquidated damages in an action to recover unpaid minimum wages "if the employer shows . . . that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]."[1]

---

[1] However, there is still "a strong presumption in favor of doubling." *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 310 (7th Cir. 1986).

Page 3 of 8

An employer bears a "substantial burden" in proving this defense, which contains what have been described as subjective and objective components. *Brock v. Shirk*, 833 F.2d 1326, 1330 (9th Cir. 1987), *vacated on other grounds*, 488 U.S. 806 (1988). "To satisfy the subjective 'good faith' component, the [County was] obligated to prove that [it] had 'an honest intention to ascertain what [the FLSA] requires and to act in accordance with it.'" *Shirk*, 833 F.2d at 1330 (quoting *First Citizens Bank*, 758 F.2d at 403). If the employer fails to meet this burden, a court must award liquidated damages. *Id.* at 1331; *First Citizens Bank*, 758 F.2d at 403. "Double damages are the norm, single damages the exception." *Chao v. A-One Medical Services, Inc.*, 346 F.3d 908, 919-20 (9th Cir. 2003) quoting *Local 246 Util. Workers Union v. S. Cal. Edison Co.*, 83 F.3d 292, 297 (9th Cir. 1996).

In *Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003) the court stated:

> To satisfy § 260, a FLSA-liable employer bears the "difficult" burden of proving both subjective good faith and objective reasonableness, "with double damages being the norm and single damages the exception." *Herman*, 172 F.3d at 142 (citing *Reich v. S. New Eng. Telecomm. Corp.*, 121 F.3d 58, 71 (2nd Cir. 1997)); *see also Dole v. Elliott Travel & Tours*, 942 F.2d 962, 968 (6th Cir. 1991). Where the employer "fails to carry that burden," we have noted, "liquidated damages are mandatory." *Local 246*, 83 F.3d at 29 (citations omitted).
>
> IBP "failed to take the steps necessary to ensure [its] [ ] practices complied with [FLSA]." *Herman*, 172 F.3d at 142. Mistaking ex post explanation and justification for the necessary affirmative "steps" to ensure compliance, IBP offers no evidence to show that it *actively endeavored to ensure such compliance*.

(emphasis added).

In a case from the Ninth Circuit the same year, the court held:

> Even if we were to ignore our finding of willfulness, there are not sufficient facts to support a finding of good faith on the part of the Appellants. If, for example, the Appellants had secured some objective authority, or at the very least sought advice, on the legality of treating A-One and Alternative as separate employers for the purpose of calculating overtime, we would have a different case. *See, e.g., Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 841 (6th Cir.2002) ("Nor has [the defendant] suggested that it was relying on the expertise or opinion of any other person or entity with knowledge of the FLSA regulations, including its attorney or the Department of Labor."); *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 641 (5th Cir.2001) (approving a finding of good faith where the employer consulted with the Department of Labor.) Black's reckless belief that formal separation of the two entities would justify nonpayment of overtime wages is legally insufficient as a good faith defense.

*Chao v. A-One Medical Services, Inc.*, 346 F.3d at 920.

Additionally, here the Plaintiffs' complaint alleges in ¶ 40 that all of the actions and omissions were willful. This now being deemed admitted would allow this Court a further basis to award liquidated damages. In any case: "[Even] [a] finding that the employer did not act willfully does not preclude an award of liquidated damages." *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir.1990)(citation omitted). *See also Peters v. City of Shreveport,* 818 F.2d 1148, 1167 (5th Cir. 1987), *cert. den'd*, 485 U.S. 930, 99 L. Ed. 2d 264, 108 S. Ct. 1101 (1988).

B.   **Statutory Liquidated Damages for Breach of Contract:**

> In any action taken directly by or on behalf of a nonresident worker, notwithstanding any other remedies that may apply the worker that prevails in such action shall recover unpaid wages and overtime compensation, an additional equal amount as liquidated damages, and court costs. In all cases the court shall, as part of the judgment, render a finding as to the merits of the action. The filing of an action which is determined by the court to be unfounded or without merit shall be considered a material breach of contract and shall prevent reentry into the Commonwealth by the nonresident worker in the event the nonresident worker

attempts reentry into the Commonwealth within five years from the date of the court's decision. Any employer who violates the provisions of this chapter or breaches an employment contract with a nonresident worker, in addition to any other damages which may be awarded the nonresident worker by the court, shall be awarded reasonable attorney fees. However, attorney fees shall not be recoverable against the Commonwealth.

3 C.M.C. § 4447(d) (2000).

Here, under both the FLSA and for their breach of contract claims, Plaintiffs are entitled, as a matter of law, to the following damages:

1. Their respective claims for wages, including overtime premiums due, for all hours worked less wage payments received free and clear;

2. Their respective claims for their for the defendants' breach of Plaintiffs' employment contracts, including damages for unpaid wages at the contractual rate, prospective contract wages, the return of illegal deductions, liquidated damages, costs and reasonable attorney's fees, where applicable;

3. Their respective claims for liquidated damages under the FLSA; and

4. Their claim for a reasonable attorney's fee and costs of this action under the FLSA.

These damages are detailed and calculated in Exhibit "A" to the Declaration of Counsel for Plaintiffs, and in the declarations of the Plaintiffs and the exhibits thereto, submitted herewith. The amount of damages due to the plaintiff Lin Ying Hua is $47,662.52, Plaintiff Xu Jing Ji in the amount of $38,857.28 and Plaintiff Li Zheng Zhi in the amount of $81,773.00 for a total amount of the judgement for $168,292.80. This figure is exclusive of the reasonable attorneys fee and costs of this action.

## III. JOINT AND SEVERAL LIABILITY

After a default has been entered by the court clerk, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *Discovery Communications, Inc. v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001).

In this matter, the Plaintiffs have alleged in their Complaint, among other allegations, that JUNG JIN and ASIA were joint employers and successors in interest to one another and that JUNG JIN and ASIA are jointly and severally liable for the Plaintiffs' claims. Complaint, ¶¶ 14-15. The defendants are further alleged to be an "enterprise" within the meaning of § 203(r)(1) of the FLSA. Complaint, ¶ 25. This Court, in taking the well pled allegations in the Plaintiffs' Complaint as true, should find that these defendants are jointly and severally liable.

## CONCLUSION

For the above state reasons, the Plaintiffs respectfully requests that this Court grant this Motion for Sanctions, striking the answers of the defendants JUNG JIN CORPORATION and ASIA ENTERPRISES, INC., and entering judgment by default against the two defendants awarding damages to Plaintiffs in the amount of $168,292.80, plus an award of reasonable attorneys' fees and costs of this action, and that the two defendant corporations be held jointly and severely liable for these amounts together with post judgment interest at the legal rate. In the alternative, the Plaintiffs would respectfully request that this Court strike their answers, enter judgment by default against these two defendants, finding them jointly and severally liable for damages, and hold an

evidentiary hearing to establish Plaintiffs' damages or any other facts if the Court deems Plaintiffs' declarations submitted herewith and other evidence in the record insufficient to establish any necessary fact or facts.

Respectfully submitted this 21st day of April, 2006.

MARK B. HANSON, ESQ.
First Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:   (670) 233-8600
Facsimile:    (670) 233-5262

Attorney for Plaintiffs