F I L E D
Clerk
District Court

JUN 2 0 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, *et al.*,<br><br>　　　　　Plaintiffs<br><br>　　v.<br><br>JUNG JIN CORPORATION, a corporation of the Commonwealth of the Northern Mariana Islands; ASIA ENTERPRISES, a corporation of the Commonwealth of the Northern Mariana Islands; PARK HWA SUN; and, KIM HANG KWON,<br><br>　　　　　Defendants | Civil No. 05-0019<br><br>ORDER DISMISSING COMPLAINT, WITHOUT PREJUDICE, AS TO DEFENDANTS KIM KI SUNG and KSK CORPORATION |

THIS MATTER came before the court on Monday, June 19, 2006, for hearing of Kim Ki Sung and KSK Corporation's objection to the first amended complaint. Plaintiffs appeared by and through their attorney, Mark B. Hanson; Kim Ki Sung and

KSK Corporation appeared by and through their attorney, Robert T. Torres. Pro se defendant Kim Hang Kwon arrived late to the hearing and was not heard.[1]

The arguments of the parties are relatively straightforward. Plaintiffs claim that Kim Ki Sung and KSK Corporation "took over" the other defendants' poker machine and laundry businesses, and thus, as successors, inherited the business' liabilities, including the wage claims which form the basis of their lawsuit. Kim Ki Sung and KSK Corporation argue, respectively, that Kim Ki Sung has not been shown to be the "alter ego" of his corporation, KSK, and KSK Corporation should not be held liable for plaintiffs' claims because it simply took over defendants' business assets in an attempt to recoup monies loaned to the original defendants.

For the reasons below, the court dismisses the first amended complaint, without prejudice. The court concludes that at this stage in the proceedings, plaintiffs have not met their burden of showing that Kim Ki Sung and KSK Corporation should be held liable as "successors."

---

[1] As noted in its previous order, some confusion was created by the court's *sua sponte* order granting plaintiffs' motion to file a first amended complaint naming Kim Ki Sung and KSK Corporation as additional defendants. The court granted the motion before the scheduled hearing date for it, because there had been no objection filed. Shortly thereafter, defendants KSK Corporation and Kim Ki Sung filed an objection to the the amended complaint. After the court received the objection, and in the interests of fairness to all parties, it deemed it a motion to strike or dismiss the first amended verified complaint, and set this hearing.

In Steinbach v. Hubbard, 51 F.3d 843, 845 (9th Cir. 1995), the court addressed a situation similar to the one currently before the court. There, the court considered whether successorship liability exists under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* The court concluded that it did, but not on the facts of that case.

In Steinbach, FLSA claims were filed in 1991 against Hubbard, an ambulance services company, and its husband and wife owners ("Hubbard"). Before that time, Hubbard had filed for bankruptcy but continued operating. After the FLSA lawsuit had been filed, Hubbard and Care Ambulance entered into negotiations for sale of Hubbard's assets to Care Ambulance. Care Ambulance knew of the FLSA lawsuit and of Hubbard's opinion that the claims were meritless. Because the parties believed they would need the bankruptcy court's ratification for an outright sale, they agreed that Care would lease all of Hubbard's assets and employ Mr. Hubbard, with an agreement to buy Hubbard if the court approved. Hubbard then ceased operations, which were taken over the next day by Care Ambulance. Care rehired nine of Hubbard's twelve employees when it took over, of whom only one was an original plaintiff. The Hubbard/Care Ambulance sale was not approved by the bankruptcy court. Care discontinued its efforts to buy Hubbard's assets and returned all that were in its possession. Plaintiffs moved to amend their complaint to add Care Ambulance as a defendant, on the theory that it was a successor to Hubbard and

could be held liable for the FLSA violations. The district court granted summary judgment in Care Ambulance's favor and certified an interlocutory appeal.

The Ninth Circuit began by recognizing that although the FLSA does not expressly address the issue of successorship liability, the National Labor Relations Board and federal courts have developed a "federal common law successorship doctrine" that extends to almost every employment law statute, in order to meet the goal of Congress that employees be protected. *Id.* at 845. The court also recognized that successorship liability's roots lie in equity, which requires a balancing of the interests of the affected parties, based on the particular facts of each case. *Id.* at 846. The Ninth Circuit borrowed the test developed by the NLRB: successor liability can be found when (1) the subsequent employer was a bona fide successor and, (2) the subsequent employer had notice of the potential liability (here, created by the allegations of unpaid wages). The court will consider numerous factors in making its determination. *Id.* at 846-848.

Although the record here is more complete than for many motions at this stage in the proceedings, the court concludes that it does not yet have sufficient information before it to justify the addition of Kim Ki Sung and KSK Corporation as defendants. In particular, there is not enough information about Ms. Park Hwa Sun's whereabouts, *pro se* defendant Kim Hang Kwon's potential liability for full payment of the alleged unpaid wages, and "the extent to which the predecessor is able to

provide adequately relief directly." *Id.* at 846. Finally, the court has not yet had the benefit of hearing testimony so as to be able to observe the demeanor of the various parties, which will aid it greatly in this fact-intensive process.

Accordingly, the first amended complaint is dismissed, without prejudice to being re-filed.

IT IS SO ORDERED.

DATED this 20th day of June, 2006.

_____
ALEX R. MUNSON
Judge