# Exhibits

| # | | | | |
|---|---|---|---|---|
| 1 | | $60,000.00 | 2004.11.30 | 비고 |
| 2 | | $60,000.00 | 12.30 | |
| 3 | | $60,600.00 | 2005.1.30 | |
| 4 | | $61,200.00 | 2.30 | |
| 5 | | $61,800.00 | 3.30 | |
| 6 | | $62,400.00 | 4.30 | |
| 7 | | $63,000.00 | 5.30 | |
| 8 | | $63,600.00 | 6.30 | |
| 9 | | $64,200.00 | 7.30 | 패션 네비힐 |
| 10 | | $64,800.00 | 8.30 | |
| 11 | | $65,400.00 | 9.30 | |
| 12 | | $66,000.00 | 10.30 | |
| 13 | | $66,600.00 | 11.30 | |
| 14 | | $67,200.00 | 12.30 | |
| 15 | | $67,800.00 | 2006.1.30 | |
| 16 | | $68,400.00 | 2.30 | |
| 17 | | $69,000.00 | 3.30 | |
| 18 | | $69,600.00 | 4.30 | |
| 19 | | $70,200.00 | 5.30 | |
| 20 | | $70,800.00 | 6.30 | |
| 21 | | $71,400.00 | 7.30 | |
| 22 | | $72,000.00 | 8.30 | |
| 23 | | $72,600.00 | 9.30 | |
| 24 | | $73,200.00 | 10.30 | |
| 25 | | $73,800.00 | 11.30 | |
| 26 | | $74,400.00 | 12.30 | |
| 27 | | $75,000.00 | 2007.1.30 | |
| 28 | | $75,600.00 | 2.30 | |
| 29 | | $76,200.00 | 3.30 | |
| 30 | | $76,800.00 | 4.30 | |
| 31 | | $77,400.00 | 5.30 | |

1. 곗날은 매월 30일로 한다. <곗돈은 잘 내지 않을 경우 그달에 태워 주지 않는다.>

2. 곗돈은 꼭 현찰이어야 한다.<TC,수표는 절되 안 됨, 보증인을 세운다.>

3. 곗돈은 PM : 12 ~ 1시 사이에 갖고 오지 않을 경우 벌금 $ 30.00 추가한다.

4. 매월 30일이 추석 , 구정 , 일요일 경우에만 다음 날로 한다.

5. 곗날 계원이 사이판 출타시 계주나 아는 사람에게 맡기고 계주에게 연락한다.

EX A.

```
                    CNMI Tax System Release 6.0
           Commonwealth of the Northern Mariana Islands
                       Commonwealth Treasury
                       Department of Finance
                       P.O. Box 5234 CHRB
                        Saipan, MP 96950

                       OFFICIAL CASH RECEIPT
                                                   Receipt No.: 001294639
Payment Entered:  6/03/2005

Received From: ASIA ENT., INC.

Received By  : REVLMC1      Date:  6/03/2005  10:48:18

Payment to Account(s):

    Game of Chance                      3319 41620              12,000.00
    Saipan Local Law 13-8/2005-P-0037


Payment(s) Tendered:
    American Express         371579519691004
    American Express         371578785091006

                                        TOTAL . . . . . . . :   12,000.00


            *** KEEP THIS RECEIPT FOR YOUR RECORDS ***
```

01721

EXB

CNMI Tax System Release 6.0
Commonwealth of the Northern Mariana Islands
Commonwealth Treasury
Department of Finance
P.O. Box 5234 CHRB
Saipan, MP 96950

OFFICIAL CASH RECEIPT

Date Entered: 9/14/2005                                    Receipt No.: 001722

Received From: ASIA ENT., INC

[illegible]              Date: 9/14/2005   9:43:02

[illegible] Account(s):

[illegible] Charge                          1000-41620                    12,000.00
[illegible] Sanction Fee for 3 months/LIC#2005-P-0037

[illegible]
American Express                 371579519691004

                                            TOTAL . . . . . . . . . .   12,000.00

*** KEEP THIS RECEIPT FOR YOUR RECORDS ***

01722

BILL OF SALE    01/01/06

This Agreement is on the 1th day jan 2006 by and between ''JUNG JIN CORP- owner, Sells and transfers it's right and ownership of Poker Machines to K S K corporation and consideration hereof, acknowledge the receipt of twentysex thousand US dollars($26,000) and described as follows,

Serial#

| | | | |
|---|---|---|---|
| 1,816858 | 3191 | 8, 812927 | 3198 |
| 2,815493 | 3192 | 9, 822707 | 2893 |
| 3,397236 | 3193 | 10,813838 | 2902 |
| 4,822982 | 3194 | 11,811642 | 2900 |
| 5,822692 | 3195 | 12,822687 | 2903 |
| 6,822691 | 3196 | 13,822695 | 2899 |
| 7,822723 | 3197 | | |

Hwa sun park                           kim ki sung    (MANAGER)

Jung jin corp                           k s k corp

Seller                                  buyer                    01718

EX D

< 차용증서 >

본인 박화선은 JUNG JIN CORP의 대표로서 웰컴 세탁소 및 포저장을 운영권 단보로 하고 김기성 으로부터 $100,000을 차용합니다.

