STEPHEN J. NUTTING, ESQ.
WHITE & NUTTING, LLC
P. O. Box 5222
Saipan, MP 96950
Telephone:    (670) 234-6547
Facsimile:    (670) 234-9537

Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

LI YING HUA, LI ZHENG ZHE and XU JING JI,

        Plaintiffs,

vs.

JUNG JIN CORPORATION, a CNMI corporation, ASIA ENTERPRISES INC., a CNMI corporation, PARK HWA SUN and KIM HANG KWON,

        Defendants.

CASE NUMBER CV 05-0019

ANSWER TO PLAINTIFF XU JING JI'S FIRST INTERROGATORIES TO DEFENDANTS

COME NOW, defendants, Jung Jin Corporation, Asia Enterprises Inc., Park Hwa Sun, and Kim Hang Kwon, to answer plaintiff Xu Jing Ji's First Interrogatories as follows:

Interrogatory Number 1:    Please DESCRIBE IN DETAIL the actual number of hours YOU contented (SIC) PLAINTIFF worked for YOU each day from November 25, 2001 to April 25, 2005.

Answer:    Defendants object to the form of the question in that it seeks to encompass each of the defendants as the employer of the plaintiff propounding the interrogatories. Defendants further object to the form of the question in that the interrogatory

-1-

RECEIVED DEC 1 5 2005

suggests that the individual defendants were the employers of the propounding plaintiff. Defendants further object that the request is overbraoad and seeks information beyond the stature of limitations. Moreover, records reflect that the propounding plaintiff did not work during the entire period encompassed in the interrogatory. Notwithstanding the foregoing objections, defendants answers the interogatory as follows:

The propounding plaintiff worked 12 hours per day 7 days a week throughout the period of her employment, not counting absences for illness, breaks etc.

Interrogatory Number 2: Please IDENTIFY any and all DOCUMENTS that RELATE TO the verification of, or proof of , or evidence of, or other indicia of the actual number of hours YOU contented PLAINTIFF worked for YOU each day from November 25, 2001 to April 25, 2005.

Answer:   Defendants object to the form of the question in that it seeks to encompass each of the defendants as the employer of the plaintiff propounding the interrogatories. Defendants further object to the form of the question in that the interrogatory suggests that the individual defendants were the employers of the propounding plaintiff. Defendants further object that the request is overbraoad and seeks information beyond the stature of limitations. Moreover, records reflect that the propounding plaintiff did now work the period encompassed in the interrogatory. Notwithstanding the foregoing objections defendants answers the interrogatory as follows:
Defendant's have no records which accurately reflect the actual number of hours propounding plaintiff worked for the corporate defendants.

Interrogatory Number 3:   Please IDENTIFY all of YOUR EMPLOYEES for the period from

January 2001 to the present, whether or not those employees were EMPLOYED by YOU for any or all of that period of time.

Answer: Defendants object to the form of the question in that it seeks to encompass each of the defendants as the employer of the plaintiff propounding the interrogatories. Defendants further object to the form of the question in that the interrogatory suggests that the individual defendants were the employers of the propounding plaintiff. Defendants further object that the request is overbraoad and seeks information beyond the stature of limitations. Moreover, records reflect that the propounding plaintiff did now work the entire period encompassed in the interrogatory. Defendants further object in that the interrogatory burdensome in respect that it seeks information relative to each individual which is not in defendants possession. Notwithstanding the foregoing objections defendants answers the interogatory as follows:

See listing of employees and non-resident workers produced in response to Plaintiff's request for production No. 7.

Interrogatory Number 4: Please state all ANY AND ALL FACTS that you support YOUR affirmative defense that PLAINTIFF's claims, or any of them, fail to state a claim upon which relief can be granted as alleged in YOUR Verified Answer filed on July 12, 2005.

Answer: Propounding plaintiff's complaint seeks to recover wages from individuals who were not the employer of propounding plaintiff. Propounding Plaintiffs complaint fails to state a claim against defendants PARK HWA SUN and KIM HANG KWON who were not the employers of propounding plaintiff. Propounding plaintff also has no claim against Asia Enterprises, Inc. prior to January 21, 2005. Propounding plaintiff has no claim against Jung Jin Enterprises for the period after January 21, 2005.

Interrogatory Number 5:　　Please state all ANY AND ALL FACTS that support YOUR affirmative defenses of accord and satisfaction as alleged in YOUR Verified Answer filed on July 12, 2005.

Answer:　　To avoid being restricted to a forty (40) hour workweek. Propounding plaintiff asked to be allowed to work extra hours on a salary basis. Propounding plaintiff agreed to work up to 84 hours per week for a base salary of $700 per month. Defendants agreed to put propounding plaintiff on a salary and paid the salary agreed.

Interrogatory Number 6:　　Please state all ANY AND ALL FACTS that support YOUR affirmative defense that PLAINTIFF breached his employment contract as alleged in YOUR Verified Answer filed on July 12, 2005.

Answer:　　Prior to leaving defendant Asia Corporation's employ, a number of employees of Asia Corporation and Jung Jin Enterprises were advised that as a result of defendant Asia Corp's downturn in business, that they should seek a transfer to another employer. They were further advised that if they remained with Asia corp. it was unlikely that their contracts would be renewed prior to expiration of the existing contract.

The following day, plaintiffs Li Zheng Zhe, and Xu Jiong Ji, did not report to work, nor did they returen to work thereafter. Plaintiff's Zhe and Xu encouraged other workers to walk off the job and to file a complaint against the defendants. Only plaintiff Li, Ying Hua. followed.

