MARK B. HANSON, ESQ.
First Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:   (670) 233-8600
Facsimile:    (670) 233-5262

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, LI ZHENG ZHE and XU JING JI,<br><br>Plaintiffs,<br><br>vs.<br><br>JUNG JIN CORPORATION, a CNMI corporation, ASIA ENTERPRISES, INC., a CNMI corporation, PARK HWA SUN and KIM HANG KWON,<br><br>Defendants. | CASE NO. CV 05-0019<br><br>PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST JUNG JIN CORPORATION AND ASIA ENTERPRISES, INC.<br><br>Date:   Thursday, August 10, 2006<br>Time:   9:00 a.m.<br>Judge:  Hon. Alex R. Munson |

**MOTION**

COMES NOW, LI YING HUA, LI ZHENG ZHE and XU JING JI, the Plaintiffs, by and through the undersigned attorney of record, with a Motion for Default Judgment against the corporate defendants in this matter. On May 12, 2006, the Court entered the default of the two corporate defendants — Jung Jin Corporation and Asia Enterprises, Inc. This Motion is brought pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and is supported by the pleadings and records in this matter, including Plaintiffs' Proposed Findings of Uncontroverted Fact submitted on July 15, 2006 in support of Plaintiffs' Motion for Summary Judgment and in support of this Motion. For the reasons stated below, Plaintiffs respectfully request that the Court grant Plaintiffs judgment by default against JUNG JIN CORPORATION and ASIA ENTERPRISES, INC., jointly and severally, in the amount of $168,292.80, plus costs and reasonable attorneys' fees.

**MEMORANDUM IN SUPPORT OF MOTION**

A party seeking a default judgment must state a claim upon which it may recover. *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172 (C.D. Cal. 2002). After a default has been entered by the court clerk, the well-pleaded factual, allegations of the complaint are taken as true, except for those allegations relating to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *Discovery Communications, Inc. v. Animal Planet, Inc.*, 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001). Plaintiff is required to prove all damages sought in the complaint. In addition, "[a] judgment by default shall not be different in kind [or] exceed in amount that prayed for in the [complaint]." Fed. R Civ. P. 54(c). In determining damages, a court can rely on the declarations submitted by the plaintiff or order a full evidentiary hearing. Fed. R Civ. P. 55(b)(2).

## II. PLAINTIFFS' CLAIMS FOR DAMAGES

Plaintiffs' burden in "proving up" damages is relatively lenient. If proximate cause is properly alleged in the complaint, it is admitted upon default. *Greyhound Exhibitgroup, Inc. v. E.L.U.L Reality Corp.*, 973 F.2d 155, 159 (2nd Cir. 1992). Injury is established and plaintiff need prove only that the compensation sought relates to the damages that naturally flow from the injuries pled. *Wu v. Ip*, 1996 U.S. Dist. LEXIS 10658, No. C93-4467 FMS, 1996 WL 428342 at *1 (N.D. Cal. 1996) (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 159). However, if the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. America*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Plaintiffs incorporate herein the arguments and citation to authority and facts detailed in their Memorandum In Support of Plaintiffs' Motion for Summary Judgment. The arguments therein with regard to the defaulted corporate defendants' liability to Plaintiffs' under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), and for breach of contract apply equally here. Also applicable are the facts and law detailing the defaulted corporate defendants' joint and several liability as joint

employers and as an enterprise engaged in commerce within the meaning, applicability and coverage under the FLSA. Plaintiffs also incorporate herein their Proposed Findings of Uncontroverted Fact, the exhibits thereto and all of the evidence cited therein in support of this motion for a default judgment.

## CONCLUSION

Accordingly, for the above-stated reasons, Plaintiffs respectfully request that this Court enter judgment by default in favor of Plaintiffs and against Jung Jin Corporation and Asia Enterprises, Inc. in the amount of $168,292.80, plus an award of reasonable attorneys' fees and costs of this action, and further order that the two defendant corporations be held jointly and severely liable for these amounts together with post judgment interest at the legal rate.

Respectfully submitted this 15th day of July, 2006.

/s/ Mark B. Hanson
    MARK B. HANSON

First Floor, Macaranas Building
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950
Telephone:   (670) 233-8600
Facsimile:    (670) 233-5262

Attorney for Plaintiffs