F I L E D
Clerk
District Court

AUG 24 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, LI ZHENG ZHE, and XU JING JI,<br><br>   Plaintiffs<br><br>   v.<br><br>JUNG JIN CORPORATION, a Commonwealth of the Northern Mariana Islands Corporation; ASIA ENTERPRISES, a Commonwealth of the Northern Mariana Islands Corporation; PARK HWA SUN; and, KIM HANG KWON,<br><br>   Defendants | Civil Action No. 05-0019<br><br><br><br>ORDER AWARDING ATTORNEYS' FEES AND COSTS |

THE COURT has received and reviewed plaintiffs' August 21, 2006, amended submission regarding attorney fees and costs, submitted pursuant to 29 U.S.C. § 216(b). With the exceptions noted below, attorneys' fees and costs are awarded as

prayed for and shall be included in the judgment against defendants.

The court finds that the hourly rates claimed by plaintiffs' attorney for his work and that of an associated attorney are reasonable for attorneys in this community with similar experience. The court further finds that the total hours expended are reasonable for lawsuits of this type and scope.

Accordingly, attorneys' fees are awarded in the amount of $36,910.00 for work performed by plaintiffs' main counsel and the second attorney, who performed legal research, minus the 4.2 hours billed at $45.00 per hour for office staff. That amount is disallowed, absent a showing that the staff member was so compensated for the work claimed to be out of the ordinary.[1]

Title 28, U.S.C. § 1920 delimits the costs available to a prevailing party. The rule in its entirety states:

> <u>Taxation of costs</u>. A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the trial;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

---

[1] Staff time was inadvertently included in attorney time, as noted by plaintiffs' counsel, and so is deducted from claimed attorney time, rather than from claimed costs.

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Accordingly, certain claimed costs are disallowed as follows:

Postage, facsimile charges, computer research, internet access, and mileage expenses (except paid to witnesses to attend proceedings) are not allowed under § 1920. Taxation of photocopies as costs is limited to copies "necessarily obtained for use in the case," *supra;* in-house copies may be awarded as costs if the amount per copy claimed is "fair and reasonable." *See generally* Jones and Rosen, Federal Civil Trials and Evidence, Chapter 19 (2006). The court finds that twenty cents per page is fair and reasonable in this community.

With the above limitations in mind, and the court having determined that all other claimed expenses fall within the purview and case law of 28 U.S.C. § 1920, the following amounts are deducted from plaintiffs' cost bill:

1. For mileage - $67.24;

2. For facsimile charges - $22.25;

3. For computer research and internet access - $591.15;

4. Postage - $46.93; and,

5. Photocopies at .20/page (other than when statute called for higher rate or

3

actual rate was lower per page) - $224.30.

Plaintiffs are awarded costs pursuant to 28 U.S.C. § 1920 in the amount of $4,595.75, representing claimed costs of $5,547.62 minus disallowed costs of $951.87.

Total attorneys' fees and costs shall be included in the judgment.

DATED this 24TH day of August, 2006.

                                                _____
                                                       ALEX R. MUNSON
                                                           Judge