FILED
Clerk
District Court

NOV - 9 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

1  MARK B. HANSON, ESQ.
   Second Floor, Macaranas Building
2  Beach Road, Garapan
   PMB 738 P.O. Box 10,000
3  Saipan, Mariana Islands 96950
   Telephone:    (670) 233-8600
4  Facsimile:    (670) 233-5262

5  Attorney for Plaintiffs

6

7              IN THE UNITED STATES DISTRICT COURT
                          FOR THE
8              NORTHERN MARIANA ISLANDS

9  LI YING HUA, LI ZHENG ZHE and XU JING JI, )   CASE NO. CV 05-0019
                                             )
10              Plaintiffs,                   )
                                             )
11        vs.                                 )
                                             )   *EX PARTE* APPLICATION UNDER
12  JUNG JIN CORPORATION, a CNMI corporation, )   LOCAL RULE 7.1.h.3(b) FOR A
    ASIA ENTERPRISES, INC., a CNMI corporation, )  WRIT OF EXECUTION
13  PARK HWA SUN and KIM HANG KWON,           )
                                             )
14              Defendants.                   )
                                             )
15
        Plaintiffs, by and through their undersigned attorney of record, hereby file, this *Ex Parte*
16
    Application for a Writ of Execution pursuant to Fed. R. Civ. P. 69(a) and Title 7, Sections 4203 and
17
    4204 of the Commonwealth Code (2000).
18
                        EX PARTE APPLICATION
19                   (CERTIFICATE OF COUNSEL)
20      The undersigned counsel of record for Plaintiffs in the above-referenced matter hereby
21  provides the following Certificate of Counsel as required by Local Rule 7.1.h.3(b)(2):
22      (A) DEFENDANTS (*pro se*) (name, address and phone numbers):
23          Jung Jin Corporation          Park Hwa Sun
            P.O. Box 503428               P.O. Box 503428
24          Saipan, MP 96950              Saipan, MP 96950
            (670) 235-4321                (670) 235-4321
25

26

27

# ORIGINAL

Asia Enterprises Inc.                    Kim Hang Kwon
P.O. Box 503448                          P.O. Box 503448
Saipan, MP 96950                         Saipan, MP 96950
(670) 235-4321                           (670) 235-4321

(B) REASON FOR *EX PARTE* APPLICATION:

Plaintiffs are brining this post-judgment motion to have a substantial amount of Defendants' property seized and sold to satisfy a judgment to Plaintiffs exceeding $200,000.00. Plaintiffs believe that the most likely location of Defendants' property of any value is within their residence in Susupe, Saipan. Plaintiffs also believe that Defendants, if given advanced warning of the application for a writ hereunder, would most likely attempt to remove said property (cash, jewelry, and other small but valuable items) to a location unknown to Plaintiffs to avoid its seizure pursuant to any writ of execution eventually issued and executed.

In any case, the procedures provided by Commonwealth statue for writs of execution do not require advance notice of *application* by a judgment creditor for a writ, and specifically provide that the officer executing a writ, one issued, must make a demand on the judgment debtor against whom the writ is issued once it is issued and, at that point, the judgment debtor has the opportunity to (1) pay the outstanding judgment or (2) identify property sufficient cover the judgment amount upon which to execute. It is at that point that the judgment debtor, here Defendants, receives notice. Plaintiffs submit that such is the first and only notice to which Defendants are entitled.

Further, the fact that there is no valid factual or legal objection that could be raised by Defendants to the issuance of the statutory writ requested herein[1] suggests that there could be no prejudice to Defendants by their failure to receive notice of the application for the writ of execution (as opposed to notice at the time of actual levy of execution and sale of property for which notice provisions are provided by statute).

---

[1] Tile 7, Section 4203 of the Commonwealth Code states that a writ of execution *shall* issue "at the request of the party recovering any civil judgment in that court for the payment of money." No valid argument can be made that the prerequisite to the issuance of a writ has not been met here.

(C) The Defendants herein are proceeding *pro se*. As stated in subsection (B) above, Defendants will necessarily be notified of the writ of execution by the initial demand the officer executing the writ is statutorily required to make on Defendants. The demand will, most likely, be made on Defendants at the residence of defendants' Kim and Park who are also the principals of Asia Enterprises, Inc. and Jung Jin Corp., respectively. Further, the Writ of Execution and all notices required thereafter will be mailed to all defendants by certified mail, postage prepaid to their last known addresses in Saipan, Commonwealth of the Northern Mariana Islands.

