Deborah L. Covington
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Civil Division – Capitol Hill
2nd Floor Administration Bldg.
Caller Box 10007, Saipan, MP 96950
Telephone: (670) 664-2341
Facsimile: (670) 664-2349
Attorney for CNMI Division of Revenue and Taxation

F I L E D
Clerk
District Court

NOV 21 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, LI ZHENG ZHE and XU JING JI,<br><br>Plaintiffs,<br><br>v.<br><br>JUNG JIN CORP., ASIA ENTERPRISES, INC., PARK HUA SUN and KIM HANG KWON,<br><br>Defendants. | Civil Action No. CV 05-00019<br><br>**OBJECTION TO SUBPOENA AND MOTION TO QUASH SUBPOENA**<br><br>Date: NOV 21 2006<br>Time:<br>Judge: Hon. A. Munson |

Pursuant to Fed. R. Civ. P. 45(c) and Local Rule 7.1, Nonparty Commonwealth of the Northern Mariana Islands, Division of Revenue and Taxation ("Commonwealth") respectfully request that this Court quash two subpoenas served upon the Commonwealth in this case which request certain documents.[1]

---

[1] Undersigned counsel represent the Nonparties in connection with these subpoenas. The subpoenas at issue are attached as Exhibits A and D.

-1-

First, the Subpoenas do not comply with Fed. R. Civ. P. 45(a) in that they fail to set forth the text of subdivisions (c) and (d) of Rule 45, thus violating Fed. R. Civ. P. 45(a)(1)(D).

Second, with respect to the Subpoena issued to Roman V. Reyes (Exhibit A), the Subpoena requests certain information in connection with licensing of poker machines that is deemed privileged or other protected matter and may not be disclosed under Fed. R. Civ. P. 45.

The Commonwealth further request that this Court enter a Protective Order, Ordering that if the subpoena is required to be complied with that Plaintiffs may not inquire into any privileged and/or otherwise confidential material involving information submitted to the Commonwealth in connection with the licensing of a poker machine.

**Background**

On November 14, 2006, the Commonwealth was served with two subpoenas in the above-entitled action. One subpoena, attached as Exhibit A, was directed to Roman V. Reyes[2], Manager or Custodian of Records, Enforcement and Regulatory Branch – Poker License, Division of Revenue and Taxation and requested production of the following on November 21, 2006:

1. Copies and any and all documents submitted by or on behalf of ANY OF THE BELOW LISTED COMPANIES AND/OR INDIVIDUALS for and/or in support of a license or license for the operation of poker

---

[2] Mr. Reyes is no longer employed by the Division of Revenue and Taxation.

machines in the Commonwealth of the Northern Mariana Islands on or after January 1, 2006;
2. Records of any and all poker license fees paid by or on behalf of ANY OF THE BELOW LISTED COMPANIES AND/OR INDIVIDUALS on or after January 1, 2006;
3. Copies of any and all licenses issued to or on behalf of ANY OF THE BELOW LISTED COMPANIES AND/OR INDIVIDUALS allowing ANY OF THE BELOW LISTED COMPANIES AND/OR INDIVIDUALS to operate poker machines in the Commonwealth of the Northern Mariana Islands on or after January 1, 2006;

LISTED COMPANIES:
a.   Jung Jin Corporation
b.   Asia Enterprises, Inc.
c.   KSK Corporation

LISTED INDIVIDUALS:
d.   Park Hwa Sun
e.   Kim Hang Kwon
f.   Kim Ki Sung
g.   Kim Hyung Pil
h.   Kim Pil Sun Kitami
i.   Seung-Hee Cindy Yu

The second subpoena, attached as Exhibit D, was directed to the Custodian of Records, Business License Section.

**ARGUMENT**

Plaintiffs have provided Commonwealth with two subpoenas that do not comply with the Federal Rules of Civil Procedure. Furthermore, with respect to the subpoena issued to Roman Reyes (Exhibit A), it seeks information that is confidential pursuant to Commonwealth Regulations that were validly promulgated. As such, the information requested cannot be provided. As explained more fully below, Plaintiffs' attempt at obtaining the requested information is improper, and fails in several material respects.

-3-

The subpoena should be quashed. Alternatively, the Court should enter an appropriate protective order making clear that the improper discovery Plaintiffs now seek will not be allowed.

I. **THE SUBPOENAS DIRECTED TO THE COMMONWEALTH SHOULD BE QUASHED FOR FAILURE TO COMPLY WITH THE NOTICE REQUIREMENTS**

The Federal Rules of Civil Procedure provides in part:

**(a) Form; Issuance.**

**(1)** Every subpoena shall
...
**(D)** set forth the text of subdivisions (c) and (d) of this rule.

Federal Rules of Civil Procedure Rule 45.

