ORIGINAL

F I L E D
Clerk
District Court

NOV 2 2 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Deborah L. Covington
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Civil Division – Capitol Hill
2nd Floor Administration Bldg.
Caller Box 10007, Saipan, MP 96950
Telephone: (670) 664-2341
Facsimile: (670) 664-2349
Attorney for CNMI Division of Revenue and Taxation

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, LI ZHENG ZHE and XU JING JI, <br><br> Plaintiffs, <br><br> v. <br><br> JUNG JIN CORP., ASIA ENTERPRISES, INC., PARK HUA SUN and KIM HANG KWON, <br><br> Defendants. | Civil Action No. CV 05-00019 <br><br> **NOTICE OF ERRATA; CORRECTION OF OBJECTION TO SUBPOENA AND MOTION TO QUASH SUBPOENA FILED ON NOVEMBER 21, 2006** |

Non-party Commonwealth of the Northern Mariana Islands, Department of Finance, Division of Revenue and Taxation files this Notice of Errata and Correction of Objection to Subpoena and Motion to Quash Subpoena to partially withdraw its Objection and correct arguments made in its original Objection and Motion to Quash.

Section One of that Objection should be withdrawn in its entirety. In Section One, the Commonwealth objected to the subpoenas issued to (1) Roman Reyes of the Enforcement and Regulatory Branch with respect to poker records; and (2) Business

-1-

License Section with respect to business licensing records. This objection was based upon the argument that both subpoenas failed to comply with Federal Rule of Civil Procedure 45(a)(1)(D).

1. <u>Reyes Subpoena.</u> At the time this objection was drafted, the copy of the subpoena issued to Roman Reyes provided to the Commonwealth's counsel by the Division of Revenue and Taxation did not contain the page outlining the language required by Fed. R. Civ. P. 45(a)(1)(D). The original subpoena issued to Mr. Reyes was provided by the Division to counsel at 2:30 pm on November 21, 2006. In a rush to get the objection filed, counsel for the Division overlooked the backside of the subpoena that contained the required language. As such the Commonwealth withdraws its objection to the Reyes subpoena to the extent such objection is based upon the assertion that the subpoena did not contain language required by Fed. R. Civ. P. 45(a)(1)(D). The Commonwealth maintains its objection to that subpoena on the other grounds outlined in its Objection.

2. <u>Business License Subpoena.</u> The Division of Revenue and Taxation provided counsel with the Business License subpoena for the first time at 2:30 pm on November 21, 2006. The copy provided did not contain the backside of page one, which upon further investigation, contained language required by Fed. R. Civ. P. 45(a)(1)(D). Plaintiff's counsel emailed the undersigned and pointed out that both subpoenas did in fact contain the required language. After following up with the Division with respect to the Business License subpoena, a proper copy containing the required language was provided to the undersigned. As such, the Commonwealth withdraws in its entirety the

objection with respect to the subpoena issued to Business License. The Commonwealth will make arrangements with Plaintiffs' counsel to comply with that subpoena.

Counsel for the Commonwealth apologies to this Court and to Plaintiffs' counsel for this oversight and any inconvenience it may have caused.

DATE: November 22, 2006.

Deborah L. Covington
Assistant Attorney General

-3-