

MARK B. HANSON, ESQ.
Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:    (670) 233-8600
Facsimile:    (670) 233-5262

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

LI YING HUA, LI ZHENG ZHE and XU JING JI,  )   CASE NO. CV 05-0019
                                            )
                    Plaintiffs,             )
                                            )
        vs.                                 )        DECLARATION OF
                                            )        MARK B. HANSON
JUNG JIN CORPORATION, a CNMI corporation,   )
ASIA ENTERPRISES, INC., a CNMI corporation, )
PARK HWA SUN and KIM HANG KWON,             )   Date:
                                            )   Time:
                    Defendants.             )   Judge: Hon. Alex R. Munson, Chief Judge

I, Mark B. Hanson, hereby declare as follows:

1.      I am competent to testify, and if called to testify, I would do so in accord herewith.

2.      I am the attorney for Plaintiffs in the above-entitled matter.

3.      On June 23, 2005, Plaintiffs filed their initial Verified Complaint against the defendants in this matter.

4.      After initial discovery efforts, Plaintiffs began discussing with Defendants' attorney the depositions of all the defendants, including Park Hwa Sun who's deposition was scheduled for January 27, 2006.

5.      On January 1, 2006 Defendants effected the transfer of their operating businesses to KSK Corp.  *See* Excerpt from Deposition of Kim Ki Sung at page 35,  lines 14  to 23; Exhibits D through I.

6.      Shortly thereafter, Defendants entered into a bogus mortgage and bogus promissory notes which placed liens on their vehicles and their Susupe land and residence in favor of Kim Pil Sun Kitami who's deposition was later taken and it was determined that no documentary evidence exists to establish that any loans were actually made to Defendants by Kim Pil Sun Kitami.  *See, e.g.,* Transcript of Deposition of Kim Pil Sun Kitami on file with the Court.

7.      On January 24, 2006, the day set for the deposition of defendant Jung Jin Corporation, ("Park's corporation" — according to defendant Kim Hang Kwon), Plaintiffs learned from defendant Kim and his attorney, Stephen J. Nutting, that Park had departed the Commonwealth one or two days prior for South Korea with no plans of returning to Saipan.  *See* Excerpt from Deposition of Kim Hang Kwon, page 8, lines 15  to 18; Declaration of Stephen J. Nutting in Support of Motion to Withdraw, ¶ 3.

8.      On January 27, 2006, Park failed to appear at her own, duly noticed deposition though defendant Kim did appear for defendant Asia Enterprises, Inc.'s deposition and his own depositions.

9.      On May 18, 2006, having obtained leave of court, Plaintiffs filed a First Amended Verified Complaint naming two successors — Kim Ki Sung and KSK Corporation — to the liability of the four original defendants.

10.     A subsequent motion by the two new defendants led to the Court's dismissal, without prejudice, of Plaintiffs' claims of FLSA successor liability against those defendants with the Court apparently deciding that the claims were premature.  *See* June 20, 2006 Order Dismissing Complaint, Without Prejudice, as to Defendants Kim Ki Sung and KSK Corporation (as clarified by a June 21, 2006 Order).

11.     On August 24, 2006, judgment was entered by this Court for Plaintiffs in the above-captioned case and against all of the above-named Defendants, jointly and severally, in the amount of $209,798.55, plus post-judgment interest at the applicable rate.

12.     The time to move to alter or amend the judgment and the time to appeal the

judgment have expired and the judgment is final.

13.    The judgment, in total, remains unsatisfied.

14.    With interest to the date of the filing of this Application, the total outstanding balance of the amount owed by Defendants, jointly and severally, to Plaintiffs is $212,583.00, plus subsequently accrued interest and the costs of collection (the "Judgment Amount").

15.    After the final judgment against the current defendants in this matter, I hired a private investigator in attempts to ascertain information on the whereabouts of defendants' assets in the Commonwealth including the existence of any "hidden" interests defendants, or any of them, may have in other existing and newly formed Commonwealth businesses, partnerships and corporations.

16.    Thereafter, on November 9, 2006, Plaintiffs' filed, *ex parte*, their first application for a post-judgment writ of execution under Commonwealth law attempting to collect the Judgment Amount hoping that Mr. Kim, the only individual defendant remaining the in the Commonwealth, would not hide or dispose of his assets and flee the Commonwealth before the assets could be seized by the United States Marshall.

17.    On November 14, 2006, the Court denied Plaintiffs' writ of execution because, among other reason, it believed the motion to be premature.  *See* Order Denying Without Prejudice Plaintiffs' Motion for Writ of Execution.

18.    The same day, as I had already planned, I issued a subpoena for the deposition of defendant Kim Hang Kwon, among several other subpoenas directed at various Commonwealth banks and government agencies.

19.    The subpoena set Kim Hang Kwon's deposition for November 22, 2006 and it was personally served on Kim Hang Kwon the following day, November 15, 2006, at his Susupe residence by process server Rainaldo Agulto.  See Return of Service e-filed November 17, 2006.

20.    On about November 19, 2006, three days before the date scheduled for his deposition, without contacting me to discuss his going off-island or requesting to reschedule the deposition,

defendant Kim Hang Kwon departed the Commonwealth for South Korea.

21.    It is also my information that Kim Hang Kwon does not appear to have plans to return to the Commonwealth.

22.    Kim and Park have apparently sold and fraudulently transferred many of their assets and they have arranged for other major assets, including their real property and vehicles to be foreclosed on through bogus liens given to their friends.

23.    Now, with all of the individual defendants/corporate principals either gone from the Commonwealth or dismissed, without prejudice, from the case, Plaintiffs' only ability to collect on any of their judgment through assets left by the Park Hwa Sun, Kim Hang Kwon, Jung Jin Corporation and Asia Enterprises, Inc. in the Commonwealth is by a duly noticed hearing or hearings on an order or orders in aid of judgment, which will necessarily include a writ or writs of execution in light of the fact that Defendants are no longer in the Commonwealth to respond to questioning as to their assets and/or to comply with turn over orders.

24.    Pursuant to responses to the subpoenas issued this month, I have learned that Jung Jin Corporation had $18.87 in its bank account with the Bank of Hawaii as of October 31, 2006 with the last major withdrawal by check to defendant Kim Hang Kwon signed by defendant Park Hwa Sun on April 7, 2006.  Jung Jin does not appear to have any other bank accounts in the Commonwealth.

25.    I have also learned through subpoenas that Asia Enterprises, Inc. had $224.28 in its bank account with the Bank of Hawaii as of October 31, 2006, with no deposits to, and negligible withdrawals from, the account in the year 2006.  Asia Enterprises, Inc. does not appear to have any other bank accounts in the Commonwealth.

26.    Neither defendant Park Hwa Sun nor Kim Hang Kwon appear to have any bank accounts in the Commonwealth.

1    I swear under penalty of perjury that the forgoing is true and correct to the best of my

2   knowledge and belief and that this Declaration was executed this 28th day of November, 2006 in

3   Saipan, Commonwealth of the Northern Mariana Islands.

4

5                                              /s/ Mark B. Hanson

6    _____
                                                     MARK B. HANSON

7                                              Second Floor, Macaranas Building
                                                     Beach Road, Garapan
8                                              PMB 738 P.O. Box 10,000
                                                     Saipan, Mariana Islands 96950
9                                              Telephone:    (670) 233-8600
                                                     Facsimile:     (670) 233-5262
10

11                                             Attorney for Plaintiffs

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27