MARK B. HANSON, ESQ.
Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:    (670) 233-8600
Facsimile:    (670) 233-5262

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, LI ZHENG ZHE and XU JING JI,<br><br>Plaintiffs,<br><br>vs.<br><br>JUNG JIN CORPORATION, a CNMI corporation, ASIA ENTERPRISES, INC., a CNMI corporation, PARK HWA SUN and KIM HANG KWON,<br><br>Defendants. | CASE NO. CV 05-0019<br><br>RESPONSE TO OBJECTION TO SUBPOENA AND OPPOSITION TO MOTION BY CNMI DEPARTMENT OF FINANCE TO QUASH SUBPOENA<br><br>**MOTION TO COMPEL**<br><br>Date: December 21, 2006<br>Time: 9:00 a.m.<br>Judge: Hon. Alex R. Munson, Chief Judge |

Plaintiffs, by and through their undersigned attorney of record, hereby file this Response to the objection of the Commonwealth Department of Finance, Division of Revenue and Taxation, Enforcement and Regulatory Branch – Poker Licensing (the "Department") to a subpoena issued by this Court in this matter (by the undersigned counsel for Plaintiffs) and served on the Department on November 14, 2006 (the "Subpoena" attached hereto as Exhibit "A") and oppose the Department's Motion to Quash the Subpoena. Plaintiffs further move to compel the production by the Department of the documents requested pursuant to the Subpoena pursuant to Fed. R. Civ. P. 37(a)(2) and request an award of expenses allowed by Rule 37(a)(4). This Motion is supported by

the certificate of counsel included herewith, and the facts and records on file in this matter.

FACTS

On August 24, 2006, judgment was entered by this Court for Plaintiffs in the above-captioned case and against all of the above-named Defendants, jointly and severally, in the amount of $209,798.55.

As part of Plaintiffs' post-judgment collection efforts, on November 14, 2006 the undersigned counsel for Plaintiffs caused to be issued and served a Subpoena on the Department requesting the copies of documents submitted by or on behalf of a list of individuals and corporate entities in support of the issuance by the Department of a poker machine license or licenses, and records of any poker license fees paid by or on behalf of any of the listed individuals or corporate entities. A copy of the subpoena was filed with a return of service as Docket Number 108. The Department also attached a copy of the Subpoena as Exhibit A to its Objection and Motion. The return dated stated in the document Subpoena was November 21, 2006.

On the return date, the Department filed its present Objection and Motion to Quash the Subpoena. The following day, the Department filed a Notice of Errata: Correction to Subpoena and Motion to Quash Subpoena, acknowledging that the proper recitation to Rule 45 was contained in the Subpoena (and the subpoena served on Business Licensing), and withdrawing its Objection and Motion to the extent it was so erroneously based.

Accordingly, there are presently two issues before the Court:

First is the Department's contention that it cannot be compelled to respond to the Subpoena and produce poker licensing documents because of its own Department regulation that prohibits the Department from disclosing "all information submitted to the Department of Finance regarding licensing of a poker machine," except to the license application and in two other circumstances not relevant here. *See* 70 NMIAC 40.6-1425, reproduced in Exhibit B to the Department's Objection and Motion. In other words, the Department is claiming an absolute "governmental privilege." *See*

*also* Objection and Motion at 6. No exception is made in the Department's regulation for disclosure in judicial proceedings.

The Department's other contention is that the disclosure of some of the documents requested by the Subpoena would violate certain (undisclosed) individuals' rights to privacy guaranteed by Article 1, Section 10 of the Commonwealth Constitution. Without citation to authority (other than a bald reference to the Commonwealth Constitution), the Department says that it cannot disclose "personal financial information" and "information contained on the listed individuals [sic] passports," because "Plaintiff has not shown a compelling interest as to why that information should be disclosed." Objection and Motion at 7.

For the reasons discussed below, neither of the Department's contentions have merit. The Department should be ordered to comply, immediately, with the Subpoena.

