F I L E D
Clerk
District Court

DEC 2 2 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

LI YING HUA, LI ZHENG ZHE,    )    Civil Action No. 05-0019
and XU JING JI,                )
                               )
        Plaintiffs             )
                               )
        v.                     )    ORDER REGARDING
                               )    SUBPOENAED MATERIAL
JUNG JIN CORPORATION, a        )
Commonwealth of the Northern   )
Mariana Islands Corporation; ASIA )
ENTERPRISES, a Commonwealth of )
the Northern Mariana Islands   )
Corporation; PARK HWA SUN; and, )
KIM HANG KWON,                 )
                               )
        Defendants             )
_____)

THIS MATTER came before the court on Thursday, December 21, 2006, for

hearing of non-party Commonwealth Department of Finance, Division of Revenue

and Taxation's motion to quash the subpoena served upon it. Plaintiffs appeared by

AO 72
(Rev. 08/82)

and through their attorney, Mark B. Hanson; Commonwealth Department of

Finance, Division of Revenue and Taxation, appeared by and through its attorney,

Assistant Attorney General Deborah L. Covington.

THE COURT, having considered the written and oral arguments of counsel,

rules as follows:

This court, and indeed all of society, has a compelling interest in seeing that its

judgments are enforceable after they have been lawfully rendered.  The court believes

that the Commonwealth Department of Revenue and Taxation's sweeping, and

apparently unilateral, prohibitions against divulging *any* information potentially run

afoul of the statutory laws of the Commonwealth, which quite clearly evince a policy

that the local government is to operate openly and transparently.  *See e.g.* 1 N.Mar.I.

Code § 9901 *et seq.* ("...open records requirements shall be strictly construed

against...nondisclosure of records.")  The court finds that Commonwealth law

supports its conclusion that individual privacy concerns cannot be used as a blanket

justification for refusing to provide information in response to properly-issued legal

process.  The court believes that that is particularly so when, as here, there are

allegations that the privacy regulations are being manipulated to perpetrate a fraud on

these plaintiffs and, perhaps, on the Commonwealth itself.

Having said that, the court does recognize that there are legitimate privacy

concerns which it will recognize and protect, particularly as to the non-parties about

whom information is sought.  Accordingly, in an effort to balance the needs and

concerns of both plaintiffs and the Division of Revenue and Taxation, and in

recognition of the fact that the plaintiffs and the Commonwealth have met and

conferred but have been unable to agree on what material should be provided in

response to the subpoena,

IT IS ORDERED that the Commonwealth Department of Finance, Division

of Revenue and Taxation, shall deliver all subpoenaed materials to the court by 3:30

p.m., Wednesday, December 27, 2006, for the court's *in camera* inspection.  The court

will take into account the positions of the parties when it makes its decision what, if

any, of the subpoenaed materials shall be released to plaintiffs.  Further, if the court

orders that certain information be released to plaintiffs, it will place reasonable

restrictions of divulging the information to other persons.

DATED this 22nd day of December, 2006.


_____
ALEX R. MUNSON
Judge