FILED
Clerk
District Court

DEC 28 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, LI ZHENG ZHE, and XU JING JI,<br><br>Plaintiffs<br><br>v.<br><br>JUNG JIN CORPORATION, a Commonwealth of the Northern Mariana Islands Corporation; ASIA ENTERPRISES, a Commonwealth of the Northern Mariana Islands Corporation; PARK HWA SUN; and, KIM HANG KWON,<br><br>Defendants | Civil Action No. 05-0019<br><br><br><br><br>SECOND ORDER<br>IN AID OF JUDGMENT |

This matter came for hearing on December 27, 2006 for further proceedings in aid of Plaintiffs' judgment in this case. Plaintiffs appeared through their attorney, Mark B. Hanson. Defendants did not appear. No third party claimants nor any

other interested party appeared.

Having considered the arguments by Plaintiffs and the pleadings and records on file in this matter, the Court hereby makes the following findings and further orders in aid of Plaintiffs' judgment:

1. Defendants received notice of the seizure of their property and had an opportunity to be heard regarding the same and Defendants failed to appear;

2. Potential third party claimants received adequate notice of the seizure of Defendants' property and had an opportunity to be heard on claims, if any, they may have in the property. With the exception of Kim Pil Sun Kitami for whom a separate hearing date was granted, no third party claimant appeared;

3. On December 22, 2006, the United States Marshal filed a Process Receipt and Return having completed the seizure of the real and personal property of Defendants directed by the Court's Amended Order in Aid of Judgment issued in this matter on December 7, 2006;

4. With the Process Receipt and Return, the Marshal filed an inventory of items of personal property seized on and about Lot 056 H14 located in Susupe, Saipan, Commonwealth of the Northern Mariana Islands;

5. The Marshal has relinquished custody of the seized items of personal property and the real property and improvements thereon at Lot 056 H 14 to Plaintiffs' counsel pending further orders of this Court regard the disposition of such

property to satisfy some or all of the judgment of Plaintiffs in this matter;

6. Except as otherwise directed herein, pursuant to the Court's authority under Fed. R. Civ. P. 69(a) and Title 7, Sections 4206 (orders in aid of judgment) and 4204 (levying execution) of the Commonwealth Code, the Court hereby authorizes Plaintiffs' counsel (pursuant to § 4204(e)) who is currently in possession of the seized property of Defendants, or a third party auctioneer retained by Plaintiffs' counsel, to sell all items of seized personal property of Defendants at public auction to the highest bidder consistent with the provisions of 7 C.M.C. §4204(b)-(d). Pursuant to § 4204 (b), notice shall be given at least seven days in advance of the time and place of the sale. The auction may be postponed and continued from time to time by the auctioneer, consistent with the notice provisions of § 4204 (d), to allow for the fair and orderly disposition of the auction property;

7. Until further order of the Court, Plaintiffs' counsel is not authorized to dispose of any real property of Defendants seized by the Marshal;

8. Until further order of the Court, Plaintiffs' counsel is not authorized to dispose of the 2005 Toyota Tacoma, License Plate No. ACF873, VIN# 5TENX22N35Z025455 seized by the Marshal;

9. Until further order of the Court, Plaintiffs' counsel is not authorized to dispose of the 2003 Kia Sorento, License Plate No. ABR529, VIN#

KNDJC733235161240 seized by the Marshal;

10. In order to maximize the return on the sale of seized property associated with Defendants' prior operation of various poker machine establishments, and also recognizing that the operation of poker machines in the Commonwealth is heavily regulated by the Commonwealth government, the sale by Plaintiffs of Defendants' poker gaming machines and related equipment and accessories shall be conducted separately from Defendants' other personal property and may be sold, with court approval, individually or in lots, as the case may be, at a price determined by the Court consistent with the Court's authority under 7 C.M.C. § 4206(b);

11. Plaintiffs shall report the time and date of the auction to the Court and inform the Court of any postponements or continuances of the auction;

12. Plaintiffs shall report the completion of the auction, provide an inventory of un-sold items, if any, and prepare a report for the Court of the proceeds of the auction and an itemized accounting of the costs of Plaintiffs' collection efforts through the completion of the auction. Thereafter, the Court will hold a hearing on approval of the payment of costs and the disposition of the proceeds of the proceedings;

13. Plaintiffs' counsel is authorized to contract for bush cutting/landscaping services for Lot 056 H 14 in an amount not exceeding $200.00 which costs

may be recovered out of the proceeds of the sale of the real property, if that occurs, or from the proceeds of the auction of Defendants' personal property as part of the costs of the auction;

14. There are at least seven abandoned dogs that reside at Lot 056 H 14. Plaintiffs' counsel is authorized to dispose of the dogs (find adoptive homes for the dogs), but Plaintiffs' counsel shall not cause the dogs to be euthanized.

IT IS SO ORDERED.

DATED this 28th day of December, 2006.

*(signature)*

ALEX R. MUNSON
Judge