Richard W. Pierce
Richard W. Pierce Law Office, LLC
2nd Floor Alexander Bldg., San Jose
P.O. Box 503514 CK
Saipan, MP 96950-3514
Telephone: (670) 235-3425
Facsimile: (670) 235-3427
Attorney for Pil Sun Kim Kitami

IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| In re ORDER TO SHOW CAUSE<br><br>LI YING HUA, ET AL.,<br><br>          Plaintiffs,<br><br>vs.<br><br>JUNG JIN CORPORATION, ET AL.,<br><br>          Defendants. | CASE NO. CV 05-00019<br><br>OPPOSITION TO<br>ORDER TO SHOW CAUSE AS IT<br>RELATES TO THIRD PARTY<br>PIL SUN KIM KITAMI<br><br>Time: 8:30 A.M.<br>Date: January 17, 2007<br>Judge: Alex R. Munson |

On December 7, 2006, this Court issued an order called Amended Order in Aid of Judgment, which contained an Order to Show Cause why subject property listed in paragraph one (1) of the Order should not be sold by the U.S. Marshal free of liens and encumbrances.

Pil Sun Kim Kitami was not named in the order. Nor is she a party to this civil action. However, the December 7th Order at paragraph 6 directed Plaintiffs to serve the Order on all persons known to have asserted a lien or interest in the property to be seized. Presumptively, the Court knew of Mrs. Kitami's interests. In an earlier declaration of November 28, 2006, at par. 6 ("Hanson Decl. ¶ 6"), Plaintiffs' counsel, Mark B. Hanson, penned the opinion that Mrs. Kitami had entered into a "bogus" promissory note and mortgage with the individual defendants in this action.

-1-

In paragraph one (1) of the Order, the Court listed properties under subsection a, c, and d, in which Mrs. Kitami has a security interest for the payment of a debt.[1] *See* Declaration of Richard W. Pierce. Therefore, to the extent the Court proposes to have the properties sold free of any security interests, Mrs. Kitami has a material interest in the proceeding.

Ms. Kitami objects to the procedure and to the merits justifying an order to show cause.

Summary Proceeding Inappropriate

The Plaintiffs must proceed against Mrs. Kitami by an amended complaint, not a request for an order to show cause or adjunct to an order in aid of judgment. This Court is familiar with the procedure from the case of *Kennedy v. Gabutin*, 2004 WL 2085480, *2 (D.N.Mar.I. 2004). *See also Thomas, Head and Greisen Employees Trust v. Buster*, 95 F.3d 1449, 1451 (9th Cir. 1996) ("The amended complaint alleges that Buster fraudulently transferred various properties to the Johnson parties in an effort to avoid payment of the judgment"). In contrast, in a receivership, summary proceeding may be appropriate if title is not adjudicated. *See Commodity Futures Trading Com'n v. Topworth Intern., Ltd.*, 205 F.3d 1107, 1113 (9th Cir. 1999).

Were Plaintiffs to proceed with an amended complaint, Mrs. Kitami could raise defenses, contest subject matter jurisdiction,[2] make restitution claims, engage in discovery, and have the full benefits of a plenary proceeding, rather than responding summarily to counsel's declaration under penalty of perjury that she engaged in a bogus transaction.

Discovery will be material in this proceeding. In addition to learning the bases for the "bogus" characterization and any proof thereof, Mrs. Kitami will require the testimony of the

---

[1] The mortgage is a lien interest, not a possessory interest. *Villanueva v. City Trust Bank,* 2002 MP 01 ¶ 15.

[2] While this Court held in *Kennedy v. Gabutin* that claims for fraudulent transfers are ancillary, the Court's holding does not foreclose the possibility that intervening case law may alter the basis for that holding. *See Williams v. Pfeffer,* 117 F. Supp.2d 331, 335 (S.D.N.Y. 2000) (independent jurisdiction required).

promissor/mortgagors in Korea, whom, according to Plaintiffs' counsel, have departed the CNMI with no intent of returning. *See* Hanson Decl., ¶¶ 7, 20 and 21. The need for their testimony could not be more obvious: did they borrow the money from Ms. Kitami and did they use the borrowed money to build their house and buy the vehicles which are the subject of the liens? Documentary evidence on the defendants' banking activity may also be probative. *See* Hansen Decl. ¶¶ 24, 25, and 26.

Contrary to the suggestion by Plaintiffs, CNMI law on judgment collections has no procedure for a summary proceeding related to third parties. *See* Title 7 N. Mar. I Code §§ 4210 to 4210. The catchall provision of 4 CMC § 4104 is unavailable. This Court adjudged Title 7 N. Mar. I Code § 4104 unconstitutional in the case of *Koichi v. Commonwealth Superior Court*, CV 02-00054 (Judgment, Nov. 21, 2003).

