1   MARK B. HANSON, ESQ.
    Second Floor, Macaranas Building
2   Beach Road, Garapan
    PMB 738 P.O. Box 10,000
3   Saipan, Mariana Islands 96950
    Telephone:    (670) 233-8600
4   Facsimile:     (670) 233-5262
    E-mail:        mark@saipanlaw.com
5
    Attorney for Plaintiffs
6

7                 IN THE UNITED STATES DISTRICT COURT
                              FOR THE
8                   NORTHERN MARIANA ISLANDS
9
    LI YING HUA, LI ZHENG ZHE and XU JING JI, )  CASE NO. CV 05-0019
10                                              )
                   Plaintiffs,                  )
11                                              )
            vs.                                 )
12                                              )           DECLARATION OF
                                                )           MARK B. HANSON
    JUNG JIN CORPORATION, a CNMI corporation,   )
13  ASIA ENTERPRISES, INC., a CNMI corporation,)
    PARK HWA SUN and KIM HANG KWON,             )
14                                              )   Date:  Wednesday, January 17, 2007
                   Defendants.                  )   Time:  9:00 a.m.
15  _____)   Judge: Hon. Alex R. Munson, Chief Judge

16      I, Mark B. Hanson, hereby declare as follows:

17      1.    I am competent to testify, and if called to testify, I would do so in accord herewith.

18      2.    I am the attorney for Plaintiffs in the above-referenced case.

19      3.    While this case was pending, and after initial discovery was conducted, on December

20  11, 2005, an advertisement appeared in the *Saipan Times* Korean language weekly newspaper wherein

21  the Defendants advertised for sale all of their assets in the Commonwealth.  *See* a copy of that

22  Advertisement with a covery letter and handwritten translations attached hereto Exhibit "A."

23      4.    A translation of the document showed that the sales were "Urgent!" and "because of

24  some matter."  *Id*.

25      5.    On December 22, 2005, shortly after the advertisement was brought to my attention,

26

27

I wrote Defendants' attorney Stephen J. Nutting indicating that Plaintiffs believed that Defendants were planning on transferring all of their assets to avoid subjecting them to the claims of Plaintiffs to satisfy the judgment Plaintiffs were going to obtain against Defendants. *See* Exhibit A.

6.      Shortly thereafter, on January 1, 2006, Defendants effected the transfer of the bulk of their operating businesses (a laundrymat, a poker parlor and a market) to KSK Corp. as satisfaction for alleged prior loans from Kim Ki Sung to Defendants.

7.      On about January 12, 2006, Defendants granted a mortgage in favor of Kim Pil Sun Kitami effecting liens on Defendants' remaining property of value in the Commonwealth: two new vehicles and Defendants' long-term leasehold interest in Lot 056 H 14, a 3,627 square meter parcel of improved property located in Susupe, Saipan, Commonwealth of the Northern Mariana Islands (the "Susupe Property").

8.      Defendants continued to occupy the Susupe Property and maintained possession of the vehicles mortgaged by Kitami.

9.      After transferring their interests in various assets and businesses on January 1, 2006 and January 12, 2006, Defendants were left with very few unencumbered assets.

10.     Asia closed down all operating businesses in about April or May 2005 and Kim "gave up the company."

11.     Jung Jin sold most of its operating businesses to KSK Corp. in January 2006. Jung Jin had about 3 poker parlors remaining in operation in early-2006, none of which are now in existence. In his January 2006 deposition, Kim discussed Park's intention to close more poker places in about March 2006.

12.     All of Asia's poker licenses were expired by December 2005. When the last of Jung Jin's poker machine licenses expired in 2006, they were not renewed.

13.     As of January 2006, Kim claims he had no money.

14.     In November 2006, I caused subpoenas to be served on all of the commercial banks

in the Commonwealth requesting, *inter alia*, bank statements for any accounts held at the bank in the names of any of the Defendants from January 2006 through the date of the subpoena.

15.     Only Bank of Hawaii responded that any of the Defendants held accounts during the relevant period of time.  Bank of Hawaii provided bank records for one account in the name of Jung Jin and one account in the name of Asia.

16.     Defendants' bank records reflect that, as of January 31, 2006, Asia had $314.78 in its bank account at the Bank of Hawaii.  Defendant Asia had no other bank accounts in the Commonwealth.  The balance of that account, as of October 31, 2006, was $244.28.

17.     Defendants' bank records reflect that, as of January 31, 2006, Jung Jin had $3,247.51 in its bank account at the Bank of Hawaii.  Defendant Jung Jin had no other bank accounts in the Commonwealth.

18.     On about April 7, 2006, Defendant Park issued Defendant Kim a check in the amount of $2.207.50, leaving a remaining balance in Jung Jin's account of $66.87.  The balance of that account, as of October 31, 2006, was $18.87.

19.     Beginning on December 18, 2006 my staff and I assisted the United States Marshal Service in seizing and inventorying the property of Defendants located on the Susupe Property.

20.     After the seizure and inventory was complete, on December 22, 2006, the United States Marshal filed a return of execution with an inventory of the property seized, and transferred custody of the seized property to me.

21.     The seizure and inventory of the personal property located on and about the Susupe Property reveals that, notwithstanding the tools, poker machines and some household goods seized by the Marshal, the only assets of Defendants of any significant value is the improved Susupe Property, the two vehicles, and the business transferred to KSK Corporation.

22.     On February 15, 2006, in response to a subpoena for documents served on Kim Pil Sun Kitami, I received from Kim Pil Sun Kitami's attorney Richard W. Pierce the document attached

1   hereto as Exhibit "B," Document Number 01732.

