MARK B. HANSON, ESQ.
Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:    (670) 233-8600
Facsimile:    (670) 233-5262
E-mail: markbhanson@gmail.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, LI ZHENG ZHE and XU JING JI, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> JUNG JIN CORPORATION, a CNMI corporation, ) <br> ASIA ENTERPRISES, INC., a CNMI corporation, ) <br> PARK HWA SUN and KIM HANG KWON, ) <br> ) <br> Defendants. ) <br> ) <br> ) | CASE NO. CV 05-0019 <br><br> PLAINTIFFS' REPLY TO OPPOSITION TO MOTION TO REOPEN JUDGMENT AND TO MOTION TO AMEND VERIFIED COMPLAINT <br><br> Date: Thursday, October 4, 2007 <br> Time: 9:00 a.m. <br> Judge: Hon. Alex R. Munson, Chief Judge |

Plaintiffs, by and through their attorney, hereby respond to the Opposition of KSK Corporation and Kim Ki Sung (collectively "KSK" herein) to Plaintiffs' Motions to reopen the judgment in this matter and to amend the verified complaint herein to include claims against KSK.

A.  *Plaintiffs' Motion is not one for summary judgment, but only to reopen the case and to add parties against which to proceed.*

Throughout its Opposition, KSK argues that Plaintiffs have not "established" certain facts and that Plaintiffs have not "shown" or "proved" or "produced evidence of" facts going to the underlying merits of successor liability and alter ego liability.

Contrary to KSK's characterization, the present motions by Plaintiffs are not to obtain a judgment against KSK and Kim Ki Sung on the merits of Plaintiffs' claims. Plaintiffs' motions are

1 to reopen the case and to add KSK and Kim Ki Sung as a defendants so that Plaintiffs may then
2 proceed to a determination on the merits of claims for successor liability for Fair Labor Standards
3 Act ("FLSA") violations and for fraudulent conveyance against KSK and Kim Ki Sung, both
4 principally as one, indistinguishable entity/person/business/enterprise.

This is not a motion for summary judgment and the Court should not make the mistake of requiring that Plaintiffs *establish* all of the facts going to the merits of the case to prevail at this early stage of the litigation against these intended defendants.

B.   *KSK's Opposition is factually unsupported in any case.*

In its Opposition, KSK posits a number of "facts" that it presumably believes justify the denial of Plaintiffs' present motions. Several of KSK's "facts" expressly contradict facts already established by Plaintiffs in summary judgment proceedings. Several of KSK's "facts" contradict Kim Ki Sung's deposition testimony. Several of KSK's "facts" are really only unfounded conclusions. None of these supposed "facts," however, are supported by any evidence identified by KSK either by sworn affidavit or by citation to evidence already contained in the record.

The Court should not be mislead by unsubstantiated allegations, the only apparent proponent of which, at this point, is KSK's counsel.

C.   *Rule 60(b) relief is the necessary and proper method for reopening the judgment in this matter and continuing litigation against additional parties.*

Despite KSK's argument to the contrary, Rule 60(b) relief is the necessary and appropriate method for Plaintiffs to obtain the relief they are requesting here: to reopen the case in order to allow amendment of the complaint to add parties and claims against those additional parties. *See, e.g.*, *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996) ("Today, we find it consistent with *Jarvis* and consistent with our policy of promoting the finality of judgments to adopt the requirement that, once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60.").

In support of its apparent position that Plaintiffs cannot obtain relief from their own

judgment, KSK cites to the case of *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316-17 (11th Cir. 2000). The *Toole* case does not support such a proposition. Further, the text of KSK's argument following its citation to *Toole* is not found in the *Toole* case at all.

In any case, KSK's position contradicts the implicit holding in *Lindauer* that the proper method to amend a complaint after judgment is for Plaintiffs to obtain relief from the judgment by way of Rule 60. *Lindauer v. Rogers*, 91 F.3d at 1357. KSK's position also expressly contradicts another case cited by KSK in its Opposition. *See Van Leeuwen v. Farm Credit Admin.*, 600 F. Supp. 1161, 1164 (D. Or. 1984) (court granted plaintiffs' motion to set aside judgment and granted plaintiffs' motion to amend the complaint).

