1  Law Office of G. Anthony Long
   P.O. Box 504970, Beach Road
2  San Jose, Saipan, MP 96950
   Telephone: (670) 235-5802
3  Facsimile: (670) 235-4801

4  Attorney for Mr. Kim Ki Sung and KSK Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, LI ZHENG ZHE, and XU JING JI,<br><br>Plaintiffs,<br><br>vs.<br><br>JUNG JIN CORP., a CNMI corporation, ASIA ENTERPRISES, INC., a CNMI corporation, PARK HWA SUN, KIM HANG KWON, KSK CORPORATION, a CNMI corporation, and KIM KI SUNG,<br><br>Defendants. | Case No. CV 05-00019<br><br>ERRATA TO:<br>OPPOSITION OF KSK CORPORATION AND KIM KI SUNG TO MOTION TO REOPEN JUDGMENT; SECOND MOTION TO AMEND VERIFIED COMPLAINT<br><br>Date:  Thursday, October 4, 2007<br>Time:  9:00 a.m.<br>Judge: Hon. Alex R. Munson, |

Mr. Kim Ki Sung and KSK Corporation, by and through undersigned counsel of record, file the following errata to their Opposition to Motion to Reopen Judgment; Second Motion to Amend Verified Complaint filed on September 20, 2007. This errata corrects the Factual Background portion of the Motion, paragraphs 1- 18, only to insert the cites to record which were omitted in the original filing. Additionally this errata corrects page 5 line 20 where a portion of the text which should have included the cited to case law was inadvertently cut out of the text.

Respectfully submitted this 3rd day of October, 2007

_____/s/_____
Kelley M. Butcher
Attorneys for KSK and Kim Ki Sung

Correction of the factual background is as follows:

1.     KSK Corporation is CNMI Corporation. *See* Deposition of Kim Ki Sung ("KSK Depo") Exhibit J. (Doc. #70)

2.     Kim Ki Sung is not a shareholder of KSK Corporation. Nor is he an officer or director of that company. He is the manager of KSK and is responsible for the management of its day to day operations. *See* KSK and Kim Ki Sung's Motion to Dismiss ("KSK Motion") Exhibit B page 2 lines 2-8. (Doc # 49)

3.     Kim Ki Sung has lent money to the defendants on a few occasions. He loaned Kim Hang Kwon $100,000 so that Jung Jin Corporation ("Jung Jin"), the business owned by defendants Kim Hang Kwon and Park Hwa Sun (Mrs. Park), could continue to operate. Doc. #49 Exhibit B page 3 lines 13-17

4.     As security for the loan, Mrs. Park used Welcome's poker machines and laundry equipment as collateral. Mrs. Park agreed that if she could not make the payment, she would turn over the poker machines, along with the equipment in the laundromat, to KSK Corporation. *Id*. Lines 17-23

5.     In or around December of 2005, Mrs. Park and Kim Hang Kwon told Mr. Kim that they could not repay the loans. To satisfy their debt, they transferred the poker machines and laundry equipment to KSK Corp., effective January 2006. Id. page 4 lines 9-12

6.     On or about December 30, 2005, Mrs. Park and Jung Jin Corporation subleased the premises, then occupied by Welcome Poker and Laundry, to Kim Sung Eun and her company, KSK Corp., for the remaining four years of the outstanding lease. Id. lines 19-23

7.      KSK Corporation began operating a laundry and poker facility under the name of Shany Two Poker and Laundry, and transferred the license to operate the poker machines into KSK's name.

8.      Some, but not all, of Welcome's employees, transferred to KSK after the equipment transfer.  None of the employees transferring to KSK, however, claimed unpaid wages.  Doc # 49. Exhibit J, page 5 at  lines 1-2 and lines 10-14.

9.      Plaintiffs filed their Verified Complaint to collect unpaid wages from Defendant Jung Jin Corp. on June 22, 2005. See Doc #1.

10.     None of the Plaintiffs in this lawsuit ever worked for KSK. Doc # 70, page 50 lines 17-18.

11.     No Plaintiff informed Kim Ki Sung or KSK Corporation of the filing. Doc # 49 Exhibit J page 5 lines 8-11.

12      No Plaintiff ever informed Kim Ki Sung or KSK Corporation of any wage claim.  Id.

13      Neither Kim Ki Sung nor KSK Corporation were served with a copy of the complaint.

14.     Neither KSK nor Kim Ki Sung ever promised to pay Plaintiffs' wages. Doc #49 page 5, lines 15-19.

15.     In or about August of 2005, Kim Ki Sung learned from the Saipan Tribune that an employee of Jung Jin Corporation had filed a lawsuit alleging inappropriate sexual conduct, sexual harassment, and unpaid wages. Doc. #70 page 19 line 10 - page 20 line 12.

16.     Prior to the actual transfer of KSK assets, Kim Hang Kwon told Kim Ki Sung that Jung Jin employees had been paid all of their wages.  Doc. #49 lines 15-18.

17. At his deposition, Mr. Kim testified that KSK Corporation was his wife's corporation. Doc. #70 page 16 lines 8-13.

18. None of the shareholders, officers, and directors of KSK interlock with those of Jung Jin Corporation. Doc. # 49 Exhibit J page 2 lines 19-22.

Correction of page 5 line 20 is as follows:

Instead of : The 7th circuit has found that the Rule 60(b).........., The motion should have read: In Cano v. Baker, 435 F3d 1337 (11th Circuit 2006), the court found that the Rule 60(b) ..........

Respectfully submitted this 20th day of September, 2007.

_____/s/ _____

By: Kelley M Butcher
Attorneys for KSK Corporation and Mr. Kim Ki Sung