F I L E D
Clerk
District Court

OCT - 4 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, LI ZHENG ZHE, and XU JING JI, <br><br> Plaintiffs <br><br> v. <br><br> JUNG JIN CORPORATION, a Commonwealth of the Northern Mariana Islands Corporation; ASIA ENTERPRISES, a Commonwealth of the Northern Mariana Islands Corporation; PARK HWA SUN; and, KIM HANG KWON, <br><br> Defendants | Civil Action No. 05-0019 <br><br><br><br> ORDER DENYING PLAINTIFFS' MOTION TO RE-OPEN JUDGMENT and GRANTING MOTION TO FILE SECOND AMENDED COMPLAINT |

THIS MATTER came before the court on October 4, 2007, for hearing of plaintiffs' motion to re-open the judgment to add post-judgment attorney's fees and motion to file a second amended complaint. Plaintiffs appeared by and through their

attorney, Mark B. Hanson; proposed new defendants KSK Corporation and Kim Ki Sung appeared by and through their attorney, Kelley M. Butcher.

THE COURT, having considered the written and oral arguments of counsel, rules as follows.

Plaintiffs' seek to re-open the judgment they obtained against the original named defendants on August 24, 2006, in order to add attorney's fees incurred post-judgment and have also moved to file a second amended complaint to add KSK Corporation and Kim Ki Sung as defendants, in order to proceed against them on a theory of successor liability.

Plaintiffs filed this lawsuit on June 23, 2005. On May 18, 2006, plaintiffs filed a first amended complaint, adding KSK Corporation and Kim Ki Sung as defendants. (Docket No. 45) On May 22, 2006, KSK and Sung, through prior counsel, filed an "objection" to the first amended complaint, and sought to have it dismissed or stricken. (Docket No. 49) By order dated June 20, 2006, and amended June 21, 2006, the court granted the motion to dismiss or strike the first amended complaint, without prejudice to it being re-filed. (Docket Nos. 63, 64) Until the instant motion, plaintiffs made no attempt to again amend the complaint to add KSK Corporation or Kim Ki Sung. By order dated August 14, 2006, the court granted summary judgment in plaintiffs' favor against the original defendants, and shortly after awarded costs and attorney's fees. (Docket Nos. 87, 92.) Judgment was entered August 24, 2006.

(Docket No. 93) Thereafter, plaintiffs made efforts to collect on their judgment of $209,798.55. According to plaintiffs' counsel, the judgment remains unsatisfied in the amount of $163,853.31. (Docket No. 168, ¶ 22)

Now, plaintiffs seek to "re-open" and amend the judgment to add attorney's fees which have been incurred by them in their attempts to collect on the judgment since it was entered. They rely on Fed.R.Civ.P. 60(b)(2) or 60(b)(6). Rule 60, "Relief from Judgment or Order," provides in relevant part:

> (b) * * * On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); * * * (6) any other reason justifying relief from the operation of the judgment.

The first ground upon which the court denies the motion is based upon a straightforward reading of the Rule. Plaintiffs do not need "relief" from a judgment in their favor. More importantly, they have provided no legal basis for amending the original judgment in order to add attorney's fees which have been incurred during efforts to collect on their judgment since the entry of the judgment. The court foresees immediate due process problems were it to embrace plaintiffs' argument. Additionally, to do so would remove all finality from judgments. Finally, except in cases involving intensive post-judgment "monitoring" for compliance with a court's orders, the court has found no case which supports plaintiffs' expansive reading of

Fed.R.Civ.P. 60. Accordingly, plaintiffs' motion to amend the judgment to add post-judgment attorney's fees is denied.

Plaintiffs' motion to file a second amended complaint to add new defendants is granted, pursuant to Fed.R.Civ.P. 15 and 21. Although it was not necessary for plaintiffs to first exhaust their collection efforts against the defendants against whom they obtained a judgment before moving to amend their complaint, the court acknowledges that such amendments are to be freely given when justice so requires. Plaintiffs should be given an opportunity to pursue their remedy against any party who may be found legally liable for their damages. Any prejudice[1] to the newly-named defendants does not outweigh the potential harm to plaintiffs, and defendants themselves have appropriate remedies if they believe the second amended complaint has been filed without a legal or factual basis.

---

[1] Kim Ki Sung and KSK Corporation have known plaintiffs sought to impose liability on them since at least May 18, 2006, the day they were served with plaintiffs' first motion to add them as defendants.

FOR THE FOREGOING REASONS, plaintiffs' motion to re-open the judgment to add post-judgment attorney's fees is denied and their motion to file a second amended complaint is granted. The second amended complaint is deemed served and filed as of the date of this order.

DATED this 4th day of October, 2007.

_____
ALEX R. MUNSON
Judge