Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Kim Ki Sung and KSK Corp.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, LI ZHENG ZHE and XU JING JI, | ) CIVIL ACTION NO. 05-00019 ) ) |
| Plaintiffs | ) ) |
| v. | ) ) |
| | ) ANSWER TO SECOND AMENDED |
| JUNG JIN CORPORATION, ASIA ENTERPRISES, INC , PARK HWA SUN and KIM HANG KWON, KSK CORPORATION, a CNMI corporation and KIM KI SUNG, | ) VERIFIED COMPLAINT FOR ) VIOLATIONS OF THE FAIR LABOR ) STANDARDS ACT AND SUPPLEMENTAL ) STATE LAW CLAIMS ) ) |
| Defendants | ) ) |

COMES NOW Defendants KSK Corporation and Kim Ki Sung (Collectively referred to as "Defendants")[1], and as their answer to the Second Amended Complaint ("Complaint") on file herein allege:

1.  Answering paragraphs numbers 1, 2, 3 and 4 of the Complaint, Defendants admit the allegations contained therein.

2.  Answering paragraph number 5 of the Complaint, the phrase "at all relevant times" is so vague as to make it impossible to prepare an answer to said allegation. However, Defendants admit that this Court has venue.

---

[1] Jung Jin Corporation, Asia Enterprises, Inc. , Park Hwa Sun and Kim Hang Kwon (Collectively referred to as the "Original Defendants")

3.      Answering paragraphs number 6, 7, 8, 9, 10, 11 and 12 of the Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, deny those allegations.

4.      Answering paragraph numbers 13 and 14 of the Complaint, Defendants state that the P.O. Box numbers are incorrect as alleged, but admit the remaining allegations contained therein.

5.      Answering paragraph numbers 15 and 16 of the Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, deny those allegations.

6.      Answering paragraph number 17 of the Complaint, with regard to the Jung Jin, Asia Enterprises and Park Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, deny those allegations.  With regard to the allegations against Defendant Kim, Defendants, upon information and belief garnered from Kim state that all wages had been properly paid to all employees and, therefore, deny those allegations contained herein.

7.      Answering paragraph number 18 of the Complaint, Defendants admit that Mr Kim Ki Sung was acting directly or indirectly in the best interest of KSK Corporation, and that he is a general agent of KSK, however, the phrase "at all relevant times hereto" is so vague as to make it impossible to prepare an answer to said allegation so that Defendants hereby deny the allegation on that basis.  Answering the remainder of paragraph 18, Defendants deny all other allegations contained therein and incorporates the denial already proposed in this answer.

8.      Answering paragraph number 19 of the Complaint, Defendants state that such paragraph fails to state any well pled facts and, instead, merely states a legal conclusion requiring

no response. If, however, it is determined that a response is required, Defendants deny the allegations contained in such paragraph.

9. Answering paragraph numbers 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32 and 33 of the Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein an, therefore, deny those allegations.

10. Answering paragraph number 34 of the Complaint, Defendants, upon information and belief, state Defendant Kim properly paid his employees. Answering the remaining allegations of paragraph 34, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, deny those allegations.

11. Answering paragraph numbers 35, 36, 37, 38, 39, 40, 41, 42, 43 and 44 of the Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, deny those allegations.

12. Answering paragraph number 45 of the Complaint, Defendants re-allege and incorporate their responses to paragraphs 1 through 44 of the Complaint as stated above.

13. Answering paragraph numbers 46, 47 and 48 of the Complaint, Defendants, upon information and belief, state that all employees of Defendant Kim had been properly paid. Answering the remainder of the allegations set forth, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, deny those allegations.

14. Answering paragraph number 49 of the Complaint, Defendants reallege and incorporate their responses to paragraphs 1 through 48 of the Complaint as stated above.

15. Answering paragraph numbers 50, 51 and 52 of the Complaint, Defendants, upon information and belief, state that all employees of Defendant Kim had been properly paid.

Answering the remainder of the allegations set forth, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, deny those allegations.

16. Answering paragraph number 53 of the Complaint, Defendants reallege and incorporate their responses to paragraphs 1 through 52 of the Complaint as stated above.

17. Answering paragraph numbers 54, 55 and 56, Defendants, upon information and belief, state that all employees of Defendant Kim had been properly paid. Answering the remainder of the allegations set forth, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, deny those allegations.

18. Answering paragraph number 57 of the Complaint, Defendants reallege and incorporate their responses to paragraphs 1 through 56 of the Complaint as stated above.

19. Answering paragraph numbers 58, 59, 60, 61, 62, 63, 64, 65, 66, and 67 of the Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, deny those allegations.

20. Answering paragraph number 68 of the Complaint, Defendants reallege and incorporate their responses to paragraphs 1 through 67 of the Complaint as stated above.

21. Answering paragraph numbers 69, 70, 71, 72, 73, 74 and 75 of the Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, deny those allegations.

22. Answering paragraph number 76 of the Complaint, Defendants reallege and incorporate their responses to paragraphs 1 through 75 of the Complaint as stated above.

23. Answering paragraph number 77 of the Complaint, the phrase "transfer of their operating businesses" is so over broad as to make it impossible to prepare an answer to said

allegation so that Defendants hereby deny the allegation on that basis.

