MARK B. HANSON, ESQ.
Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738 P.O. Box 10,000
Saipan, Mariana Islands 96950
Telephone:   (670) 233-8600
Facsimile:   (670) 233-5262
E-Mail Address:   mark@saipanlaw.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, LI ZHENG ZHE and XU JING JI, ) | CASE NO. CV 05-0019 |
| Plaintiffs, ) | |
| vs. ) | PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS |
| JUNG JIN CORPORATION, a CNMI corporation,) ASIA ENTERPRISES, INC., a CNMI corporation,) PARK HWA SUN, KIM HANG KWON, ) KSK CORPORATION, a CNMI corporation, ) and KIM KI SUNG, ) | |
| Defendants. ) | |

**TO:**   KSK CORPORATION,
         and its attorney of record, KELLEY M. BUTCHER

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, PLAINTIFF hereby requests the production of the following documents and other tangible things.   Please produce the actual DOCUMENTS responsive to this Request, and YOUR particularly stated written objection to a request, if any, on Mark B. Hanson, Attorney at Law, located at the Second Floor, Macaranas Building, Beach Road, Garapan, Saipan, Commonwealth of the Northern Mariana Islands, within thirty (30) days after service of this Request on YOU.

**DEFINITIONS**

For the purposes of this Request for Production of Documents, unless otherwise indicated, the following definitions shall be applicable:

1. "DOCUMENT(S)" or "DOCUMENTATION" as used herein means any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained—translated, if necessary, by the respondent into reasonably usable form. DOCUMENTS include, but are not limited to, correspondence, records, reports, memoranda, notes, e-mail, studies, analyses, working papers, voice recordings, calendars, diaries, schedules, computer printouts, drawings and all other written, printed or recorded matter of any kind, and all other data or compilations from which information can be obtained. Non-identical copies of any DOCUMENT bearing any marks of any character (including, but not limited to, initials, comments or notations) which are not a part of the original text are to be treated as separate DOCUMENTS.

2. "YOU," "YOURSELF" "YOURS" or "YOUR" means KSK CORPORATION, referred to herein as "KSK," its officers, directors, agents, employees, accountants, attorneys, insurers, their subsidiaries, divisions or affiliates (and their officers, directors, agents, employees, accountants, attorneys, and insurers), and its partnerships, joint ventures and sole proprietorships (and their officers, directors, agents, employees, accountants, attorneys, and insurers) or any other PERSON acting on KSK's behalf.

3. "PLAINTIFF" as used herein refers collectively to the three plaintiffs LI YING HUA, LI ZHENG ZHE and XU JING JI.

4. Unless defined otherwise in a sub-part hereof, "PERSON" or "PERSONS" shall mean natural persons, corporations, partnerships, firms or other associations separately identified, whether or not they have separate legal existence in their own right.

5. "COMMUNICATION," "COMMUNICATIONS" or "COMMUNICATED" means any conveyance of information, knowledge, belief or opinion, and shall include but not be limited to written communication by such means as DOCUMENTS, letters, memoranda, telegrams, sign language and oral communications, either telephonically or face-to-face.

6. "IDENTIFY," "IDENTITY" OR "IDENTIFICATION" as used in reference to a natural person means that YOU are required to state the following information:

   a. the name of the person;
   b. the street address, country, state and country of the person's current residence;
   c. the current "home" or residential telephone number of the person;
   d. the current or last known employer, job title, business address and business telephone number of the person; and
   e. with respect to the PERSONS who were formerly employed by YOU, the last date such employment and the person's job title and business address on that date.

7. "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to any entity other than a natural person means that YOU are required to state the following information:

   a. the entity's full name; and
   b. the address of the entity's principal place of business, and each of its other places of business or business facilities.

8. "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to a DOCUMENT, means that YOU are required to state the following information:

   a. the title of the DOCUMENT;
   b. the date(s) the DOCUMENT bears;
   c. the name of each PERSON who authorized any portion of the DOCUMENT;
   d. the name of each PERSON who signed the DOCUMENT;
   e. the name of each PERSON to whom the DOCUMENT was addressed, together with

        the IDENTITY of each PERSON who received a copy of the DOCUMENT;

    f.   a description of the nature and substance of the DOCUMENT sufficient to enable it to be identified;

    g.   the name and address of the present custodian of the original DOCUMENT, together with the original DOCUMENT's current location; and

    h.   whether YOU claim the DOCUMENT is privileged and, if so, the nature of the privilege.

