≪AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN MARIANA ISLANDS

LI YING HUA, LI ZHENG ZHE and XU JING JI, Plaintiffs,

V.

JUNG JIN CORP., ASIA ENTERPRISES, INC., PARK HUA SUN. KIM HANG KWON, KSK CORPORATION and KIM KI SUNG, Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]   CV 05-00019

TO: KIM SUNG EUN
PMB 234, P.O. Box 10,001
Saipan, Mariana Islands 96950

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | Office of Mark B. Hanson, Attorney at Law, Second Floor, Macaranas Building, Beach Road, Garapan, Saipan, CNMI | DATE AND TIME 2/4/2008 10:00 am |
|---|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

DOCUMENTS SPECIFIED IN ATTACHMENT A.

| PLACE | Office of Mark B. Hanson, Attorney at Law, Second Floor, Macaranas Building Beach Road, Garapan, Saipan, CNMI | DATE AND TIME 2/4/2008 10:00 am |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiff | DATE 1/18/2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Mark B. Hanson, Esq., Second Floor, Macaranas Building, Beach Road, Garapan     (670) 233-8600
PMB 738, P.O. Box 10,000, Saipan, Mariana Islands 96950                          (670) 233-5262 (facsimile)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | 01/25/08  5:30 p.m. | RESIDENCE IN SAN VICENTE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| | KIM SUNG EUN | PERSONAL SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |
| | RAINALDO S. AGULTO | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    01/25/08
                  DATE

SIGNATURE OF SERVER

P.O. BOX 5340 CHRB SAIPAN MP 96950
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# ATTACHMENT A

## DEFINITIONS

For the purposes of this Subpoena, unless otherwise indicated, the following definitions shall be applicable:

1. "DOCUMENT(S)" or "DOCUMENTATION" as used herein means any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained—translated, if necessary, by the respondent into reasonably usable form. DOCUMENTS include, but are not limited to, correspondence, records, reports, memoranda, notes, e-mail, studies, analyses, working papers, voice recordings, calendars, diaries, schedules, computer printouts, drawings and all other written, printed or recorded matter of any kind, and all other data or compilations from which information can be obtained. Non-identical copies of any DOCUMENT bearing any marks of any character (including, but not limited to, initials, comments or notations) which are not a part of the original text are to be treated as separate DOCUMENTS.

2. "YOU," "YOURSELF" "YOURS" or "YOUR" means KIM SUNG EUN any of YOUR sole proprietorships and any partnership in which YOU are a general partner.

3. "PLAINTIFF" as used herein refers collectively to the three plaintiffs LI YING HUA, LI ZHENG ZHE and XU JING JI.

4. Unless defined otherwise in a sub-part hereof, "PERSON" or "PERSONS" shall mean natural persons, corporations, partnerships, firms or other associations separately identified, whether or not they have separate legal existence in their own right.

5. "COMMUNICATION," "COMMUNICATIONS" or "COMMUNICATED" means any conveyance of information, knowledge, belief or opinion, and shall include but not be limited to

written communication by such means as DOCUMENTS, letters, memoranda, telegrams, sign language and oral communications, either telephonically or face-to-face.

6. "RELATING TO," "RELATED TO" or "REGARDING" includes referring to, alluding to, responding to, concerning, connected with, commenting on, in respect to, about, regarding, discussing, showing, describing, reflecting, analyzing, depicting or constituting.

7. ""or" means and/or. "and" means and/or. "each" means each and every.

8. "NONRESIDENT WORKER" means a PERSON defined as such in 3 C.M.C. § 4412(I) of the Nonresident Workers Act.

9. "BANK RECORDS" includes, but is not limited to: bank statements, cash withdrawal records and/or receipts, check registers, cancelled checks, drafts, wire transfers, or DOCUMENTS or other evidence of any and all transfer or withdrawal of funds.

10. "TAX RECORDS" means any and all DOCUMENTS filed by YOU with either the CNMI Department of Finance, Division of Revenue and Taxation or United States Internal Revenue Service and includes, but is not limited to: annual income tax returns, Business Gross Revenue Tax returns; Employer Quarterly Withholding Tax Returns (Forms OS-3705); IRS Forms 941-SS and/or 944-SS; Forms 1099; and receipts for all payments of taxes.

11. "BUSINESS RECORDS" means: incorporation/formation documents; bylaws; operating agreements; partnership agreements; shareholder voting agreements; proxy agreements; tax elections; annual reports (whether or not filed with a government agency); minutes of the organizational meetings; minutes of annual and special meetings of shareholders, members, partners and/or boards of directors, managing partners or managing members; written consent actions of shareholders, members, partners and/or boards of directors, managing partners or managing members; copies of shares of issued stock; repurchase agreements; business licenses reflecting all of the names in which YOU do business and all of YOUR lines of business; and any and all other DOCUMENTS kept by YOU in the course of governance of YOUR business entity (as opposed to the day-to-day operations of YOUR business(es)).