지불일자는 2005년 12월 1일 까지 (1년 상환) 이며 만약 지불일자를 지키지 못할시 2005년 12월 2일자로 부터 단보물 인제준 권리행사를 포기함으로 동시에 어떠한 법적 책임로 묻지 않기로 서약하고 차용합니다.

2004. 12. 1

서약인 : 정신 (박화선)  Dan Hwa Sun

01720

EX E

< 차용 내역서 >

1차 : 2004. 12. 1   $100.000
2차 : 2005. 6. 3   $12.000 (새로차용)
3차 : 2005. 9. 14   $12.000 ( " )

   TOTAL : $124.000

01719

EX F




00-011

COMMONWEALTH OF THE NORTHERN )
 MARIANAS )
SAIPAN, MARIANA ISLANDS )ss:
 )
 )

## AUTHORIZATION TO SUB-LEASE

This is to authorize PARK, HWA SUN and JUNG JIN CORPORATION to sub-Lease our Lease Agreement, dated the 30th of December, 1999, File No. 00-018, Bk 10, Page 82, dated January 4, 2000, and Lease Agreement dated the 30th of December, 1999, File No. 00-017, Bk. 10, Page 82, dated January 4, 2000, for the remaining four (4) years Lease that will expired on December 30, 2009, to KIM, SUNG EUN of KSK CORP., of KOREA, whose address and presently doing businesses in Saipan, Commonwealth of the Northern Mariana Islands, P. O. Box 502926, Saipan, MP, and phone no. (Cel) 287-5077, (Home) 235-8038, PROVIDED, that no changes or amendments will be made as filed with the Recorder's Office in Saipan, Commonwealth of the Northern Mariana Islands.

SUB-LESSEE has the option for an additional ten (10) years Lease Agreement With a direct Lease Agreement with the LESSOR upon the completion of SUB-LEASE.

01698

EX H

IN WITNESS WHEROF, the parties have hereunto set their respective signatures As of the date and year stated below:

DATED THIS 70TH DAY OF DECEMBER, 2005.

LESSOR:

_____
LUCY ANN TUDELA SABLAN

WITNESS:

_____
JO ANN TUDELA SABLAN

LESSEE:

_____
PARK, HWA SUN-JUNG JIN CORP.
The Authorized Representative

SUB-LESSEE:

_____
KIM, SUNG EUN-KSK CORP.
The Authorized Representative

Commonwealth of the Northern       )
Mariana Islands                    )ss:   ACKNOWLEDGEMENT
Saipan, Mariana Islands            )
                                   )

On this 30th day of DECEMBER, 2005, before me, in and for the Common-Wealth of the Northern Mariana Islands, personally appeared LUCY ANN TUDELA SABLAN, PARK, HWA SUN authorized representative of JUNG JIN CORP., and KIM, SUNG EUN authorized representiave of KSK CORP., known to me to be the Persons whose names and signatures arehereinabove affixed and subscribed to the Foregoing statements and have acknowledged to me that they have executed the same Instrument in their own free will, acts and deeds.

IN WITNESS WHEREOF, I have hereunto set my name, signature and official Seal, the date last above written, in Saipan, Commonwealth of the Northern Mariana Islands.

_____
NOTARY PUBLIC

//
//

Page 2 of 2 pages



OFFICIAL SEAL
MARIAN DLG. TUDELA
NOTARY PUBLIC
IN AND FOR THE COMMONWEALTH OF THE
NORTHERN MARIANA ISLANDS
MY COMMISSION
EXPIRES:  May 23, 2006

01699

## BILL OF SALE

January 1, 2006

This Agreement is entered on this 1st day of January 2006, at Saipan, CNMI by and between Jung Jin Corporation-Owner, sells and transfer it's right and ownership of fifty five (55) Laundry machines to KSK Corporation and in consideration hereof, acknowledge the receipt of ONE HUNDRED THOUSAND US Dollars ($100,000.00) as payment for the attach descriptions and number of the laundry machines.