Propounding plaintiff left defendant Asia Corp's emlploy without cause and without providing the fifteen (15) day any notice, and without any good faith attempt to settle any dispute with the Director of Labor and defendant Asia Corp. as required under the contract.

Interrogatory Number 7: Please state all ANY AND ALL FACTS that support YOUR affirmative defense that PLAINTIFF lacks contractual privity with YOU, or with any particular defendant, as alleged in YOUR Verified Answer filed on July 12, 2005.

Answer: Propounding Plaintiff has no contractual relationship or contract of employment with defendant PARK HWA SUN.

Propounding Plaintiff has no contractual relationship or contract of employment with defendant KIM HANG KWON.

Interrogatory Number 8: Please state all ANY AND ALL FACTS that support YOUR affirmative defenses of improper joinder as alleged in YOUR Verified Answer filed on July 12, 2005.

Answer: Propounding Plaintiff has no contractual relationship or contract of employment with defendant PARK HWA SUN and PARK HWA SUN is improperly joined in this action.

Propounding Plaintiff has no contractual relationship or contract of employment with defendant KIM HANG KWON and KIM HANG KWON is improperly joined in this action.

The corporate defendants were not co-employers of the plaintiffs or any of them and they are improperly joined in this action.

Interrogatory Number 9: Please state all ANY AND FACTS that support that part of YOUR affirmative defense that YOU, at all material times, acted fairly, reasonably, justly, and in good faith with respect to the compensation of PLAINTIFF as alleged in YOUR Verified Answer filed on July

12, 2005.

Answer: To avoid being restricted to a forty (40) hour workweek. Propounding plaintiff asked to be allowed to work extra hours on a salary basis. Propounding plaintiff agreed to work extra hours for a base salary of $700 per month. Defendants agreed to put propounding plaintiff on a salary and paid the salary agreed.

Interrogatory Number 10: Please IDENTIFY any and all DOCUMENTS that RELATE TO the verification of, or proof of, or evidence of, or other indicia of the actual amount of money YOU paid, gave or provided to PLAINTIFF, for any reason whatsoever, from November 2001 to the present.

Answer: See Exhibits produced in response to Plaintiff's Request for Production No. 11, 12 and 13.

Interrogatory Number 11: Please state ANY AND ALL FACTS and other "discoverable information" that YOU believe is within the knowledge of Park Hwa Sun (an individual identified in YOUR Rule 26(a)(1) disclosures) that is in any way RELATED TO this lawsuit and/or PLAINTIFF's claims herein.

Answer: Objection, plaintiff's request is vague, overbroad and burdensome. Notwithstanding this objection, defendant Park Hwa Sun has information related to the employment of the propounding plaintiff, the work schedule of the propounding plaintiff, the terms and method of compensation, and the propounding plaintiff's wrongful abandonment of employment in breach of the employment contract.

Interrogatory Number 12: Please state ANY AND ALL FACTS and other "discoverable information" that YOU believe is within the knowledge of Kim Hang Kwon (an individual identified in YOUR Rule 26(a)(1) disclosures) that is in any way RELATED TO this lawsuit and/or PLAINTIFF's claims herein.

Answer: Objection, plaintiff's request is vague, overbroad and burdensome. Notwithstanding this objection, defendant Kim Hang Kwon has information related to the employment of the propounding plaintiff, the work schedule of the propounding plaintiff, the terms and method of compensation, and the propounding plaintiff's wrongful abandonment of employment in breach of the employment contract.

Interrogatory Number 13: Please IDENTIFY any and all persons who have or have had the responsibility and/or job duty to record, collect, compile, calculate or otherwise deal with the time any EMPLOYEE worked for any of the Defendants in this case at any time from January 2001 to the present.

Answer:
1. Park Hwa Sun    c/o 234-6547
2. Kim Hang Kwon   c/o 234-6547

Dated this 15th day of December, 2005.

_____
STEPHEN J. NUTTING
Attorney for Defendants

VERIFICATION

Park Hwa Sun, being duly sworn, deposes and says that she resides at Saipan, Commonwealth of the Northern Marianas Islands; that she is the president of Jung Jin Corporation, and that she and the defendant Jung Jin Corporation are both defendants in this action; that she is authorized by Jung Jin Corporation to verify these answers to interrogatories on behalf of the

corporation and that she also answers these interrogatories personally and on her own behalf; that she has read the foregoing answers to interrogatories and knows the contents, and those contents are true of her own knowledge, except as to the matters stated on information and belief, and as to those matters she believes them to be true.

Dated this 15th day of December, 2005.

_____
Park, Hwa Sun
Personally and on behalf of Jung Jin Corporation

Kim, Hang Kwon, being duly sworn, deposes and says that he resides at Saipan, Commonwealth of the Northern Marianas Islands; that he is the president of Asia Enterprises, Inc., and that he and the defendant Asia Enterprises, Inc. are both defendants in this action; that he is authorized by Asia Enterprises, Inc. to verify these answers to interrogatories on behalf of the corporation and that he also answers these interrogatories personally and on his own behalf; that he has read the foregoing answers to interrogatories and knows the contents, and those contents are true of his own knowledge, except as to the matters stated on information and belief, and as to those matters he believes them to be true.

Dated this 15 day of December, 2005.

_____
Kim, Hang Kwon
Personally and on behalf of Asia Enterprises, Inc.