APPLICATION FOR WRIT OF EXECUTION

On August 24, 2006, judgment was entered by this Court for Plaintiffs and against all of the above-named Defendants, jointly and severally, in the amount of $209,798.55, plus post-judgment interest at the applicable rate. *See* Certified Copy of the Judgment attached hereto as Exhibit "A". The time to move to alter or amend the judgment and the time to appeal the judgment have expired and the judgment is final. The judgment, in total, remains unsatisfied. With interest to the date of the filing of this Application, the total outstanding balance of the amount owed by defendants, jointly and severally, to Plaintiffs is $212,026.11,[2] plus subsequently accrued interest and the costs of collection (the "Execution Amount").

Rule 69(a) of the Federal Rules of Civil Procedure provides that: "Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise." Rule 69(a) goes on to provide that the procedures for execution in aid of judgment, and the proceedings thereon, "shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable."

In the Commonwealth, Sections 4203 and 4204 of the Commonwealth Code govern writs and levying execution, limited only by the exceptions to execution stated in Section 4210.

---

[2] Currently $29.31 per day from the date of entry of the judgment compounded annually.

Section 4203 states:

> The court, at the request of the party recovering any civil judgment in that court for the payment of money, shall issue a writ of execution against the personal property of the party against whom the judgment has been rendered, except as provided in 7 CMC § 4210.[3]

DEMAND FOR PAYMENT AND SEIZURE OF PROPERTY:

Section 4204 goes on to provide the procedure for levying execution and for execution sales. Sub-section (a) thereof requires the Executing Officer: "to make demand of the person whom the execution is issued . . . that the person pay the execution or exhibit sufficient property subject to execution." That person may then "promptly" claim exemptions from execution by making such selection known to the Executing Officer. *Id.*

"If the person against whom the execution is issued does not pay the execution in full, including interest and costs and expenses thereof, the person making the levy shall take into his or her possession property of the person against whom the execution is issued, not exempt from execution, sufficient in his or her opinion to cover the amount of the execution." *Id.*

The property may be removed to a safe place, or a caretaker placed in charge of it, and the Executing Officer is required to make a list of the property levied. *Id.*

Pursuant to Section 4204, an Executing Officer may be "the Director of Public Safety, police officer *or other person duly authorized* receiving a writ of execution issued by any court. . ." (emphasis

---

[3] The exceptions listed in § 4210 are:

(a) *Personal and Household Goods.* All necessary household furniture, cooking and eating utensils, and all necessary wearing apparel, bedding, and provisions for household use sufficient for four months.

(b) *Necessities for Trade or Occupation.* All tools, implements, utensils, two work animals, and equipment necessary to enable the person against whom the attachment or execution is issued to carry on his or her usual occupation.

(c) *Land and Interests in Land.* All interests in land, but any interest owned solely by a judgment debtor, in his or her own right, may be ordered sold or transferred under an order in aid of judgment if the court making the order deems that justice so requires and finds as a fact that after the sale or transfer, the debtor will have sufficient land remaining to support himself or herself and those persons directly dependent on the debtor according to recognized local custom and the law of the Commonwealth. No person not of Northern Marianas descent may acquire any interest in such land, by sale, transfer, or otherwise, except as otherwise provided by law.

added).  Title 28 U.S.C. § 566(c) provides: "Except as otherwise provided by law or Rule of Procedure, the United States Marshals Service shall execute all lawful writs, process, and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties."

EXECUTION SALE:

The Executing Officer then schedules a sale and must give notice of the sale at least seven (7) days in advance of the time an place of the sale in accord with 7 CMC § 4204(b).  Thereafter, on the day and at the place set for the sale, the Executing Officer sells the property levied at public auction to the highest bidder unless, before the sale, the judgment and interest and the costs and expenses in connection with the levy have been paid.  7 CMC § 4204(c).

DISPOSITION OF PROCEEDS:

The Executing Officer shall deduct from the proceeds of the sale sufficient money for the full payment of his or her fees and expenses, and shall then pay the person in whose favor the execution was issued, or his counsel, any balance that remains up to the amount due on the execution.  7 CMC § 4204(c).  If there are any proceeds of the sale left after such deductions and payments, the remaining proceeds shall be paid over to the person(s) against whom the execution was issued.  *Id.* The Execution Officer is then required to return the writ of execution to the Court and make a report of the execution proceedings.  *Id.*

PROPERTY TO BE SEIZED, LEVIED AND SOLD:

In order to ensure the recovery of sufficient property from the Defendants to satisfy the Execution Amount, Plaintiffs are requesting that any Writ of Execution issued by the Court pursuant to the application, at the very least, specifically authorize and direct the seizure of the following property (in an amount that, in the opinion of the Executing Officer, does not exceed the Execution Amount), and its sale at public auction not subject to any liens, claims or encumbrances:

1.    2005 Toyota Tacoma, License Plate No. ACF873, VIN# 5TENX22N35Z025455;

2.   2003 Kia Sorento, License Plate No. ABR529, VIN# KNDJC733235161240;