This requirement is mandatory as indicated by the word "shall". *See* Sacks v. Office of Foreign Assets Control, 466 F.3d 764, 778 (9th Cir. 2006)("Congress's or an agency's use of the word "shall" indicates a mandatory duty that is not subject to discretion."). As explained above, the subpoenas served upon the Commonwealth do not set forth the text of subdivisions (c) and (d) of Rule 45. *See also,* Exhibits A and D, Subpoenas issued to the Commonwealth. As such, the subpoenas are defective and must be quashed.

II. **THE DOCUMENTS REQUESTED ARE PROTECTED FROM DISCLOSURE BY VALID REGULATIONS**

With respect to Exhibit A, the subpoena issued to Roman Reyes, Plaintiffs' counsel has indicated his intention to obtain (1) copies and any and all documents submitted by or on behalf of ANY OF THE BELOW LISTED COMPANIES AND/OR INDIVIDUALS

for and/or in support of a license or license for the operation of poker machines in the Commonwealth of the Northern Mariana Islands on or after January 1, 2006; and (2) Records of any and all poker license fees paid by or on behalf of ANY OF THE BELOW LISTED COMPANIES AND/OR INDIVIDUALS on or after January 1, 2006.

See Exhibit "A", Subpoena. Neither of these subject areas is proper.

The Department of Finance, Division of Revenue and Taxation has adopted regulations regarding poker machines. See Northern Mariana Island Administrative Code (NMIAC) §70-40.6, Part 1400, Rules and Regulations for Operation of Poker Machines, amendments adopted April 30, 2003. These regulations were promulgated pursuant to authority provided in 4 CMC §1507 and 1 CMC §2557.

At issue in this case is §70.40.6-1452 regarding Confidentiality. That section, attached as Exhibit "B" provides as follows:

> All information submitted to the Department of Finance regarding licensing of a poker machine shall be confidential and shall be disclosed only as follows:
> (a) To the license applicant; or
> (b) To the business license section of the Department of Finance only to the extent necessary to permit that agency to carry into effect its statutory business license provisions; or
> (c) For the purpose of carrying into effect the rules and regulations in this part, laws pertaining to poker machines, or any law imposing taxes or duties payable to the Commonwealth of the Northern Mariana Islands.

NMIAC §70.40.6-1452.

Plaintiffs seek information relating to all documents submitted in support of a license and records of any and all poker license fees paid. In accordance with Fed. R. Civ. P. 45(d)(2) a description of the nature of the documents not produced is attached as Exhibit

"C". These records include, among other documents, copies of individual passports with personal information, and copies of poker license applications. These records are protected from disclosure by the above-regulation in that the documents requested contain information submitted to the Department regarding licensing of poker machines. Furthermore, receipts issued by the Department to the licensees in connection with poker license fees paid contain information provided by the licensees, such as the amount of the fee paid and credit card numbers, that have been provided in connection with the licensing of poker machines.

Plaintiffs have not demonstrated that they are the license applicants at issue. As such, disclosure is prohibited under NMIAC §70.40.6-1452(a). Furthermore, Plaintiffs have not met the requirements of the other two provisions as Plaintiffs are not part of the business license section, nor do they have authority to enforce laws relating to poker machines or laws imposing taxes or duties payable to the Commonwealth.

Validly promulgated rules and orders that provide for a governmental privilege have been upheld to denying access to information requested in a subpoena. *See U.S. ex rel. Touhy v. Ragen,* 340 U.S. 462, 71 S. Ct. 416, 95 L.Ed. 417 (1951) (refusing to enforce a subpoena duces tecum against the FBI based upon a validly promulgated order issued by the Attorney General prohibiting disclosure of requested information); *Boske v. Comingore,* 177 U.S. 459, 20 S.Ct. 701 (1900) (finding that regulations of Treasury Department prohibiting production of records are within the power of the Treasury); *Chowdhury v. Northwest Airlines,* 226 FRD 608 (N.D. Cal. 2004) (finding that Transportation Security Agency's regulations that limited disclosure of "sensitive security

information" to persons with the need to know was a valid regulation and as such disclosure to Plaintiff of certain requested information was denied).

The Commonwealth, through the Department of Finance, Division of Revenue and Taxation has enacted valid regulations which prohibit disclosure of the documents submitted to the Department regarding licensing of certain poker machines by the Defendants, as well as well as payment information relating to the licensure of the machines. As such, the Commonwealth is prohibited from disclosing the requested information and the subpoena must be quashed. To the extent the subpoena is not quashed, the Commonwealth requests a protective order prohibiting disclosure of Items Number 1 and 2 outlined in the subpoena.