A.    FEDERAL LAW APPLIES TO ISSUES OF STATE PRIVILEGES.

Although not articulated by the Department in their Objection and Motion to Quash, under Fed. R. Civ. P. 45(c)(3)(A)(iii), the Court may quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." Based on the Department's pleading, Plaintiffs surmise that it is this section of Rule 45 upon which they base their motion.[1]

Initially, Plaintiffs would note that, in this case, federal law regarding privileges applies and the federal common law disfavors privileges and protection from disclosure. *See, e.g.*, *Rollins v. Barlow*, 188 F. Supp. 2d 660, 662-63 (S.D. W.Va. 2002) (citing *United States v. Bryan*, 339 U.S. 323, 331, 70 S.Ct. 724, 730, 94 L. Ed. 884 (1950), and rejecting the state agency's claimed regulatory privilege therein); *Ledbetter v. City of Topeka, Kansas*, 2001 WL 311196 at *2 (D. Kan. March 7, 2001) (court rejected a claimed privilege based on Kansas Open Records Act reiterating that state

---

[1] Plaintiffs would also note that although the Department also requests a protective order, no standard for or basis of such an order is provided by the Department in its moving papers.

1  statutes creating privileges as to certain records or documents are not controlling in federal question
2  cases (citations omitted)).

3      Further, it is the Department's burden to justify the application of the claimed state privilege.
4  *See, e.g., Sparks v. Seltzer*, 2006 WL 2358157 at *5 (E.D.N.Y. Aug. 14, 2006) (civil rights case
5  involving subpoena to non-party government agency) (citing *King v. Conde*, 121 F.R.D. 180, 187
6  (E.D.N.Y.1988). Under federal law, in order to preclude disclosure based upon a claim of state
7  privilege, the agency must first make a "substantial threshold showing" of a specific harm that the
8  agency should expect as a result of disclosure and how the disclosure will cause that harm. *Id.* If the
9  agency is unable to satisfy the "substantial threshold showing" burden, no privilege will be
10 recognized, and the court will order disclosure. *Id.*

11     "[B]ecause evidentiary privileges . . . exclude potentially relevant evidence and thereby block
12 the judicial fact-finding function, they are not favored and, where recognized, must be narrowly
13 construed." *Hansen v. Allen Memorial Hospital*, 114 F.R.D. 115, 122 (S.D. Iowa 1992) (citations
14 omitted).

15     Here, even if the Department is correct that (1) a valid regulation exists (which it does not)
16 and (2) a privilege exists thereby (which it does not), the Department has made no showing, nor
17 could it, that the Department would be harmed in any way by the court refusing to recognize the
18 Department's claimed regulatory state privilege with regard to documents requested by the
19 Subpoena.

20     B.    THE DEPARTMENT'S POSITION IS WITHOUT LEGISLATIVE SUPPORT; IT
21             IS CONTRARY TO CNMI LAW AND IS, THEREFORE, *ULTRA VIRES*.

22     Further, the Department's Objection and Motion presupposes that its regulation purporting
23 to prohibit the disclosure of documents submitted in support of licenses for poker machines was
24 "validly promulgated" and is otherwise enforceable. It's position, however, and the claimed privilege
25 based thereon, does not bear this out.

26     The Department provides absolutely no statutory basis for its "confidentiality" regulation that
27

1  purports to prohibit, absolutely (with few exceptions), the disclosure of documents submitted with
2  poker license applications.

3  The only statutory basis cited by the Department is 4 CMC § 1507 which provides the
4  Department with the authority to regulate poker machines (with no reference to the non-disclosure
5  of information), and the Department's general enabling statute, 1 CMC § 2557. Section 2557 states
6  in its entirety: "The Department of Finance may adopt rules and regulations *not inconsistent with*
7  *law* regarding those matters within its jurisdiction and to provide penalties both civil and criminal
8  for violation thereof (emphasis added)."

9  Where the Commonwealth Legislature *did* address the disclosure of public documents is in
10 the Open Government Act of 1992, 1 CMC §§ 9901 *et seq.* ("OGA") wherein the Legislature
11 declared public records open stating, among other things: "The provisions requiring open meetings
12 and open records shall be liberally construed, and the provisions providing for exceptions to the open
13 meeting requirements and open records requirements shall be strictly construed against closed
14 meetings and nondisclosure of records." 1 CMC § 9901 (in part).