Plaintiffs Have the Burden of Proving a Fraudulent Transfer

Were the Court to proceed to a hearing and determination without affording Ms. Kitami the benefits of the Rules of Civil Procedure, the burden of proof will be upon Plaintiffs.

Plaintiffs do not dispute that Mrs. Kitami has a recorded lien on the property. Rather, Plaintiffs dispute that Ms. Kitami gave fair consideration for the promissory note and mortgage. In order to prevail on this theory, Plaintiffs will have to show by clear and convincing evidence that Ms. Kitami did not lend money to the individual defendants, that is, give fair value for the promissory note and mortgage.

CNMI law on fraudulent mortgages is succinct: "[a]ny instrument affecting an estate in real property, including any charge upon real property, or upon its rents or profits, made with intent to defraud prior or subsequent purchasers thereof, or encumbrances thereon is hereby declared to be void as against every purchaser or encumbrancer for value, of the same property or the rent or profits thereof." Title 2 N. Mar. I. Code § 4520(a).

The burden of proving lack of consideration and, therefore, fraud falls on the Plaintiffs. *Oles Envelope Corp. v. Oles*, 193 Md. 79, 65 A.2d 899, 903 (Md.1949) ("Where a conveyance is valid on its face, the burden of proof is upon the party attacking the conveyance to show either (1) that it was not made upon a good consideration, or (2) that it was made with a fraudulent intent on the part of the grantor to hinder, delay or defraud his creditors ••••") (citations omitted); *Totten v. Brady*, 54 Md. 170 (1880) ( "The burden of proof is upon the complainants to show that the deeds in question were made without consideration••••"); *Gen. Elec. Credit Corp. v. Murphy (In re Duque* Rodriguez), 895 F.2d 725, 726 n. 1 (11th Cir. 1990) (burden of proving "reasonably equivalent" value under fraudulent conveyance provision of 11 U.S.C. § 548(a)(2)(A) lies with the trustee challenging the transfer); *Rubin v. Mfrs. Hanover Trust Co.*, 661 F.2d. 979, 993 (2nd Cir. 1981) (stating that the trustee has the burden of proving the absence of "fair consideration") (citations omitted).

Ms. Kitami begins any proceeding with a presumption in her favor. The promissory note from the individual defendants to Mrs. Kitami is presumptively valid. A note is a negotiable instrument under CNMI law (Title 3 N. Mar. I. Code § 3104), and a note is presumptively valid. *See Yang Jae Oh v. Angel Ent., Inc.*, 2000 MP 6 ¶ 12 ("When a plaintiff introduces the negotiable instrument sued on (legally presumed to have been given for value received) into evidence, he is not required in the first instance to produce any further proof of consideration. The defendant then has the burden of going forward with the evidence and rebutting plaintiff's prima facie case").

To overcome the presumption, Plaintiffs' evidence must be clear and convincing. In the CNMI, any fraud must be shown by clear and convincing evidence. *See Lifoifoi v. Lifoifoi-Aldan*, 1996 MP 14 ¶ 24 and n. 17, 5 N.M.I. 1, 5 (1996). Counsel's mere conclusion of a bogus loan does not satisfy a clear and convincing standard. Legal memoranda and oral argument are not evidence and do not create issues of fact. *See British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir.1978). "Clear and convincing" evidence requires a finding of high probability. *In re Angelia*

-4-

*P.*, 28 Cal.3d 908, 919, 623 P.2d 198, 204, 171 Cal.Rptr. 637, 643 (Cal. 1981) ("This standard is not new. We described such a test, 80 years ago, as requiring that the evidence be "'so clear as to leave no substantial doubt'; 'sufficiently strong to command the unhesitating assent of every reasonable mind.'") (citations omitted).

Plaintiffs' sole argument is that Ms. Kitami produced no documents showing the transfer of money to the individual defendants. Hanson Decl. ¶ 6. True enough, but Mrs. Kitami testified that Koreans behaved in that manner and that she only documented the transaction and demanded security for the debt when she learned that the defendants had been sued and the debt was not repaid. Mrs. Kitami Dep. Tr. 30, li. 10 to 11; 31, li. 5 to 15; and 18 to 30. Her rationale behavior, after years of dealing with defendant Park, does not have the appearance of fraud, much less rise to the level of clear and convincing. Notably, Mrs. Kitami did not obtain promissory notes from and liens on any interests of the two corporate defendants that employed the Plaintiffs.

Conclusion

In conclusion, Mrs. Kitami should have the benefits of the Rules of Civil Procedure, not a summary proceeding. Should the Court decide to proceed in a summary fashion, the Court should permit discovery and afford Mrs. Kitami the opportunity to claim for restitution before a fact hearing is held.

Dated: January 10, 2007.

Respectfully submitted,

Richard W. Pierce
Attorney for Pil Sun Kim Kitami

-5-