2       23.    On February 15, 2006, in response to a subpoena for documents served on Kim Pil Sun

3   Kitami, I received from Kim Pil Sun Kitami's attorney Richard W. Pierce the document attached

4   hereto as Exhibit "C," Document Number 01729.

5       24.    On February 15, 2006, in response to a subpoena for documents served on Kim Pil Sun

6   Kitami, I received from Kim Pil Sun Kitami's attorney Richard W. Pierce the document attached

7   hereto as Exhibit "D," Document Number 01730.

8

9       I swear under penalty of perjury that the forgoing is true and correct to the best of my

10  knowledge and belief and that this Declaration was executed this 15th day of January, 2007 in Saipan,

11  Commonwealth of the Northern Mariana Islands.

12

13                                          /s/ Mark B. Hanson

14                                          _____
                                                   MARK B. HANSON
15
                                            Second Floor, Macaranas Building
16                                          Beach Road, Garapan
                                            PMB 738 P.O. Box 10,000
17                                          Saipan, Mariana Islands 96950
                                            Telephone:    (670) 233-8600
18                                          Facsimile:     (670) 233-5262
                                            E-mail:        mark@saipanlaw.com
19
                                            Attorney for Plaintiffs
20

21

22

23

24

25

26

27
                                        Page 4 of  4

# EXHIBIT A

# MARK B. HANSON
## ATTORNEY AT LAW

PMB 738, P.O. Box 10,000
Saipan, Mariana Islands 96950
(670) 233-8600 ◦ (670) 233-5262 (fax)
mark@saipanlaw.com

---

Admitted to practice:    Commonwealth of the Northern Mariana Islands
State of Colorado

December 22, 2005

Stephen J. Nutting, Esq.
WHITE & NUTTING, LLC                    VIA FACSIMILE AND
P.O. Box 505222
Saipan, Mariana Islands 96950

RE:    LI YING HUA, et al. v. JUNG JIN CORP., et al.
Case Number CV 05-0019 (DNMI)

Dear Steve,

For your reference, I have attached hereto a copy of the advertisement in the Sunday, December 11, 2005 edition of the Saipan Times Korean language newspaper. The handwriting is the translation of the advertisement. My clients inform me that they have observed items missing from laundry mat such as water heaters. We hope that your clients will not fraudulently dissipate all of their assets and attempt to flee the CNMI and their obligations to my clients.

I have not yet had an opportunity to review your discovery responses, including the numerous documents you provided. I will do that next week and let you know where I think we are with discovery.

Sincerely,

Mark B. Hanson

cc:    client



FOR SALE AT LOWEST PRICE

BECAUSE OF SOME MATTER

HIGH CLASS HOUSE

BUSINESSES

TIRE REPAIR SHOP

CAR WASH / AUTO REPAIR SHOP

POWER WASH / LAUNDRY MAT

MR. KIM CELL NUMBER

483-4322

URGENT!

Saipan Times    Sunday, Dec. 11, 2005

POWER WASHERS

WASHERS (NEW COMPRESSION)

AIR COMPRESSION

TIRE CHANGING MACHINE

AUTO REPAIR TOOLS

# Mark B. Hanson

### Attorney at Law
PMB 738, P.O. Box 10,000
Saipan, Mariana Islands 96950
(670) 233-8600 ○ (670) 233-5262 (fax)
mark@saipanlaw.com

# FAX COVER SHEET

| | | |
|---|---|---|
| To: | Stephen J. Nutting, Esq.<br>WHITE & NUTTING, LLC | 234-9537 |
| From: | Mark B. Hanson, Esq. | |
| Client/Matter: | LI YING HUA, *et al.* v. JUNG JIN CORP., *et al.*<br>Case Number CV 05-0019 (DNMI) | |
| Date: | December 22, 2005 | |

**FAXED**

| DOCUMENTS | NUMBER OF PAGES* |
|---|---|
| Letter from Mark B. Hanson | 1 |
| Advertisement | 1 |
| | |
| | |

COMMENTS:

*The information contained in this facsimile message is information protected by attorney-client and/or the attorney/work product privilege. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by facsimile. If the person actually receiving this facsimile or any other reader of the facsimile is not the named recipient or the employee or agent responsible to deliver it to the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via U.S. Postal Service.*

* NOT COUNTING COVER SHEET. IF YOU DO NOT RECEIVE <u>ALL</u> PAGES, PLEASE TELEPHONE MY OFFICE IMMEDIATELY AT 233-8600.

# EXHIBIT B

PROMISSORY NOTE    (Translation)

I, HANG KWON KIM, borrow US$150,000.00 from PIL SUN KIM,
and put a house in Susupe as    collateral on March 05, 2004.

The payment will be made on or before Oct. 01, 2005.  I promise
to surrender all my right on the house and the land, if repayment
is not made on the date.

I will not create any legal remedy.

March  05, 2004

KIM, HANG KWON
(Signed)

01732

# EXHIBIT C

PROMISSORY NOTE   (Translation)

I,  HANG KWON KIM, borrow  US$100,000.00 from  PIL SUN KIM,
and put a house in Susupe as collateral on Dec. 15, 2004.


The payment will be made on or before Oct. 01, 2005.
I promise to surrender all my right on the house and the land,
if repayment is not made on the date.


I will not create any legal remedy.


Dec. 15, 2004

KIM, HAMG KWON
(Signed)

01729

# EXHIBIT D

PROMISSORY NOTE (Translation)


I,  HANG KWON KIM, borrow US$100,000  from PIL SUN KIM, and

put a house in Susupe as collateral on March 01, 2005.

The payment will be made on or before Oct. 01, 2005.

I promise to surrender all my right on the house and the land,

if repayment is not made on the date.

I will not create any legal remedy.



March 01, 2005

KIM, HANG KWON
(Signed)

01730