Further, if a plaintiff (such as the Plaintiffs in this case) were prohibited from reopening a judgment to add successors liable for FLSA violations, the ability of an aggrieved plaintiff would be substantially frustrated if not altogether denied based on the requirements of *Steinbach* that the plaintiff exhaust collection efforts against the predecessor defendant prior to adjudicating claims of FLSA successor liability. *Steinbach v. Hubbard*, 51 F.3d 843, 845 (9th Cir. 1995) (in the Ninth Circuit, a third factor in applying successor liability is the extent to which the predecessor is able to provide adequate relief directly).

D.   *Plaintiffs' Motion is not untimely nor is it prejudicial to KSK.*

Ironically, KSK argues that Plaintiffs' present motion is untimely and prejudicial apparently arguing that Plaintiffs should have brought the motion a long time ago which Plaintiffs did on April 21, 2006. It was KSK then that objected to its inclusion in the suit. *See* KSK's Motion to Strike or to Dismiss filed on May 22, 2006. It was this Court that found that KSK's inclusion was premature. *See* Order Dismissing Complaint, without prejudice, as to Defendants Kim Ki Sung and KSK Corporation dated June 20, 2006. KSK cannot now be heard to complain that it is prejudiced by the passage of time.

In the Court's June 20, 2006 Order, the Court ruled, among other things, that: "there is not

1 enough information about Ms. Park Hwa Sun's whereabouts, *pro se* defendant Kim Hang Kwon's potential liability for full payment of the alleged unpaid wages, and 'the extent to which the predecessor is able to provide adequately relief directly.'[]. Order at 4-5 (citation to *Steinbach* omitted).

The Court's own dismissal, without prejudice, contemplated the possible the re-filing at a later date of a motion to add KSK as a party defendant *after* liability was determined, i.e., after judgment, and *after* Plaintiff could show the extent to which the original four defendants were unable to pay the judgment. *Id.* Until the recent conclusion of extensive efforts to collect Plaintiffs' judgment from the original four defendants' remaining assets in Saipan, there was no way of knowing the extent to which such assets would fall short of the judgment obtained. The information is, undoubtedly, newly discovered. See Fed. R. Civ. P. 60(b)(2).

Further, the cases cited by KSK in support of its position that this present motion is untimely and prejudicial are inapposite:

• *Cabrera v. Municipality of Bayamon*, 622 F.2d 4, 6 (1st Cir. 1980) is a case in which the court denied a motion to amend to add a municipality under a § 1983 judgment solely to provide supplemental jurisdiction over pendant local claims. It is noteworthy that the Court of Appeals remanded for the district court to determine the propriety of an amendment under a proper formulation of the issue. *Id.*

• *Hews Co., LLC v. Barnaby*, Slip Copy, 2007 WL 2033402 (D. N.H. 2007) is an *unpublished* magistrate judge decision denying a motion to amend two years after judgment attacking not only the substantial delay, but the factual basis for the amendment.

• *Conroy Datsun Ltd. v. Nissan Motor Corp. in USA*, 506 F. Supp. 1051, 1054 (N.D. Ill. 1980) is a case where the plaintiff *voluntarily dismissed* claims and then attempted to *reinstate* the dismissed claims against the *same defendant* after the parties had already completed discovery. It is noteworthy that the *Conroy* court acknowledges that such motions may be well taken where "the

1 information upon which the new claim is based was unknown or unavailable prior to the filing of the
2 motion."

3 Here, based on the Court's own prior order, the information forming the basis for Plaintiffs'
4 present Rule 60(b) motions was unknown and unavailable until a judgment was obtained against the
5 original defendants and substantial collection efforts were exhausted.

6 E.    *KSK advances the wrong standard of successor liability.*

7 Again, the present motions of Plaintiffs are to reopen the judgment in this case and to amend
8 their verified complaint to add KSK as a party to this action to advance claims of FLSA successor
9 liability and fraudulent conveyance. Plaintiffs by their motion are *not* seeking to obtain a judgment
10 against KSK at this stage of the litigation.

11 Notwithstanding that the present motions are not on the merits, KSK continues to argue the
12 merits. In so doing, however, KSK continually sets forth the wrong standard for successor liability
13 in this case.

14 The Ninth Circuit Court of Appeals has made clear in *Steinbach v. Hubbard*, 51 F.3d 843, 845
15 (9th Cir. 1995) and its progeny the existence of FLSA successor liability and the standard that applies
16 to determinations of successor liability for FLSA violations. The articulated standard, as in other
17 circuits, reflects the broad remedial measures of the FLSA.