24. Answering paragraph number 78 of the Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, deny those allegations.

25. Answering paragraph number 79 of the Complaint, Defendants admit that a subpoena was issued for the deposition of Kim Sung Eun. Defendants admit that Kim Sung Eun is the president of KSK Corporation. However, the phrase "documents on file with the Commonwealth government" is so vague as to make it impossible to prepare an answer to said allegation so that Defendants hereby deny any other portion of the allegations which are inconsistent with the answer already stated.

26. Answering paragraph number 80 of the Complaint, Defendants admit the allegations contained therein.

27. Answering paragraph number 81 of the Complaint, Defendants admit the allegations contained therein.

28. Answering paragraph number 82 of the Complaint, Defendants admit that in or about August of 2005, they learned via a newspaper article that a lawsuit had been filed against the Original Defendants. Defendants deny that they learned at that time the nature of the lawsuit filed. Therefore, Defendants deny all other allegations alleged that are inconsistent with this response.

29. Answering paragraph number 83 of the Complaint, Defendants admit that they were owed outstanding debts from the Original Defendants. Defendants deny that in exchange for the debts they would take over "the businesses." Defendants admit that they took over laundry machines and poker machines from the Original Defendants to satisfy debts owed.

30.    Answering paragraph number 84 of the Complaint, Defendants admit that documents were prepared to transfer ownership of certain poker machines and laundry machines. Defendant admits that a Bill of Sale was prepared for the machines involved in the transfer.

31.    Answering paragraph number 85 of the Complaint, Defendant admits that Defendant Park had a debt of $100,000.00. Defendant admits that Defendant Kim had a debt of $24,000.00. Defendants admit that 55 laundry machines and 13 poker machines were transferred to KSK Corporation in consideration for that outstanding debt. However, with respect to the phrase "all of the assets", Defendants lack sufficient information to form a belief as to the truth of those allegations and therefore denies the those allegations. Defendants deny all other allegations contained therein which are inconsistent with this answer.

32.    Answering paragraph number 86 of the Complaint, Defendant admits the allegations contained therein.

33.    Answering paragraph number 87 of the Complaint, Defendants admit that the names of Welcome Laundry and Welcome Poker have been changed to Shany Laundry and Shany Poker Two. Defendants admit that name Welcome Market has been changed to Shany Mart. Defendants admit that in May of 2006 some of the signs had not been changed to reflect the name "Shany" Defendants admit that some signs still reflect the name "Welcome" because they viewed the word "Welcome" as an invitation to potential customers.

34.    Answering paragraph number 88 of the Complaint, Defendants admit that the lease was assigned to KSK Corporation based on the outstanding loans. With respect to the allegations of employees transferred to KSK Corporation, Defendants are unaware of the total number of workers employed by the Original Defendants, and, therefore, they lack information sufficient to form a belief as to the truth of the allegation "all of the employees." Defendants

admit that 3 employees from Welcome Laundry, and 1 employee from Welcome Poker transferred to the employ of KSK Corporation.  Defendants admits that in accordance with poker machine regulations, when the times came to renew the license on any of the 13 machines transferred to Defendants, they renewed the license.  Defendants deny all other allegations contained therein that is inconsistent with this answer.

35. Answering paragraph number 89 of the Complaint, Defendants admit that the utility services are not in the name of KSK Corporation but that KSK Corporation does pay the utility bills.  Defendant's admit that the utility is in the name of Defendant Park.

36. Answering paragraph number 90 of the Complaint, Defendants admit the allegations contained therein.

37. Answering paragraph number 91 of the Complaint, Defendants deny the allegations contained therein.

38. Answering paragraph number 92 of the Complaint, Defendants admit they had knowledge of a complaint filed against the Original Defendants prior to the acquisition of the laundry machines and poker machines.  Defendants deny that they knew the nature of the complaint filed at that time.  Defendants deny all other allegation contained therein that are inconsistent with this answer.

39. Answering paragraph number 93 of the Complaint, Defendants lack sufficient information to form a belief as to the truth of the allegations contained therein and, therefore, deny those allegations.

40. Answering paragraph number 94 of the Complaint, Defendants deny the allegations contained therein.  Also, Defendants state that this paragraph contains a legal conclusion requiring no response.

41. Answering paragraph number 95 of the Complaint, Defendants reallege and incorporate their responses to paragraphs 1 through 94 of the Complaint as stated above.

42. Answering paragraph numbers 96, 97, 98 and 99 of the Complaint, Defendants deny the allegations contained therein.

43. Defendants deny each and every allegation not expressly admitted above.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs claims in whole or in part are barred by laches.

3. Plaintiffs claims in whole or in part are barred by the applicable statue of limitations.

4. Plaintiffs claims in whole or in part are barred because of actions plaintiffs failed to take to mitigate any claimed damages with respect to any alleged employment violations.

5. Plaintiffs have failed to allege fraud with particularity and all claims of fraud should be dismissed.

6. Defendants are not successors in liability to the Original Defendants businesses and as such have no responsibility for any alleged claims made against the Original Defendants.

7. Defendants did not have knowledge of the wage claims prior to acquiring the poker machines and laundry machines of the Original Defendants and cannot be held to answer for any claims of employees that were never employed by Defendants.

8. Defendants reserve the right to assert additional affirmative and other defenses as this case begins and proceeds through discovery.

WHEREFORE, Defendants pray that:

1. That Plaintiffs take nothing from their Second Amended Complaint.

2. For costs of suit incurred herein

3. For such other and further relief as the Court may deem just and proper.


       Law Office of G. Anthony Long


By:_____/s/_____
    Kelley M. Butcher
 Attorneys for Kim Ki Sung and KSK Corp