9. "IDENTIFY," "IDENTITY" or "IDENTIFICATION" as used in reference to a COMMUNICATION, means that YOU are required to state:

    a.   the names of the PERSONS participating in the COMMUNICATION or present when the COMMUNICATION took place;

    b.   the exact, detailed, content of the COMMUNICATION;

    c.   the building or other specific place in which the PERSONS participating in the COMMUNICATION were located at the time of the COMMUNICATION;

    d.   the mode or method by which the COMMUNICATION occurred (e.g, telephone, in person, via e-mail etc.);

    e.   and the date on which the COMMUNICATION occurred.

10. "RELATING TO," "RELATED TO" or "REGARDING" includes referring to, alluding to, responding to, concerning, connected with, commenting on, in respect to, about, regarding, discussing, showing, describing, reflecting, analyzing, depicting or constituting.

11. ""or" means and/or. "and" means and/or. "each" means each and every.

12. "EMPLOYEE(S)" as used herein refers to any PERSON currently EMPLOYED by YOU, hereafter employed by YOU, or formerly employed by YOU. Unless otherwise specified herein, the term includes, but is not limited to: officers, directors, managers, agents, accountants, independent contractors, skilled and unskilled laborers, resident and NONRESIDENT WORKERS.

13. "EMPLOYMENT" or "EMPLOYED" or "EMPLOY" as used herein refers to the use or engagement by YOU of services or labor of any kind, regardless of the amount and/or manner of compensation for such services or labor, and regardless of the classification of such services or labor as independently contracted or otherwise.

14. "NONRESIDENT WORKER" means a PERSON defined as such in 3 C.M.C. § 4412(I) of the Nonresident Workers Act.

15. "BANK RECORDS" includes, but is not limited to: bank statements, cash withdrawal records and/or receipts, check registers, cancelled checks, drafts, wire transfers, or DOCUMENTS or other evidence of any and all transfer or withdrawal of funds.

16. "TAX RECORDS" means any and all DOCUMENTS filed by YOU with either the CNMI Department of Finance, Division of Revenue and Taxation or United States Internal Revenue Service and includes, but is not limited to: annual income tax returns, Business Gross Revenue Tax returns; Employer Quarterly Withholding Tax Returns (Forms OS-3705); IRS Forms 941-SS and/or 944-SS; Forms 1099; and receipts for all payments of taxes.

17. "BUSINESS RECORDS" means: incorporation/formation documents; bylaws; operating agreements; partnership agreements; shareholder voting agreements; proxy agreements; tax elections; annual reports (whether or not filed with a government agency); minutes of the organizational meetings; minutes of annual and special meetings of shareholders, members, partners and/or boards of directors, managing partners or managing members; written consent actions of shareholders, members, partners and/or boards of directors, managing partners or managing members; copies of shares of issued stock; repurchase agreements; business licenses reflecting all of the names in which YOU do business and all of YOUR lines of business; and any and all other DOCUMENTS kept by YOU in the course of governance of YOUR business entity (as opposed to the day-to-day operations of YOUR business(es)).

18. COMMONWEALTH GOVERNMENT means any branch of the government of the

1  Commonwealth of the Northern Mariana Islands and any of its political subdivisions including all
2  executive agencies, semi-autonomous agencies, and public corporations thereof.
3      19.  Unless otherwise stated herein, the relevant time period for all Requests herein is
4  November 2002 to the present.

## INSTRUCTIONS

1.  <u>DUTY TO INVESTIGATE</u>:  In responding to the request to produce, YOU must make a diligent search of YOUR records and other DOCUMENTS in YOUR possession, custody and/or control or available to YOU, including information which is in the possession of YOUR attorneys, investigators for YOUR office, employees, representatives, and agents, and not merely such information known of YOUR own personal knowledge.

2.  <u>PRIVILEGE LOG</u>:  For each DOCUMENT responsive to the request for production of documents that is withheld under a claim of privilege or work-product immunity, state specifically: (a) the number and subject of each paragraph of this request that seeks its production; (b) the name and title of the author(s); (c) the name and title of each PERSON to whom the DOCUMENT was addressed; (d) the name and title of each PERSON to whom a copy of the DOCUMENT was sent; (e) the date of the DOCUMENT; (f) the number of pages; (g) a brief description of the nature and subject matter of the DOCUMENT; (h) the identity of each PERSON to whom the DOCUMENT, its contents, or any portion thereof is known or has been disclosed; (I) the exact location of the original and each copy of the DOCUMENT as of the date of receipt of this request; and (j) if the DOCUMENT is withheld on any ground other than privilege, each basis that YOU contend justifies its withholding.