12. COMMONWEALTH GOVERNMENT means any branch of the government of the Commonwealth of the Northern Mariana Islands and any of its political subdivisions including all executive agencies, semi-autonomous agencies, and public corporations thereof.

13. Unless otherwise stated herein, the relevant time period for all requests herein is November 2002 to the present.

## INSTRUCTIONS

1. **DUTY TO INVESTIGATE**: In responding to this Subpoena, YOU must make a diligent search of YOUR records and other DOCUMENTS in YOUR possession, custody and/or control or available to YOU, including information which is in the possession of YOUR attorneys, investigators for YOUR office, employees, representatives, and agents, and not merely such information known of YOUR own personal knowledge.

2. **PRIVILEGE LOG**: For each DOCUMENT responsive to this Subpoena that is withheld under a claim of privilege or work-product immunity, state specifically: (a) the number and subject of each paragraph of this request that seeks its production; (b) the name and title of the author(s); (c) the name and title of each PERSON to whom the DOCUMENT was addressed; (d) the name and title of each PERSON to whom a copy of the DOCUMENT was sent; (e) the date of the DOCUMENT; (f) the number of pages; (g) a brief description of the nature and subject matter of the DOCUMENT; (h) the identity of each PERSON to whom the DOCUMENT, its contents, or any portion thereof is known or has been disclosed; (I) the exact location of the original and each copy of the DOCUMENT as of the date of receipt of this request; and (j) if the DOCUMENT is withheld on any ground other than privilege, each basis that YOU contend justifies its withholding.

## DOCUMENTS TO PRODUCE

1. Please produce an un-redacted copy of what has been attached hereto as Exhibit "A."

2. Please produce all DOCUMENTS that reflect the nature and extent of any interest YOU have in any business entity, whether a sole proprietorship, partnership, corporation, limited liability

1  company, or any non-profit association or corporation or any other business entity, that has any part
2  of its operations in the Commonwealth of the Northern Mariana Islands.
3        3. Please produce all DOCUMENTS that reflect the nature and extent of any interest YOU
4  previously had in any business entity, whether a sole proprietorship, partnership, corporation, limited
5  liability company, or any non-profit association or corporation or any other business entity, that has
6  any part of its operations in the Commonwealth of the Northern Mariana Islands at any time from
7  January 2000 to the present.
8        4. Please produce all of YOUR BANK RECORDS at any bank, anywhere for any account of
9  any type held by YOU at any time from November 1, 2002 to the present.
10       5. Please produce all of YOUR TAX RECORDS from November 1, 2002 to the present.
11       6. Please produce any and all DOCUMENTS reflecting or IDENTIFYING any interest YOU
12 have in real property known as Lot Number 32-4 R1 located in Saipan, Commonwealth of the
13 Northern Mariana Islands.
14       7. Please produce any and all DOCUMENTS reflecting or IDENTIFYING any interest YOU
15 currently have in any other real property located in the Commonwealth of the Northern Mariana
16 Islands.
17       8. Please produce any and all DOCUMENTS reflecting or IDENTIFYING any interest YOU
18 previously had in any real property located in the Commonwealth of the Northern Mariana Islands
19 if YOU no longer have any interest in such real property.
20       9. Please produce any and all DOCUMENTS REFLECTING any or all of the payment YOU
21 made to KSK CORPORATION for the purchase of 180,000 shares of its common stock regardless
22 of the form of the payment.
23       10. Please produce any and all business entry permit applications, including all supporting
24 DOCUMENTATION, submitted to the COMMONWEALTH GOVERNMENT by YOU or on
25 YOUR behalf, including any renewals thereof.
26       11. Please produce all credit card statements for any credit cards in YOUR name used at any
27

1  time from November 1, 2004 through November 1, 2005.

2

3       PLEASE NOTE that the above-requests, and requests elsewhere herein, specifically request
4  communications, correspondence, and other documents and information that may be contained
5  and kept by YOU in electronic form. So that it is very clear: <u>where such information responsive
6  to the request exists in electronic form, YOU are being asked herein to provide copies of such
7  electronic information, including e-mail, word processing documents, .pdf documents, transcripts
8  of instant messages and other forms of electronically stored data.</u> In response to this Subpoena,
9  YOU must make an inspection of all of the devices on which any such information *could be found*
10 to ensure whether such devices contain any electronic documents or other electronic information
11 responsive to any request herein. This search required of YOU also requires that YOU search any
12 electronic back-ups of any electronically stored DOCUMENTS within YOUR possession, custody
13 and control.