(Signed)                                                            (Signed)

_____                          _____
Park, Hwa Sun                                                  Kim, Sung Eun
Jung Jin Corporation                                       KSK Corporation
(SELLER)                                                         (BUYER)

01723

EX I

&lt;LAUNDRY MACHINE&gt;    01/01/06

| Brand | No | SERIAL No | No | SERIAL No | No | SERIAL No |
|---|---|---|---|---|---|---|
| Speed Queen DRY | 1 | XTEK 9608046884 | 25 | CR 2745862 | 49 | CL 2602178 |
| " | 2 | " 9412025101 | 26 | CR 2745883 | 50 | CP 3823062 |
| " | 3 | " 9412025102 | 27 | CR 2745849 | 51 | CM 0107108 |
| " | 4 | " 9412025104 | 28 | CR 2745874 | 52 | X |
| " | 5 | " 9608046885 | 29 | CR 3323065 | 53 | CL 4806526 |
| " | 6 | " 9608046886 | 30 | CR 2745848 | 54 | CL 3103434 |
| " | 7 | DTCK 9609061820 | 31 | CR 2745859 | 55 | CL 3103305 |
| " | 8 | " 9609061821 | 32 | CR 2745880 | | |
| " | 9 | " 9609061822 | 33 | CR 4453269 | TOTAL | 55 MACHINE |
| " | 10 | " 9609061827 | 34 | CR 4453283 | | |
| Whirlpool | 11 | MC 3801629 | 35 | CR 4452651 | | |
| " | 12 | MC 3801662 | 36 | CR 4453270 | | |
| Speed Queen | 13 | DTCK 9909028019 | 37 | CR 4453279 | | |
| " | 14 | " 9909014291 | 38 | CR 4453319 | | |
| " | 15 | " 9909014292 | 39 | X | | |
| " | 16 | " 9909028009 | 40 | CR 4453276 | | |
| " | 17 | 0108003614 | 41 | CR 4453268 | | |
| Speed Queen Washing | 18 | 0396080041 | 42 | CR 4453275 | | |
| " | 19 | 0396078778 | 43 | CR 4453267 | | |
| " | 20 | M0100163569 | 44 | CR 4452706 | | |
| " | 21 | M1198159714 | 45 | CR 4453305 | | |
| Whirlpool | 22 | CR 2745875 | 46 | CL 2602192 | | |
| " | 23 | CR 2745871 | 47 | CL 2602202 | | |
| Washing | 24 | CR 2745881 | 48 | CL 2602294 | | |

01724


ORIGINAL

## ANNUAL CORPORATION REPORT

2005 MAR -1 PM 1:07

Filing Fee $50.00 / Make Check Payable to: CNMI TREASURER
File Original and Two Copies

FILING: THE INITIAL REPORT MUST BE FILED WITHIN 60 DAYS OF INCORPORATION.
ANNUAL REPORT MUST BE FILED ON OR BEFORE MARCH 1ST OF EACH YEAR.

FILE WITH: REGISTRAR OF CORPORATIONS
Department of Commerce
2nd Floor, Joeten Dandan Building Room 27
Caller Box 10007
Saipan, MP 96950

INITIAL REPORT: _____   REPORT FOR THE YEAR  2004
CHECK ONE:   (XX) Domestic Corporation   (  ) Foreign Corporation

/222259

Name, Mailing Address & Telephone No. of Corporation:   (Attach map showing location if address is only a P.O. Box)
KSK Corporation
PMB # 234 Box 10001,
Saipan, MP 96950

Telephone Number: __670-234-2331__

Name, Mailing Address & Telephone No. of Registered Agent:   (Attach Map showing location if address is only a P.O. Box)
Carolina Castro
PO Box # 503500 CK,
Saipan, MP 96950

Telephone Number: __670-235-5442__

LIST OF DIRECTORS:

| Name | Nationality | Address |
|---|---|---|
| Kim, Sung Eun | Korean | PMB # 234 Box 10001, Saipan, MP 96950 |
| Kim, Ok Ja | Korean | PMB # 234 Box 10001, Saipan, MP 96950 |

LIST OF OFFICERS:

| Name | Position | Nationality | Address |
|---|---|---|---|
| Kim, Sung Eun | President/Secretary | Korean | Same as Above |
| Kim, Ok Ja | V-President/Treasurer | Korean | Same as Above |

DESCRIPTION OF BUSINESS ACTIVITIES - List all lines of business:
Trade, amusement, poker game room, retail

STOCK ISSUED AND OUTSTANDING:

| Number of Shares | Class of Shares | Amount Paid for Shares |
|---|---|---|
| 200,000 shares | Common Stock | $ 20.00 per share |

| NAME OF SHAREHOLDERS | IMMIGRATION STATUS | NATIONALITY | NUMBER OF SHARES HELD |
|---|---|---|---|
| Kim, Sung Eun | LTBEP | Korean | 180,000 shares |
| Kim, Ok Ja | Off-Island | Korean | 20,000 shares |

Signature: _____
Kim, Sung Eun - President
PRINT NAME & TITLE OF PERSON SIGNING
(Must be Director or Officer of the Corporation.)