3.   Any and all money, jewelry, equipment, valuables, appliances and/or other personal property of any kind, not exempt by the provisions of 7 CMC § 4210(a), located in, on or about the premises of Lot No. 056 H 14, a part of Lot No. 056 H 03, located in Susupe, Saipan, Commonwealth of the Northern Mariana Islands;

4.   Any and all property held in any banking or financial account, whether checking, savings, time certificate of deposit, and/or safety deposit box, or any other property, held by or in any bank, deposit or financial institution located in Saipan, Commonwealth of the Northern Mariana Islands in the name of the Defendants, or any of them; and

5.   Any money or other personal property, not exempt by the provisions of 7 CMC § 4210 (a) of the Defendants, or any of them, or any of their business, located anywhere in the Commonwealth of the Northern Mariana Islands, including, but not limited to cash, poker equipment or any other thing of value.

NOTICE TO LIEN HOLDERS AND CLAIMANTS/DISPUTES:

Plaintiffs further request that the Court require that the Executing Officer:

(1) notify any lien holders of record of the levy and intended sale of property seized hereunder and require the purported lien holders to make claims within a reasonable period of time demonstrating to the Executing Officer the origin and validity of their liens;

(2) publish notice as directed by 7 CMC § 4204(c) of the levy and intended sale of property seized hereunder;

(3) notify Plaintiffs of any liens or claims made by third parties with respect to seized property and/or any claims by Defendants to exemptions to execution provided by 7 CMC § 4210;

(4) submit to the Court for its determination prior to a sale of the property, and after notice to all affected parties and an opportunity to respond, issues of the validity of any liens or any claims

1  of ownership in or to any seized property of Defendants disputed by the plaintiffs, defendants and/or

2  any individual or entity asserting the lien or claim;

3      (5) submit to the Court for its determination prior to a sale of the property, and after notice

4  to all affected parties and an opportunity to respond, claims by Defendants to particular exemptions

5  under 7 CMC § 4210 disputed by Plaintiffs.

6  CONCLUSION

7      For the reasons and pursuant to the authority stated above, Plaintiffs respectfully request that

8  this Court grant this Application for a Writ of Execution, *ex parte*, authorizing and appointing as the

9  Executing Officer the United States Marshall Service, and ordering the Executing Officer to seize,

10  levy and sell at public auction, pursuant to Title 7, Sections 4203-4204 of the Commonwealth Code,

11  non-exempt personal property of the Defendants, or any of them, in the total amount of $212,026.11,

12  plus $29.31 per day from the date of this filing, plus any additional costs awarded by the Court for

13  post-judgment collection efforts, plus the costs and expenses incurred in connection with the levy

14  and with the execution sale.  A proposed Writ of Execution has been provided herewith for the

15  Court's convenience.

16

17      Respectfully submitted this 9th day of November, 2006.

18

19            MARK B. HANSON

20

21        Second Floor, Macaranas Building
      Beach Road, Garapan
      PMB 738 P.O. Box 10,000

22        Saipan, Mariana Islands 96950
      Telephone:  (670) 233-8600

23        Facsimile:  (670) 233-5262

24        Attorney for Plaintiffs

25

26

27  Page 7 of 7

FILE NO. _06-2174_

_8/30/06_ Time: _2:50_

_13_ Page _152_

Commonwealth Recorder

FILED
Clerk
District Court

AUG 2 4 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| LI YING HUA, LI ZHENG ZHE, and XU JING JI, | ) ) ) | Civil Action No. 05-0019 |
| Plaintiffs | ) ) ) | |
| v. | ) ) | JUDGMENT |
| JUNG JIN CORPORATION, a Commonwealth of the Northern Mariana Islands Corporation; ASIA ENTERPRISES, a Commonwealth of the Northern Mariana Islands Corporation; PARK HWA SUN; and, KIM HANG KWON, | ) ) ) ) ) ) ) ) ) | |
| Defendants | ) ) ) | |

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs

shall have judgment against defendants, jointly and severally, as follows:

A TRUE COPY

Certified this 30TH day of AUGUST 20 06

By_____
(Deputy Clerk)

1. Judgment for Li Ying Hua in the amount of $23,847.36, plus an equal amount as liquidated damages, for a total of $47,662.52 for unpaid wages and breach of her employment contract;

2. Judgment for Xu Jing Ji in the amount of $19,428.64, plus an equal amount as liquidated damages, for a total of $38,857.28 for unpaid wages and breach of her employment contract;

3. Judgment for Li Zheng Zhe in the amount of $40,886.50, plus an equal amount as liquidated damages, for a total of $81,773.00 for unpaid wages and breach of his employment contract;

4. Judgment for attorneys' fees in the amount of $36,910.00; and,

5. Judgment for costs in the amount of $4,595.75,

for a total judgment against defendants, jointly and severally, in the amount of $209,798.55.

DATED this _____ day of August, 2006.


_____
ALEX R. MUNSON
Judge