### III. SOME INFOMATION IS PROTECTED BY THE CNMI CONSTITUTION

Commonwealth Constitution Art. 1 §10 protects an individual's right to privacy. That section provides "The right of individual privacy shall not be infringed except upon a showing of compelling interest." As indicated above, some of the documents sought are copies of individuals' passports, as well as their credit card information. Even if the Commonwealth could disclose such information has there been no regulation prohibiting disclosure, the provisions of the Commonwealth Constitution would have prohibited disclosure of information relating to personal financial information and information contained on the listed individuals passports. Plaintiff has not shown a compelling interest as to why that information should be disclosed.

### CONCLUSION

The subpoena issued to Roman V. Reyes as Custodian of Records for the Enforcement and Regulatory Branch is defective as it does not contain language mandated by Federal Rule of Civil Procedure 45(a)(1). As such, it must be quashed.

Furthermore, the Commonwealth is prohibited by regulation from disclosing Items Number 1 and 2 outlined in Attachment A to the subpoena as the information sought is information submitted to the Department regarding licensing of a poker machine.

Finally, to the extent the subpoena seeks personal passport and credit card information, the information is protected from disclosure by N.M.I. Const. Art. 1, §10.

Accordingly, this Court should quash the Nonparty Commonwealth subpoena, and Order that if any discovery is to proceed it must not involve the privileged areas described above.

DATE: November 21, 2006.

RESPECTFULLY SUBMITTED,

OFFICE OF THE ATTORNEY GENERAL
Commonwealth of the Northern Mariana Islands

By: _____
Deborah L. Covington
Assistant Attorney General
*Attorneys for Nonparty Commonwealth of the Northern Mariana Islands, Division of Revenue and Taxation*

-8-

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

LI YING HUA, LI ZHENG ZHE and XU JING JI, Plaintiffs,

V.

JUNG JIN CORP., ASIA ENTERPRISES, INC., PARK HUA SUN and KIM HANG KWON, Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   CV 05-00019

RECEIVED NOV 1 4 2006 — Div. of Revenue & Taxation, Admin. Central Office, Saipan, MP 96950

TO: ROMAN V. REYES, Manager
or the Custodian of Records
Enforcement and Regulatory Branch - Poker License
Division of Revenue and Taxation

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| Office of Mark B. Hanson, Attorney at Law, Second Floor, Macaranas Building Beach Road, Garapan, Saipan, CNMI | 11/21/2006 4:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Attorney for Plaintiff | DATE 11/14/2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark B. Hanson, Esq., Second Floor, Macaranas Building, Beach Road, Garapan
PMB 738, P.O. Box 10,000, Saipan, Mariana Islands 96950
(670) 233-8600
(670) 233-5262 (facsimile)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



Ex A

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                    SIGNATURE OF SERVER

                                                            _____
                                                            ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# ATTACHMENT A

1.  Copies of any and all documents submitted by or on behalf of ANY OF THE BELOW LISTED COMPANIES AND/OR INDIVIDUALS for and/or in support of a license or licenses for the operation of poker machines in the Commonwealth of the Northern Mariana Islands submitted on or after January 1, 2006;

2.  Records of any and all poker license fees paid by or on behalf of ANY OF THE BELOW LISTED COMPANIES AND/OR INDIVIDUALS on or after January 1, 2006;

3.  Copies of any and all licenses issued to or on behalf of ANY OF THE BELOW LISTED COMPANIES AND/OR INDIVIDUALS allowing ANY OF THE BELOW LISTED COMPANIES AND/OR INDIVIDUALS to operate poker machines in the Commonwealth of the Northern Mariana Islands on or after January 1, 2006;

LISTED COMPANIES:

    a.    Jung Jin Corporation
    b.    Asia Enterprises, Inc.
    c.    KSK Corporation

LISTED INDIVIDUALS:

    d.    Park Hwa Sun
    e.    Kim Hang Kwon
    f.    Kim Ki Sung
    g.    Kim Hyung Pil
    h.    Kim Pil Sun Kitami
    i.    Seung-Hee Cindy Yu

Modified, 1 CMC § 3806(d), (f).

History: Amdts Adopted 25 Com. Reg. 20107 (Apr. 30, 2003) (repealing and reenacting part 1400); Amdts Proposed 24 Com. Reg. 19746 (Nov. 27, 2002); Adopted 17 Com. Reg. 13539 (June 15, 1995) (superceding all rules and regulations issued prior to adoption); Proposed 17 Com. Reg. 13086 (Apr. 15, 1995).