15 Plaintiffs would note that nothing in the OGA would prohibit the disclosure of any
16 documents in the possession of the Department demanded by the Subpoena. None of the OGA's
17 exemptions listed in §9918 thereof would apply to the information requested by the Subpoena if it
18 were made as an OGA request. *Cf. Chowdhury v. Northwest Airlines*, 226 F.R.D. 608, 610 (N.D. Cal.
19 2004)(cited by the Department) (federal TSA statute — part of the Homeland Security Act —
20 commanded the promulgation of the non-disclosure regulation and also made express reference to
21 the information not being subject to the Freedom of Information Act).

22 In sum, the Department's confidentiality regulation is *ultra vires* and unenforceable. *See, e.g.,*
23 *In re Bankers Trust Co.*, 61 F.3d 465, 469-70 (6th Cir. 1995) (confidentiality regulations not
24 authorized by broad, general grants of authority); *O'Keefe v. McDonnel Douglas Corp.*, 132 F.3d 1252,
25 1257 (8th Cir. 1998) ("An agency's promulgation of rules without valid statutory authority implicates
26
27

1  core notions of the separation of powers, and we are required by Congress to set these regulations
2  aside.")

C.   THE DEPARTMENT CANNOT SHIELD ITS LICENSING OPERATIONS FROM DISCLOSURES IN FEDERAL COURT PROCEEDINGS.

Notwithstanding that the Department's claimed privilege based on its own *ultra vires* regulation is unenforceable, the claimed state law privilege would be trumped in any case by federal law applicable in this case.

As stated above, federal law applies to any state law privilege claims in this matter. *See, e.g., Rollins v. Barlow*, 188 F. Supp. 2d 660, 662-63 (S.D. W.Va. 2002); *Ledbetter v. City of Topeka, Kansas*, 2001 WL 311196 at *2 (D. Kan. March 7, 2001); *Hansen v. Allen Memorial Hospital*, 114 F.R.D. 115, 122 (S.D. Iowa 1992) ("[t]hat the courts of a particular state would recognize a given privilege will not often of itself justify a federal court in applying that privilege." *quoting American Civil Liberties Union of Miss. v. Finch*, 638 F.2d 1336, 1343 (5th Cir. 1981)).

Further, "privilege" is not the same as "confidentiality." Stated another way, an agency's obligations of confidentiality, either by statute such as the OGA or by one of its own regulations, is not the equivalent of a evidentiary privilege that should be recognized by this federal Court. *See, e.g., Ledbetter v. City of Topeka, Kansas*, 2001 WL 311196 at *2 (D. Kan. March 7, 2001).

The cases cited by the Department are inapposite. First, all three cases deal with <u>federal</u> statutes and regulations concerning actions compelling the testimony of and disclosure of documents by <u>subordinate federal officials</u>. None of the cases have import here.

The Ninth Circuit in *Boeh v. Gates*, 25 F.3d 761, 763-64 (9th Cir. 1992), discussed the holdings and the effect of the *Touhy* case and the *Boske* case cited by the Department. As the Court explained, the issue in those cases was not a government privilege as suggested by the Department; the issue was the method by which the information was sought.

The Court in *Boeh*, as had the Supreme Court in *Touhy* under a previous Justice regulation, upheld another challenge to the Department of Justice regulation passed pursuant to the authority

of 5 U.S.C. § 301 (the "housekeeping statute"). That regulation vests the U.S. Attorney General with the control over the disclosure of public information within its Department, including testimony of subordinate officials. *Id.*, *see also* 28 CFR § 16.22(a). The *Boeh* court distinguished between a privilege to withhold testimony (and documents) with agency control over the method by which the testimony (or documents) are procured. Indeed, the Court in *Boeh* cites *NLRB v. Capitol Fish Co.*, 294 F.2d 868, 873-74 (5th Cir. 1961) (when order is directed to head of the agency, *Touhy* and *Boske* are no longer relevant); *Reynolds v. United States*, 192 F.2d 987, 992-93 (3rd Cir.1951) (same), *rev'd on other grounds*, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1953), clarifying the import of the cases cited by the Department here.[2] It should also be noted that 5 U.S.C. § 501, the federal "housekeeping statute," clearly states: "This section does not authorize withholding information from the public or limiting the availability of records to the public."