18 Again, KSK's cited cases are inapposite:

19 • *Glentel, Inc. v. Wireless Ventures, LLC*, 362 F. Supp. 2d 992, 1004 (N.D. Ind. 2005) is a
20 case of a court applying Indiana law "in the commercial law context" as opposed to a Federal
21 remedial employment statute context. It is also a case where the court *allowed* a successor claim to
22 proceed notwithstanding an argument by the successor of a bona fide UCC secured transaction. *Id.*
23 at 1000. The *Glentel* decision cites several cases where commercial sales in foreclosures of secured
24 assets did *not* bar claims of successor liability. *Id.* at 999-1000.

• *Stoumbos v. Kilimnik*, 988 F.2d 949, 961-62 (9th Cir. 1993) is also a case brought in a commercial law context (Washington State), not in a Federal employment law context, where the court examines and applies a "mere continuation" theory of successor liability — a concept of successor liability wholly separate and distinct from FLSA successor liability.

• *Kemper v. Saline Lectronics*, 366 F. Supp. 2d 550 (N.D. Ohio 2005) is an Ohio State general commercial law context case where the underlying liability of the predecessor was for a loan, not based on a Federal employment statute, where the court examines several basis for finding successor liability, none of which resemble the *Steinbach* test for FLSA successor liability.

Further, the Court should not be swayed in the least by KSK's lengthy recitation to unsupported facts, contentions and conclusions in opposition to Plaintiffs' showing of probable successor liability. For example, KSK claims that it had "a sufficient security interest [in the predecessor's assets] that gave rise to the asset acquisition." That fact remains to be readily disproved by Plaintiffs if *the facts actually in evidence* do not already disprove such a contention.

In any case, as shown by the cases cited by Plaintiffs as well as the cases cited by KSK itself, such facts have no import here. Such unsubstantiated contentions are certainly not relevant to Plaintiffs' present motion to reopen the case and to amend the complaint to add KSK as a party defendant.

F.  *Proof that Kim Ki Sung is the alter ego of KSK.*

Again, this is not a motion for summary judgment and Plaintiffs are not required to conclusively establish that Kim Ki Sung is the alter ego of KSK to prevail on a motion to reopen the case to add Kim Ki Sung as a party to the action. Plaintiffs have provided more than enough facts to substantiate the addition of Kim Ki Sung to the case under an alter ego theory. Many if not most such facts have already been incorporated as the findings of the Court in its granting of Plaintiffs' motion for summary judgment against the original defendants. KSK is simply wrong in its analysis of the facts before the Court.

G.  *KSK fails to address efficacy of relief to Plaintiffs to add claim of fraudulent conveyance.*

In its Opposition, KSK does not take issue with Plaintiffs' request to amend to add a claim against KSK and Kim Ki Sung of fraudulent conveyance to accomplish the recovery of the assets fraudulently conveyed by the original four defendants to KSK and Kim Ki Sung.

## CONCLUSION

For the foregoing reasons, for the reasons stated in Plaintiffs' June 8, 2006 Opposition to KSK's initial opposition to its inclusion in this case (Doc. # 058), and based on the facts and argument contained in Plaintiffs' present motion and memorandum in support thereof, the Court should grant Plaintiffs' Rule 60(b) motion to reopen the judgment in this case and the Court should allow Plaintiffs to amend their verified complaint to add KSK Corporation and Kim Ki Sung as defendants and to include claims of successor liability and fraudulent conveyance there against.

Respectfully submitted this 27th day of September, 2007.

/s/ Mark B. Hanson

MARK B. HANSON

Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950
Telephone:   (670) 233-8600
Facsimile:   (670) 233-5262
E-mail: markbhanson@gmail.com

Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing will be deposited in the United States Post Office, first class mail, postage prepaid, addressed to the following:

| | |
|---|---|
| Jung Jin Corporation<br>P.O. Box 503428<br>Saipan, MP 96950<br>(670) 235-4321 | Park Hwa Sun<br>P.O. Box 503428<br>Saipan, MP 96950<br>(670) 235-4321 |
| Asia Enterprises Inc.<br>P.O. Box 503448<br>Saipan, MP 96950<br>(670) 235-4321 | Kim Hang Kwon<br>P.O. Box 503448<br>Saipan, MP 96950<br>(670) 235-4321 |

I further certify that the following were served with a copy of the foregoing via the Court's electronic case filing system and via e-mail:

Kelley M. Butcher, Esq.
LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970,
Beach Road, San Jose
Saipan, Mariana Islands 96950
E-mail:     kmb@nmilaw.com

DATED: September 27, 2007          /s/ Mark B. Hanson
                                    MARK B. HANSON