3.  <u>DOCUMENTS NO LONGER IN YOUR POSSESSION</u>:  If YOU are aware of any DOCUMENT otherwise responsive to this request, which DOCUMENT is no longer in YOUR custody or control, IDENTIFY the name and title of the author, the name and title of the addressee,

the date of the DOCUMENT, the subject matter of the DOCUMENT, the last date on which the DOCUMENT was in YOUR control, the PERSON(S) if any, now in control of the DOCUMENT, the reasons for your disposition or release of the DOCUMENT, all PERSONS who have knowledge of the circumstances surrounding its disposition, and state what knowledge each such PERSON has regarding such DOCUMENT.

4.  DUTY TO SUPPLEMENT RESPONSE: Pursuant to Fed. R. Civ. Pro 26(e), this Request for Production of Documents is of a continuing nature and YOU must file supplementary responses to the maximum extent required by law and the applicable rules, including any time that YOU locate, identify or are made aware of documents responsive to the request that have not yet been produced.

**FIRST REQUEST TO PRODUCE**

1. Please produce an un-redacted copy of what has been attached hereto as Exhibit "A."

2. Please produce all DOCUMENTS that reflect the nature and extent of any interest YOU have in any business entity, whether a sole proprietorship, partnership, corporation, limited liability company, or any non-profit association or corporation or any other business entity, that has any part of its operations in the Commonwealth of the Northern Mariana Islands.

3. Please produce all DOCUMENTS that reflect the nature and extent of any interest YOU previously had in any business entity, whether a sole proprietorship, partnership, corporation, limited liability company, or any non-profit association or corporation or any other business entity, that has any part of its operations in the Commonwealth of the Northern Mariana Islands at any time from January 2000 to the present.

4.  Please produce all of YOUR BANK RECORDS at any bank, anywhere for any account of any type held by YOU at any time from November 1, 2002 to the present.

5.  Please produce all DOCUMENTS YOU identified in YOUR "Rule 26 Discovery Disclosures" filed with the Court on November 2, 2007.

6. To the extent not otherwise IDENTIFIED or produced in response to Request Numbers 4 and 5 above, please produce all DOCUMENTS RELATED TO the distribution and transfer and/or expenditure of the proceeds of the January 2006 loan YOU received from the Bank of the Federated States of Micronesia, including, but not limited to all "loan documents," BANK RECORDS of the transfer or deposit of loan proceeds to YOU, BANK RECORDS of the transfer or expenditure of the loan proceeds after the proceeds were released to YOU, and all receipts of expenditures of the loan proceeds.

7. Please produce all of YOUR TAX RECORDS from November 1, 2002 to the present.

8. Please produce any and all DOCUMENTS reflecting or IDENTIFYING any interest YOU have in real property known as Lot Number 32-4 R1 located in Saipan, Commonwealth of the Northern Mariana Islands.

9. Please produce any and all DOCUMENTS reflecting or IDENTIFYING any interest YOU currently have in any other real property located in the Commonwealth of the Northern Mariana Islands.

10. Please produce any and all DOCUMENTS reflecting or IDENTIFYING any interest YOU previously had in any real property located in the Commonwealth of the Northern Mariana Islands if YOU no longer have any interest in such real property.

11. Please produce any and all DOCUMENTS REFLECTING any or all of the payment KIM SUNG EUN made to YOU for the purchase of 180,000 shares of YOUR common stock regardless of the form of the payment.

12. Please produce any and all DOCUMENTS REFLECTING any or all of the payment KIM OK JA made to YOU for the purchase of 20,000 shares of YOUR common stock regardless of the form of the payment.

13. Please produce all of YOUR CORPORATE RECORDS.

14.    Please produce all DOCUMENTS submitted to the COMMONWEALTH

1  GOVERNMENT by YOU for any reason at any time from December 1, 2005 through March 31,
2  2006.

3      15.  Please produce any and all business entry permit applications, including all supporting
4  DOCUMENTATION, submitted to the COMMONWEALTH GOVERNMENT by or on behalf of
5  Kim Sung Eun, including any renewals thereof.

6      16.  Please produce any and all business entry permit applications, including all supporting
7  DOCUMENTATION, submitted to the COMMONWEALTH GOVERNMENT by or on behalf of
8  Kim Ki Sung, including any renewals thereof.