Date: 02/28/05

EX Js 054

AO88 (Rev. 1/94) Subpoena in a Civil Case

COPY of Original Filed on this date

## Issued by the
## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

FEB - 2 2006

Clerk
District Court
for The Northern Mariana Islands

LI YING HUA, LI ZHENG ZHE and XU JING JI, Plaintiffs,

V.

JUNG JIN CORP., ASIA ENTERPRISES, INC., PARK HUA SUN and KIM HANG KWON, Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   CV 05-00019

TO:  KIM SUNG EUN
     PMB 234, P.O. Box 10,001
     Saipan, Mariana Islands 96950

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Office of Mark B. Hanson, Attorney at Law, First Floor, Macaranas Building, Beach Road, Garapan, Saipan, CNMI | 3/9/2006 10:30 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

DOCUMENTS SPECIFIED IN ATTACHMENT A.

| PLACE | DATE AND TIME |
|---|---|
| Office of Mark B. Hanson, Attorney at Law, First Floor, Macaranas Building, Beach Road, Garapan, Saipan, CNMI | 3/3/2006 4:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Attorney for Plaintiff | 2/1/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark B. Hanson, Esq., First Floor, Macaranas Building, Beach Road, Garapan   (670) 233-8600
PMB 738, P.O. Box 10,000, Saipan, Mariana Islands 96950                       (670) 233-5262 (facsimile)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

EX K

AO88 (Rev. 1/94) Subpoena in a Civil Case

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 2/2/06  8:00 a.m. | Welcome Laundry, Susupe Saipan, Mp 96950 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Mr. Kim Sung Eun | | Personlly-hand delivered this document with a check for $45.00 |
| SERVED BY (PRINT NAME) | | TITLE |
| Rowena J. De Vera | | Administrative Asst. |

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   Feb. 2, 2006
                  DATE

SIGNATURE OF SERVER

PMB 738, Box 10,000, Saipan, MP 96950
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the minmdemanding party to contest the claim.

# ATTACHMENT A

Wherever located, and of whatever date, all of the following documents within your possession, custody or control:

1. All PROMISSORY NOTES and all other documents evidencing an indebtedness of Asia Enterprises, Inc. and/or Jung Jin Corporation and/or Kim Hang Kwon and/or Park Hwa Sun to Kim Sung Eun, KSK Corporation and/or any business or entity or other third party owned or controlled by Kim Sung Eun and/or KSK Corporation;

2. All documents evidencing any and all MORTGAGES and/or SECURITY AGREEMENTS and/or PLEDGES and/or GUARANTEES and/or any agreements providing COLLATERAL for loans, given or granted by Asia Enterprises, Inc. and/or Jung Jin Corporation and/or Kim Hang Kwon and/or Park Hwa Sun to Kim Sung Eun, KSK Corporation and/or any business or entity or other third party owned or controlled by Kim Sung Eun and/or KSK Corporation;

3. If any of the above-documents indicate any obligations owed, in whole or in part, to any corporation, partnership or limited liability company, provide all annual reports for the entity, all articles of incorporation or organization, partnership agreements, bylaws, or operating agreements, minutes of meetings, written consent actions, any amendments to any of the foregoing documents, and any and all other documents related to the governance of said entity or entities;

4. All LEASE AGREEMENTS and all other documents evidencing an interest in land received from Asia Enterprises, Inc. and/or Jung Jin Corporation and/or Kim Hang Kwon and/or Park Hwa Sun by Kim Sung Eun, KSK Corporation and/or any business or entity or other third party owned or controlled by Kim Sung Eun and/or KSK Corporation;

5. All LEASE AGREEMENTS and all other documents evidencing an interest in land granted to Asia Enterprises, Inc. and/or Jung Jin Corporation and/or Kim Hang Kwon and/or Park Hwa Sun by Kim Sung Eun, KSK Corporation and/or any business or entity or other third party owned or controlled by Kim Sung Eun and/or KSK Corporation;

6. All CONTRACTS, AGREEMENTS, or arrangements by and between Asia Enterprises, Inc. and/or Jung Jin Corporation and/or Kim Hang Kwon and/or Park Hwa Sun and Kim Sung Eun, KSK Corporation and/or any business or entity or other third party owned or controlled by Kim Sung Eun and/or KSK Corporation;

7. All evidence of PAYMENTS, whether in cash, or with other tangible or intangible property, real or personal, made by Asia Enterprises, Inc. and/or Jung Jin Corporation and/or Kim Hang Kwon and/or Park Hwa Sun to Kim Sung Eun, KSK Corporation and/or any business or entity or other third party owned or controlled by Kim Sung Eun and/or KSK Corporation.