§ 70-40.6-1452  Confidentiality

All information submitted to the Department of Finance regarding licensing of a poker machine shall be confidential and shall be disclosed only as follows:

(a) To the license applicant; or

(b) To the business license section of the Department of Finance only to the extent necessary to permit that agency to carry into effect its statutory business licensing provisions; or

(c) For the purpose of carrying into effect the rules and regulations in this part, laws pertaining to poker machines, or any law imposing taxes or duties payable to the Commonwealth of the Northern Mariana Islands.

Modified, 1 CMC § 3806(d), (f).

History: Amdts Adopted 25 Com. Reg. 20107 (Apr. 30, 2003) (repealing and reenacting part 1400); Amdts Proposed 24 Com. Reg. 19746 (Nov. 27, 2002); Adopted 17 Com. Reg. 13539 (June 15, 1995) (superceding all rules and regulations issued prior to adoption); Proposed 17 Com. Reg. 13086 (Apr. 15, 1995).

Commission Comment: The 2003 amendments amended subsection (b).

§ 70-40.6-1454  Grounds for Seizure of a Machine

A licensed or unlicensed machine may be seized in accordance with § 70-40.6-1456 of this subchapter for the following grounds:

(a) The applicant is delinquent in the payment of any Commonwealth tax, duty, fee or similar charge or any other debt due the Commonwealth at any time; or

(b) The applicant has violated the Poker Machine Act or a rule or regulations adopted pursuant to the Poker Machine Act; or

(c) The applicant operates any poker machine without a license; or

(d) Operates a machine without proper documentation or provides or maintains inaccurate or false information; or

(e) Alters the software programs, pay back percentages, jackpots, meters, security and accounting system or related equipment or any other equipment that implies a modification of the conditions under which the machines were approved; or

(f) Allows minors to play a poker machine;

(g) Accepts or exchanges a food stamp coupon, an NAP coupon or similar item for coins or tokens used to play a poker machine; or

(h) Violates any CNMI law.

Modified, 1 CMC § 3806(c), (d), (f).

History: Amdts Adopted 25 Com. Reg. 20107 (Apr. 30, 2003) (repealing and reenacting part 1400); Amdts Proposed 24 Com. Reg. 19746 (Nov. 27, 2002).

§ 70-40.6-1456  Inspection, Warrants and Seizure

(a) The Division and its employees and agents, upon approval of the Director, shall have the authority, without notice and without warrant:
(1) To inspect and examine all premises wherein poker machines are located, or wherein any records of such activities are prepared or maintained;
(2) To inspect all equipment and supplies in, about, upon or around such premises;
(3) To inspect, examine and audit all books, records, and documents pertaining to a licensee's operation; and
(4) To inspect the person, and personal effects present where poker machines are operated, of any holder of a license or registration issued pursuant to 4 CMC § 1503 while that person is present in the poker establishment.

(b) The provisions of subsection (a) of this section shall in no way be deemed to limit the warrantless inspections beyond the circumstances specified in subsection (a)(1) through (4) if carried out in accordance with constitutional requirements.

(c) To effectuate further the purposes of this subchapter, the Division and its employees and agents may obtain administrative warrants for the inspection and seizure of any property possessed, controlled, bailed or otherwise held by any applicant, licensee, registrant, intermediary company, or holding company.

(d) Issuance and execution of warrants for administrative inspection and seizure shall be in accordance with the following:
(1) Any judge of a court having jurisdiction where the inspection or seizure is to be conducted may, upon proper oath or affirmation showing probable cause, issue

Ex "B"