A relevant case is *In re Bankers Trust Co.*, 61 F.3d 465, 469-70 (6th Cir. 1995), *cert. dismissed*, 517 U.S. 1205, 116 S.Ct. 1711, 134 L.Ed.2d 808 (1996), where the Sixth Circuit Court of Appeals invalidated a Federal Reserve Board non-disclosure regulation stating:

> As long as the federal agency's regulation is based upon a permissible construction of the enabling statute, the regulation should be enforced. The statutory authorities upon which the Federal Reserve relies, however, simply do not give it the power to promulgate regulations in direct contravention of the Federal Rules of Civil Procedure.

(Citations omitted). *See also Morris v. Atchison, Topeka and Santa Fe Railway Co.*, 21 F.R.D. 155, 158 (W.D. Mo. 1957) (refusing to enforce USPS "self-imposed restriction of privilege" and ordering production).

Accordingly, notwithstanding non-disclosure requirements imposed on the Department by

---

[2] Similarly, the third case cited by the Department in support of its position, *Chowdhury v. Northwest Airlines*, 226 F.R.D. 608 (N.D. Cal. 2004) dealt with a TSA regulation passed pursuant to a federal statute, 49 U.S.C. § 114(s), which requires, in part, that the TSA prescribe regulations prohibiting the disclosure of "sensitive security information," among other information, based on objective criteria set forth therein. In *Chowdhury*, the regulation was not only supported by a statute, it was *commanded* by the statute. Also, the prohibition was not absolute. *Id*. at 614.

1 state law, absent (1) a valid evidentiary privilege, (2) that is recognized enforced by the federal court under the circumstances, agencies must comply with a judicial subpoena.[3]

### D. THE DISCLOSURES REQUIRED BY THE SUBPOENA WOULD NOT VIOLATE THE PRIVACY RIGHTS, IF ANY, OF ANY INDIVIDUAL.

Notwithstanding that the Department has no standing to advance the privacy interests of individuals, and notwithstanding that they have not demonstrated that any individuals for whom they are claiming a constitutional right to privacy are present in the Commonwealth,[4] any disclosures made pursuant to subpoenas issued in these judicial proceedings would not run afoul of any individual's rights to privacy, if any, under Commonwealth law.

Also in the OGA, the Legislature defined the "privacy rights" to which individuals in the Commonwealth are entitled with regard to documents submitted to public agencies:

> A person's "right to privacy," "right of privacy," or "personal privacy," as these terms are used in this chapter, and as guaranteed by N.M.I. Const. art. I, § 10, is invaded or violated when an intrusion into an individual's right of privacy is beyond what is necessary to accomplish a compelling governmental interest in protecting the health, safety or welfare of the community. *For the purposes of this chapter, protecting the health, safety or welfare of the community includes, but is not limited to, enforcing laws, protecting the health of the people, and permitting the dissemination of public information.*

1 CMC § 9903 (emphasis added).

As found in the *Ledbetter* case, state open government laws are not controlling in federal court. *Ledbetter v. City of Topeka, Kansas*, 2001 WL 311196 at *2 (D. Kan. March 7, 2001). Here,

---

[3] Plaintiffs would also note that a decision in this case has much broader implications. If the Court were to adopt the Department's position that its own regulations were absolute and unilaterally enforceable, no federal agency, including federal law enforcement agencies, would be able to obtain information for the Department relating to the submission of documents to the Department in connection with poker machine licensing and activity. This may promote further regulating by CNMI government agencies to shield themselves from perceived intrusion by federal law enforcement agencies.

[4] N.M.I. Const., Art. I, § 10 only guarantees the privacy of individuals within the jurisdiction of the Commonwealth. *See also In re Estate of Hillblom*, Civil Action No. 95-0626, NMI Super. Ct. slip. op. October 2, 1995 (Castro, J.).

though, it is important to note the recognition by the Legislature in the OGA that privacy should not inhibit the enforcement of laws and the dissemination of public information.

Where individuals submit otherwise personal information in connection with requests for the government to license the individuals and/or the business entities they represent to engage in commercial actives, the individuals cannot have an expectation of privacy that would be infringed upon if the documents submitted with those applications were disclosed to the public.

In any case, the issue here is not of a simple request to the Department for personal information of an individual within the jurisdiction of the Commonwealth; the demand for disclosure here is in the context of litigation, under the authority of a judicial subpoena and within the scope of discovery allowed in these proceedings. The privacy interests, if any, of any individuals affected by the discovery procedures implemented by Plaintiffs herein are adequately addressed in the Federal Rules of Civil Procedure. *See also Rollins v. Barlow*, 188 F. Supp. 2d 660, 663 (S.D. W.Va. 2002) (expressly finding that individual privacy concerns "do not amount to a 'privilege' as that term is used in civil discovery.").