9      17.  Please produce any and all NONRESIDENT WORKER contract applications, including
10 all supporting DOCUMENTATION, submitted to the COMMONWEALTH GOVERNMENT by
11 YOU to EMPLOY Kim Ki Sung, including any renewals thereof.

12     18.  Please produce any and all DOCUMENTS RELATED TO the establishment, operation
13 and eventual closing of the business known as Daora Poker.

14     19.  Please produce all credit card statements for any credit cards in YOUR name used at any
15 time from November 1, 2004 through November 1, 2005.

16
17
18     **PLEASE NOTE** that the above-requests, and requests elsewhere herein, specifically request
19 communications, correspondence, and other documents and information that may be contained
20 and kept by YOU in electronic form.  So that it is very clear:  <u>where such information responsive
21 to the request exists in electronic form, YOU are being asked herein to provide copies of such
22 electronic information, including e-mail, word processing documents, .pdf documents, transcripts
23 of instant messages and other forms of electronically stored data</u>.  In response to these requests,
24 YOU must make an inspection of all of the devices on which any such information *could be found*
25 to ensure whether such devices contain any electronic documents or other electronic information
26
27

responsive to any request herein.  This search required of YOU also requires that YOU search any electronic back-ups of any electronically stored DOCUMENTS within YOUR possession, custody and control.

DATED this 18th day of January, 2008.

/s/ Mark B. Hanson

MARK B. HANSON

Second Floor, Macaranas Building
Beach Road, Garapan
PMB 738, P.O. Box 10,000
Saipan, MP 96950
Telephone:    (670) 233-8600
Facsimile:     (670) 233-5262
E-mail:          mark@saipanlaw.com

Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I certify that the following were served with a copy of the foregoing via the Court's electronic case filing system and via e-mail:

Kelley M. Butcher, Esq.
G. Anthony Long, Esq.
LAW OFFICES OF G. ANTHONY LONG
P.O. Box 504970
Oleai, Saipan, Mariana Islands 96950
E-mail:    kmb@nmilaw.com
           gal@nmilaw.com

DATED: January 18, 2008          /s/ Mark B. Hanson
                                 MARK B. HANSON

| | | | | 비고 |
|---|---|---|---|---|
| 1 | | $60,000.00 | 2004.11.30 | |
| 2 | | $60,000.00 | 12.30 | |
| 3 | | $60,600.00 | 2005.1.30 | |
| 4 | | $61,200.00 | 2.30 | |
| 5 | | $61,800.00 | 3.30 | |
| 6 | | $62,400.00 | 4.30 | |
| 7 | | $63,000.00 | 5.30 | |
| 8 | | $63,600.00 | 6.30 | |
| 9 | | $64,200.00 | 7.30 | 패션 네비힐 |
| 10 | | $64,800.00 | 8.30 | |
| 11 | | $65,400.00 | 9.30 | |
| 12 | | $66,000.00 | 10.30 | |
| 13 | | $66,600.00 | 11.30 | |
| 14 | | $67,200.00 | 12.30 | |
| 15 | | $67,800.00 | 2006.1.30 | |
| 16 | | $68,400.00 | 2.30 | |
| 17 | | $69,000.00 | 3.30 | |
| 18 | | $69,600.00 | 4.30 | |
| 19 | | $70,200.00 | 5.30 | |
| 20 | | $70,800.00 | 6.30 | |
| 21 | | $71,400.00 | 7.30 | |
| 22 | | $72,000.00 | 8.30 | |
| 23 | | $72,600.00 | 9.30 | |
| 24 | | $73,200.00 | 10.30 | |
| 25 | | $73,800.00 | 11.30 | |
| 26 | | $74,400.00 | 12.30 | |
| 27 | | $75,000.00 | 2007.1.30 | |
| 28 | | $75,600.00 | 2.30 | |
| 29 | | $76,200.00 | 3.30 | |
| 30 | | $76,800.00 | 4.30 | |
| 31 | | $77,400.00 | 5.30 | |

1.곗날은 매월 30일로 한다. <곗돈은 잘 내지 않을 경우 그달에 태워 주지 않는다.>

2.곗돈은 꼭 현찰이어야 한다.<TC,수표는 절되 안 됨, 보증인을 세운다.>

3.곗돈은 PM : 12 ~ 1시 사이에 갖고 오지 않을 경우 벌금 $ 30.00 추가한다.

4.매월 30일이 추석 , 구정 , 일요일 경우에만 다음 날로 한다.

5.곗날 계원이 사이판 출타시 계주나 아는 사람에게 맡기고 계주에게 연락한다.

EX A.