| | |
|---|---|
| Documents Protected by NMIAC 70.40.6-1452 | |
| Bill of Sale dated November 18, 2006 | from D's Gameroom to Hyung Pil Kim |
| Poker Machine License Application dated 10/16/06 | From Triple H Corporation submitted by Hyung Pil Kim |
| Poker Machine License Application dated 11/16/06 | From Triple H Corporation submitted by Hyung Pil Kim |
| Bill of Sale dated 10/12/ 2006 | from D's Gameroom to Triple H Corporation |
| 2 Photographs of Poker machine | |
| Passport of Park, Jung Hwa | |
| Passport of Kim, Hyung | |
| Application for Poker License dated 10/10/2006 | From Triple H Corporation submitted by Hyung Pil Kim |
| Bylaws of Triple H Corporation | |
| Certificate of Incorporation of Triple H Corporation | |
| Articles of Incorporation of Triple H Corporation | |
| Letter from Triple H Corporation signed by Hung Pil Kim to whom it may concern | |
| Annual Corporated Report KSK Corporation | |
| Application for Poker License dated accepted January 3, 2006 from KSK Corp | |
| Letter to Business License Office provided to Poker Enforcement dated 3/10/06 from KSK Corp | |
| Letter dated 3/10/2006 to Director of Revneue from KSK Corp. not renewing machines | |
| Letter dated August 1, 2006 to Director Revenue from KSK retagging machines | |
| Application for Poker License from KSK Corp dated March 10, 2006 | |
| Bill of Sale dated January 11, 2006 from Jung Jin Corp to KSK Corp | |
| Application for Poker License dated March 6, 2006 KSK Corporation | |
| Bill of Sale dated January 11, 2006 from Jung Jin Corp to KSK Corp | |
| Application for Poker License dated March 23, 2006 KSK Corporation | |
| Application for Poker Licnese dated 4/26/06 from KSK Corp | |
| Internal Memorandums made by the Division to the cashier requesting issuance of recipts to KSK Corp for 2006 | |
| Copies of recipts issued to KSK Corporation for 2006 showing payment of machine license fees for license issued January 2006 | |
| Internal Memorandums made by the Division to the cashier requesting issuance of recipts to KSK Corp for license issued March, 2006 | |
| Copies of recipts issued to KSK Corporation for 2006 showing payment of machine license fees for license issued March, 2006 | |
| Internal Memorandums made by the Division to the Cashier requesting issuance of receipts to KSK Corp for license issued March 6, 2006 | |
| Copies of recipts issued to KSK Corporation for 2006 showing payment of machine license fees for license issued March 6,2006 | |
| Internal Memorandums made by the Division to the Cashier requesting issuance of receipts to KSK Corp for license issuedApril 2006 | |
| Copies of recipts issued to KSK Corporation for 2006 showing payment of machine license fees for license issued April 2006 | |
| Internal Memorandums made by the Division to the Cashier requesting issuance of receipts to KSK Corp for license issued August 2006 | |
| Copies of recipts issued to KSK Corporation for 2006 showing payment of machine license fees for license issued August 2006 | |
| Internal Memorandums made by the Division to the Cashier requesting issuance of receipts in 2006 to KSK Corp for license issued 2005 | |
| Copies of recipts issued to KSK Corporation for 2006 showing payment of machine license fees for license issued 2005 | |

Exhibit C

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN MARIANA ISLANDS

LI YING HUA, LI ZHENG ZHE and XU JING JI, Plaintiffs,

**SUBPOENA IN A CIVIL CASE**

V.

JUNG JIN CORP., ASIA ENTERPRISES, INC., PARK HUA SUN and KIM HANG KWON, Defendants.

Case Number:[1]    CV 05-00019

TO: Custodian of Records
Business License Office
Division of Revenue and Taxation
DEPARTMENT OF FINANCE

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT "A"

| PLACE | DATE AND TIME |
|---|---|
| Mark B. Hanson, Attorney at Law, Second Floor, Macaranas Building, Beach Road, Garapan, Saipan, Commonwealth of the Northern Mariana Islands | 11/21/2006 4:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ — Attorney for Plaintiff | 11/14/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark B. Hanson, Esq., Second Floor, Macaranas Building, Beach Road, Garapan
PMB 738, P.O. Box 10,000, Saipan, Mariana Islands 96950
(670) 233-8600
(670) 233-5262 (facsimile)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.


Ex D

# ATTACHMENT A

1. Copies of any and all documents submitted by or on behalf of ANY OF THE BELOW LISTED COMPANIES AND/OR INDIVIDUALS for and/or in support of a license or licenses for the operation of any business or line of business in the Commonwealth of the Northern Mariana Islands submitted on or after January 1, 2006;

2. Records of any and all business license fees paid by or on behalf of ANY OF THE BELOW LISTED COMPANIES AND/OR INDIVIDUALS on or after January 1, 2006;

3. Copies of any and all licenses issued to or on behalf of ANY OF THE BELOW LISTED COMPANIES AND/OR INDIVIDUALS allowing ANY OF THE BELOW LISTED COMPANIES AND/OR INDIVIDUALS to operate a business or businesses or lines of business in the Commonwealth of the Northern Mariana Islands on or after January 1, 2006;

LISTED COMPANIES:

   a. Jung Jin Corporation
   b. Asia Enterprises, Inc.
   c. KSK Corporation

LISTED INDIVIDUALS:

   d. Park Hwa Sun
   e. Kim Hang Kwon
   f. Kim Ki Sung
   g. Kim Hyung Pil
   h. Kim Pil Sun Kitami
   i. Seung-Hee Cindy Yu