CONCLUSION

For the foregoing reasons, the Department's objection to the Subpoena for poker license application documents is not well taken. The Department's Motion to Quash should be denied and the Department should be compelled to provide the documents demanded under the Subpoena. Further, Plaintiffs should be awarded expenses of bring this Motion to Compel.

//
//
//

Respectfully submitted this 7th day of December, 2006.

/s/ Mark B. Hanson
_____
MARK B. HANSON

Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:   (670) 233-8600
Facsimile:   (670) 233-5262

Attorney for Plaintiffs

CERTIFICATE OF COUNSEL
PURSUANT TO FED. R. CIV. P. 37(a)(2)(A)

I, Mark B. Hanson, hereby certify as follows:

1. I am the attorney for Plaintiffs;

2. On November 14, 2006, I caused the subpoena attached hereto as Exhibit "A" (the "Subpoena") to be served on the Custodian of Records of the Commonwealth Department of Finance, Division of Revenue and Taxation, Enforcement and Regulatory Branch – Poker Licensing (the "Department") at its office in Saipan, Commonwealth of the Northern Mariana Islands;

3. The return dated stated in the Subpoena was November 21, 2006;

4. On the morning of November 21, 2006, I was contacted by telephone by an attorney for the Department who informed me that the only documents that the Department would provide under the Subpoena would be copies of the actual licenses provided to applicants to post in public places in their poker establishments. After a substantive discussion of the relative positions of Plaintiffs and of the Department, no compromise could be reached, i.e., the Department would absolutely not provide any documents other than the copies of the actual licenses issued by the Department;

5. At the end of our conversation, the attorney for the Department informed me that the Department would move to quash the Subpoena. I informed the attorney for the Department that Plaintiffs would move to compel full disclosure;

6. Later that day of November 21, 2006, I received copies of the Objection and Motion to Quash filed by the Department;

7. That same day, I sent an e-mail to the attorney for the Department with whom I had early discussed the matter pointing out errors and inconsistencies in the Department's Objection and Motion to Quash, and asking the Department to reconsider its absolute position on the matter of poker licensing documents, pointing out various problems with the Department's position that I would have to raise in opposition to the Motion to Quash;

8. The following day I received two e-mails from the attorney for the Department, both confirming that the Department was going to correct its erroneous claim that required language had not been included in the subpoenas served on the Department, but neither discussing in any way or conceding in any manner the Department's stated position in reliance on its *ultra vires* "confidentiality" regulation;

9. Accordingly, the Department's immovable position necessitated Plaintiffs' present Motion to Compel compliance with the validly issued Subpoena;

10. All efforts were made in good faith to secure the Department's compliance without resort to the present Motion to Compel;

11. The Court should award Plaintiffs' the expenses incurred in prepare this Motion to Compel and obtaining the Department's complaince.

DATED: ___December 7, 2006___         /s/ Mark B. Hanson
                                       _____
                                       MARK B. HANSON
                                       Attorney for Plaintiffs

1                        CERTIFICATE OF SERVICE

2    I hereby certify that a copy of the foregoing was deposited in the United States Post Office, first class mail, postage prepaid, addressed to the following:

        Jung Jin Corporation        Park Hwa Sun
        P.O. Box 503428           P.O. Box 503428
        Saipan, MP 96950         Saipan, MP 96950
        (670) 235-4321            (670) 235-4321

        Asia Enterprises Inc.        Kim Hang Kwon
        P.O. Box 503448           P.O. Box 503448
        Saipan, MP 96950         Saipan, MP 96950
        (670) 235-4321            (670) 235-4321

and that the following attorneys were served through the Court's electronic case filing system:

        Deborah L. Covington
        Assistant Attorney General
        Office of the Attorney General
        Civil Division—Capitol Hill
        Second Floor, Juan A. Sablan Memorial Building
        Caller Box 10007
        Saipan, MP 96950

           December 7, 2006        /s/ Mark B. Hanson
DATED: _____      _____
                                                   MARK B. HANSON