Law Office of G. Anthony Long
P.O. Box 504970, Beach Road
San Jose, Saipan, MP 96950
Telephone: (670) 235-5802
Facsimile: (670) 235-4801

**Attorney for Mrs. Kim Sung Eun, Mr.  Kim Ki Sung
and KSK Corporation, A CNMI Corporation**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE
### NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **LI YING HUA, LI ZHENG ZHE, and XU JING JI,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**JUNG JIN CORP., a CNMI corporation, ASIA ENTERPRISES, INC., a CNMI corporation, PARK HWA SUN, KIM HANG KWON, KSK CORPORATION, a CNMI corporation, and KIM KI SUNG,**<br><br>**Defendants.** | **Case No. CV 05-00019**<br><br>DECLARATION OF COUNSEL IN OPPOSITION TO SUMMARY JUDGMENT<br><br>Date: July 17, 2008<br><br>Time: 9:00 a.m. |

I, G. Anthony Long, hereby delcare as follows;

1.     I am the counsel for defendants KSK, Kim Ki Sung and Kim Sung Eun.

2.     Attached hereto as Exhibit A is a copy of a May 25, 2006 declaration by plaintiff Li Ying

Hua.

3.     Attached hereto as Exhibit B is a copy of the Bill of Sale and order approving Bill of Sale

for 37 poker machines and related items for $2,000.00.

4.      Attached hereto as Exhibit C is a copy of the assignment of Lease and Auction Bill of Sale concerning real property acquired by defendant Kim Ki Sung.

5.      Attached hereto as Exhibit D is a copy of a January 17, 2007 declaration of plaintiffs' counsel.

        I declare under penalty of perjury pursuant to the laws of the United States of America that the above is true and correct and execute this declaration on Saipan on this 7th day of July, 2008.

_____/s/_____
G. Anthony Long

# EXHIBIT   A

COPY of
Original Filed
on this date

APR 2 1 2006

Clerk
District Court
For The Northern Madana Islands

1  MARK B. HANSON, ESQ.
First Floor, Macaranas Building
2  Beach Road, Garapan
PMB 738 P.O. Box 10,000
3  Saipan, Mariana Islands 96950
Telephone:    (670) 233-8600
4  Facsimile:    (670) 233-5262

5  Attorney for Plaintiffs

6

7                    IN THE UNITED STATES DISTRICT COURT
                              FOR THE
8                    NORTHERN MARIANA ISLANDS

9  LI YING HUA, LI ZHENG ZHE and XU JING JI, )    CASE NO. CV 05-0019
                                              )
10                    Plaintiffs,              )
                                              )
11        vs.                                  )
                                              )    DECLARATION OF
12  JUNG JIN CORPORATION, a CNMI corporation, )    LI YING HUA
    ASIA ENTERPRISES, INC., a CNMI corporation,)   DATE : 5/25/06
13  PARK HWA SUN and KIM HANG KWON,            )   TIME: 8:30a.m.
                                              )
14                    Defendants.              )

15  ──────────────────────────────────────

16        I, LI YING HUA, do hereby declare as follows:

17        1.    I am competent to testify, and if called to testify, I would do so in accord herewith.

18        2.    I am a plaintiff in the above-captioned case.

19        3.    I was an employee of defendants from April 4, 2003 through May 4, 2005.

20        4.    I began my employment with defendants in April 2003 during the time when I had

21  a labor case pending in the CNMI Department of Labor against my former Saipan employer.

22        5.    In November 2003, I was granted transfer relief by the Hearing Officer from the CNMI

23  Department of Labor.

24        6.    On December 29, 2003, Defendant Park Hwa Sun and I executed the documents

25  necessary to obtain my permanent transfer to the employment of defendants.

26        7.    On January 14, 2004, the CNMI Director of Labor approved a Conditional Grant of

27

1  Transfer for me to work for defendant Jung Jin Corporation, and on February 5, 2004, the Director

2  of Labor approved the employment contract signed by Ms. Park Hwa Sun and myself in December

3  2003. A true and accurate copy of that Employment Contract is attached hereto as Exhibit "A."

4      8.    On January 7, 2005, Defendant Kim Hang Kwon and I signed an Application for

5  Renewal of my CNMI Labor Certificate and my Employment Contract with the defendants.

6      9.    The CNMI Director of Labor approved that Contract Renewal application on February

7  26, 2005. A true and accurate copy of that Contract Renewal is attached hereto as Exhibit "B."

8      10.   Pursuant to my Employment Contract and Contract Renewal, defendants were

9  required to pay me $3.05 per hour for each hour I worked and overtime in the amount of 1.5 times

10  that amount for all hours worked in excess of 40 hours in one week.

11      11.   The Employment Contract and Contract Renewal required that I be paid by check

12  in bi-weekly intervals and the renewal term was due to expire on January 14, 2006.

13      12.   Beginning on April 4, 2003, and continuing through May 4, 2005, I worked for

14  defendants twelve hours per day, seven days per week. I never missed a day of work.

15      13.   During my employment with defendants I worked as a poker room cashier.

16      14.   As a poker room cashier with defendants, I worked at various poker rooms of

17  defendants in Saipan, CNMI, including: "J Poker" in Susupe, Saipan; "Sun's Poker," also located in

18  Susupe, Saipan; and "JB Poker" in Chalan Kanoa, Saipan for various periods of time.

19      15.   Throughout my employment with defendants, I received most of my instructions from

20  Ms. Park Hwa Sun, although Ms. Park Hwa Sun and Mr. Kim Hang Kwon made it very clear that they

21  were both my bosses and that I should do whatever either of them said to me.

22      16.   Ms. Park Hwa Sun is the person that initially informed me the salary I would receive

23  for my services, the hours I would work, and she was the one who paid me my salary each month.

24      17.   On a daily basis while I was working at the various poker rooms of defendants, Mr. Kim

25  Hang Kwon gave me instruction regarding small job assignments while on duty. Mr. Kim directed

26

27

1  my daily work as a cashier.

2      18.    For my services from April 4, 2003 through the final approval of my permanent transfer

3  in February 2004, the defendants paid me $650.00 per month with no deductions for taxes.

4      19.    Thereafter, and for the duration of my employment, defendants paid me $700.00 per

5  month in cash from which they deducted $50.00 for a net cash payment of $650.00. The defendants

6  told me that the $50.00 deduction was for taxes, although they never provided me any tax forms

7  showing the deductions they made from my salary.

8      20.    To secure my employment with the defendants, the defendants required that I repay

9  them a total of $580.00 for the expenses associated with processing the Employment Contract

10 documents with the CNMI government, including the filing fee, the third-party processing fee, and

11 other expenses associated with the application. For the first six months of my employment with

12 defendants after my permanent transfer, defendants deducted installments in cash from my monthly

13 salary until the processing fees were repaid by me in full.

14      21.    I was also required to pay $75.00 for the medical examination, health certificate and

15 police clearance records necessary for my employment by defendants.

16      22.    On three occasions during my employment with the defendants, the defendants made

17 additional deductions from my monthly salary for "cash shortages" for which they claimed I was

18 responsible. The total amount deducted by defendants from my monthly salary for these "cash

19 shortages" was $215.00.

20      23.    In May 2004 and continuing for three months thereafter, I lived in housing provided

21 by the defendants for which the defendants charged me $150.00 per month which amount was

22 deducted from my monthly salary.

23      24.    On May 4, 2005, due to continuing non-payment of my full wages by the defendants,

24 and after continued sexual advances and unwanted touching of my body by Mr. Kim Hang Kwon,

25 I made the decision to leave my employment with defendants and seek the assistance of the Federal

26

27

1  Ombudsman.

2      25.    The last monthly salary I received from defendants was for the month of April 2005.

3

4      I swear under the penalty of perjury that the foregoing Declaration was translated to me in

5  Mandarin Chinese, a language I speak fluently, that the above-stated facts are true and correct, and

6  that this Declaration was executed this 28th day of March, 2006 in Saipan, Commonwealth of the

7  Northern Mariana Islands.

8

9                        _Li Ying Hua_
                         LI YING HUA

10

11              CERTIFICATE OF TRANSLATION

12      I hereby certify that the forgoing declaration was translated by me from English into Mandarin

13  Chinese for the Declarant and that Declarant acknowledged to me the she understood all of the

14  Declaration so translated and that the above-Declaration is her sworn testimony as above-stated.

15

16      DATED: March 28, 2006

17                        DENNIS TSE, Translator

18

19

20

21

22

23

24

25

26

27

# EXHIBIT  B

# BILL OF SALE

Pursuant to an orders of the United States District Court for the Northern Mariana Islands dated December 7, 2006 and December 28, 2006 in aid of judgment in *Li, Li and Xu v. Jung Jin Corp., et al.*, Case Number CV 05-00019, and as approved by an Order dated May 16, 2007 (attached hereto), the undersigned does hereby sell to CHOI SEUNG SAN, with mailing address PMB 25, P.O. Box 10,003, Saipan, MP 96950, for the amount of $2,000.00 the following described items:

- POKER MACHINES:

|   | SERIAL NO. | Old Rev and Tax License Number | CNMI TAG NO. |
|---|---|---|---|
| 1 | 220339-29 | 2005-P-0351 | 1995 |
| 2 | 272848-29 | 2005-P-0351 | 1996 |
| 3 | 255082-29 | 2005-P-0351 | 1997 |
| 4 | 232781-29 | 2005-P-0351 | 1998 |
| 5 | 232786-29 | 2005-P-0351 | 1999 |
| 6 | 197139-29 | 2005-P-0351 | 2001 |
| 7 | 228449-16 | 2005-P-0076 | 2368 |
| 8 | 175579-16 | 2005-P-0076 | 2369 |
| 9 | 272853-16 | 2005-P-0076 | 2370 |
| 10 | 234075-03 | 2005-P-0102 | 2716 |
| 11 | 199182-03 | 2005-P-0102 | 2717 |
| 12 | 276724-03 | 2005-P-0102 | 2719 |
| 13 | 214916-03 | 2005-P-0102 | 2720 |
| 14 | 184748-03 | 2005-P-0102 | 2722 |
| 15 | 275213-03 | 2005-P-0102 | 2724 |
| 16 | 199174-03 | 2005-P-0102 | 2725 |
| 17 | 823017-05 | 2005-P-0126 | 2892 |
| 18 | 822535-05 | 2005-P-0126 | 2894 |
| 19 | 822514-05 | 2005-P-0126 | 2895 |
| 20 | 822690-03 | 2005-P-0126 | 2896 |
| 21 | 822706-05 | 2005-P-0126 | 2897 |
| 22 | 833003-05 | 2005-P-0126 | 2898 |
| 23 | 823625-05 | 2005-P-0126 | 2901 |
| 24 | 474931-11 | 2004-P-0100 | 3006 |
| 25 | 822507-03 | 2005-P-0102R | 3199 |
| 26 | 822534-03 | 2005-P-0102R | 3200 |
| 27 | 228448-03 | 2005-P-0037 | 3485 |
| 28 | 823031-03 | 2005-P-0037 | 3486 |





| 29 | 816825-03 | 2005-P-0037  | 3487 |
| 30 | 815512-03 | 2005-P-0037  | 3488 |
| 31 | 815007-03 | 2005-P-0037  | 3489 |
| 32 | 829929-03 | 2005-P-0037  | 3491 |
| 33 | 443442-03 | 2005-P-0037  | 3492 |
| 34 | 812893-16 | 2005-P-0076R | 3828 |
| 35 | 834456-16 | 2005-P-0076R | 3829 |
| 36 | 812829-16 | 2005-P-0076R | 3830 |
| 37 | 819754-03 | 2005-P-0037R | 3831 |

- Various IC chips and parts for poker machines
- Computer monitors
- Chairs
- Stands
- Baskets, ash trays and other miscellaneous items

The sale of the above-described property is made as-is, where is without representations or warranties of any kind including an representations or warranties that the items are fit for any particular purpose.

I swear under the penalty of perjury that the foregoing is true and correct and that this Bill of Sale is executed this 16th day of May, 2007 in Saipan, Commonwealth of the Northern Mariana Islands.

MARK B. HANSON
Attorney for Plaintiffs

F I L E D
Clerk
District Court

MAY 1 6 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

LI YING HUA, et. al.,

        Plaintiff,

        vs.

JUNG JIN CORPORATION, et. al.,

        Defendant.

Case No. CV-05-0019

**ORDER:**
**1) GRANTING MOTION TO SHORTEN TIME; and**
**2) GRANTING APPLICATION FOR APPROVAL TO SELL POKER MACHINES**

**THIS MATTER** came before the court on the plaintiffs' *ex parte* motion to shorten time for consideration of the plaintiff's application for approval to sell the defendants' poker machines and poker related equipment and on the plaintiff's application for approval to sell the defendants' poker machines and poker related equipment.

**THE COURT,** having considered the written arguments of the plaintiffs, **GRANTS** the plaintiffs' motion to shorten time. Furthermore, in the interest of justice and for good cause appearing, the court **GRANTS** the plaintiffs' motion to approve the sale of the defendants' poker machines and poker related equipment.

//

//

//

//

//

//

//

# EXHIBIT C



FILE NO: 07-1049
Date: 5/14/07   Time: 2:17
Book: 14   Page: 30
Commonwealth Recorder

## ASSIGNMENT AND ASSUMPTION
## OF LEASE

THIS ASSIGNMENT AND ASSUMPTION OF LEASE ("Assignment") is made

and entered into by and between Mark B. Hanson, Auctioneer ("Assignor"), and KIM KI

SUNG ("Assignee").

WHEREAS, on January 12, 2001, Rosa Taman Maliti as Lessor, entered into a Lease

of Real Property with Kim Hang Kwon as Lessee, for a long-term lease of Lot Number 056 H

03 located in Susupe, Saipan, Commonwealth of the Northern Mariana Islands (a copy of

which is attached hereto); and

WHEREAS, on January 15, 2003, Rosa Taman Maliti as Lessor and Kim Hang Kwon

as Lessee signed an agreement amending the Lease of Real Property, reducing the size of the

leased parcel and designating the lease premises as Lot Number 056 H 14, a part of Lot

Number 056 H 03 located in Susupe, Saipan, Commonwealth of the Northern Mariana

Islands (a copy of which is attached hereto); and

WHEREAS, by an Amended Order in Aid of Judgment dated December 7, 2006 in *Li,*

*Li and Xu v. Jung Jin Corp., et al.,* Case Number CV 05-0019 (D.N.M.I) (the "Lawsuit"), Lot

Number 056 H 14 was seized by the United States Marshal and custody of the Premises was

delivered to Assignor; and

WHEREAS, by a subsequent Order in Aid of Judgment dated March 29, 2007, Assignor was authorized by the Court to sell the leasehold interest of the Lawsuit Defendants in Lot Number 056 H 14, including the improvements thereon, to the highest bidder at a duly noticed public auction; and

WHEREAS, on May 5, 2007, a duly noticed public auction was held and Assignee was the highest bidder for the below-described leasehold interest in Lot Number 056 H 14 with a bid of $48,000.00;

NOW, THEREFORE, for good consideration the receipt of which is hereby acknowledged, it is agreed by the parties that:

Assignor, by authority of the United States District Court for the Northern Mariana Islands, hereby assigns, transfers and delivers to Assignee all of the right, title and interest of Kim Hang Kwon, Park Hwa Sun, Jung Jin Corporation and Asia Enterprises, Inc. (the "Lawsuit Defendants") in and to that certain Premises located in Saipan, Commonwealth of the Northern Mariana Islands, such Premises more particularly described as:

Lease of Real Property dated January 12, 2001 (File No. 01-087) as amended January 15, 2003 (File No. 03-115) which is a leasehold interest in and to improved real property situated in Susupe, Saipan, Commonwealth of the Northern Mariana Islands and more particularly described as:

Lot Number 056 H 14, a part of Lot 056 H 03, which contains an area of 3,627 square meters, more or less.

TOGETHER with all tenements, hereditaments, and appurtenances, subleases, buildings, improvements, fixtures, rights, easements, and privileges, thereto belonging or in anyway appertaining, held and enjoyed therewith, unto Assignee, his heirs, successors, and

*Li, Li and Xu v. Jung Jin Corp., et al.*, CV 05-0019 (D.N.M.I)
Assignment of Lease after Auction
Page 2 of 4

assigns, forever, subject to all of the terms and conditions of the Lease of Real Property, as amended.

Assignee does hereby accept, assume and agrees to be bound by the Lease of Real Property dated January 12, 2001 as amended on January 15, 2003, to pay all rents and punctually to perform all of Assignor's obligations under said Lease of Real Property, as amended, accruing on and after the date hereof.

Further, Assignee understands and agrees that this Assignment is made by Assignor, as is, without representations or warranties of any kind.

WHEREFORE, this Assignment is executed by the parties on the date(s) set forth below.

ASSIGNOR:                                    ASSIGNEE:

_____                    _____
MARK B. HANSON                               KIM KI SUNG
Auctioneer

Date: May 14, 2007                           Date: May 14, 2007

//
//

*Li, Li and Xu v. Jung Jin Corp., et al.*, CV 05-0019 (D.N.M.I)
Assignment of Lease after Auction
Page 3 of 4

Commonwealth of the        )
  Northern Mariana Islands  )
                       )  ss:
Saipan                     )

On this 14th day of May, 2007, before me a Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared Mark B. Hanson, known to me to be the person whose name is subscribed to the foregoing Assignment and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the date last above written.



NOTARY PUBLIC
RITA M. CELIS
Notary Public
Commonwealth of the Northern Mariana Islands
My Commission Expires on the
_____ day of MARCH, 2009

Commonwealth of the        )
  Northern Mariana Islands  )
                       )  ss:
Saipan                     )

On this 14th day of May, 2007, before me a Notary Public in and for the Commonwealth of the Northern Mariana Islands, personally appeared Kim Ki Sung, known to me to be the person whose name is subscribed to the foregoing Assignment and acknowledged to me that he executed the same as his free and voluntary act and deed for the uses and purposes therein set forth.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal the date last above written.

NOTARY PUBLIC
RITA M. CELIS
Notary Public
Commonwealth of the Northern Mariana Islands
My Commission Expires on the
_____ day of MARCH, 2009

*Li, Li and Xu v. Jung Jin Corp., et al.,* CV 05-0019 (D.N.M.I)
Assignment of Lease after Auction
Page 4 of 4

# AUCTION BILL OF SALE

Pursuant to an order of the United States District Court for the Northern Mariana Islands dated March 29, 2007 in *Li, Li and Xu v. Jung Jin Corp., et al.*, Case Number CV 05-00019 (attached hereto), the undersigned conducted a duly noticed public auction on Saturday, May 5, 2007 in Susupe, Saipan, Commonwealth of the Northern Mariana Islands. At the public auction of the following described item:

> Lease of Real Property dated January 12, 2001 (File No. 01-087) as amended January 15, 2003 (File No. 03-115) which is a leasehold interest in and to real property situated in Susupe, Saipan, Commonwealth of the Northern Mariana Islands and more particularly described as:
>
> Lot Number 056 H 14, a part of Lot 056 H 03, which contains an area of 3,627 square meters, more or less.

KIM KI SUNG was the winning bidder with a bid of $48,000.00. This Auction Bill of Sale is to memorialize the sale at public auction of the above-described property to the above-named individual/entity. The sale of the above-described property is made as-is, where is without representations or warranties of any kind.

I swear under the penalty of perjury that the foregoing is true and correct and that this Bill of Sale is executed this 12th day of May, 2007 in Saipan, Commonwealth of the Northern Mariana Islands.

MARK B. HANSON
Auctioneer

# EXHIBIT D

1    MARK B. HANSON, ESQ.
     Second Floor, Macaranas Building
2    Beach Road, Garapan
     PMB 738 P.O. Box 10,000
3    Saipan, Mariana Islands 96950
     Telephone:   (670) 233-8600
4    Facsimile:    (670) 233-5262
     E-mail:        mark@saipanlaw.com
5
     Attorney for Plaintiffs
6

7                    IN THE UNITED STATES DISTRICT COURT
                                     FOR THE
8                        NORTHERN MARIANA ISLANDS

9    LI YING HUA, LI ZHENG ZHE and XU JING JI, )    CASE NO. CV 05-0019
10                                              )
                    Plaintiffs,                 )
11                                              )
             vs.                                )          DECLARATION OF
12                                              )          MARK B. HANSON
     JUNG JIN CORPORATION, a CNMI corporation,  )
13   ASIA ENTERPRISES, INC., a CNMI corporation,)
     PARK HWA SUN and KIM HANG KWON,            )
14                                              )    Date:  Wednesday, January 17, 2007
                    Defendants.                 )    Time:  9:00 a.m.
15   _____)    Judge: Hon. Alex R. Munson, Chief Judge

16          I, Mark B. Hanson, hereby declare as follows:

17          1.      I am competent to testify, and if called to testify, I would do so in accord herewith.

18          2.      I am the attorney for Plaintiffs in the above-referenced case.

19          3.      While this case was pending, and after initial discovery was conducted, on December

20   11, 2005, an advertisement appeared in the *Saipan Times* Korean language weekly newspaper wherein

21   the Defendants advertised for sale all of their assets in the Commonwealth.  *See* a copy of that

22   Advertisement with a covery letter and handwritten translations attached hereto Exhibit "A."

23          4.      A translation of the document showed that the sales were "Urgent!" and "because of

24   some matter." *Id.*

25          5.      On December 22, 2005, shortly after the advertisement was brought to my attention,

26

27

1  I wrote Defendants' attorney Stephen J. Nutting indicating that Plaintiffs believed that Defendants

2  were planning on transferring all of their assets to avoid subjecting them to the claims of Plaintiffs

3  to satisfy the judgment Plaintiffs were going to obtain against Defendants. *See* Exhibit A.

4       6.      Shortly thereafter, on January 1, 2006, Defendants effected the transfer of the bulk of

5  their operating businesses (a laundrymat, a poker parlor and a market) to KSK Corp. as satisfaction

6  for alleged prior loans from Kim Ki Sung to Defendants.

7       7.      On about January 12, 2006, Defendants granted a mortgage in favor of Kim Pil Sun

8  Kitami effecting liens on Defendants' remaining property of value in the Commonwealth: two new

9  vehicles and Defendants' long-term leasehold interest in Lot 056 H 14, a 3,627 square meter parcel

10 of improved property located in Susupe, Saipan, Commonwealth of the Northern Mariana Islands

11 (the "Susupe Property").

12      8.      Defendants continued to occupy the Susupe Property and maintained possession of

13 the vehicles mortgaged by Kitami.

14      9.      After transferring their interests in various assets and businesses on January 1, 2006 and

15 January 12, 2006, Defendants were left with very few unencumbered assets.

16      10.     Asia closed down all operating businesses in about April or May 2005 and Kim "gave

17 up the company."

18      11.     Jung Jin sold most of its operating businesses to KSK Corp. in January 2006. Jung Jin

19 had about 3 poker parlors remaining in operation in early-2006, none of which are now in existence.

20 In his January 2006 deposition, Kim discussed Park's intention to close more poker places in about

21 March 2006.

22      12.     All of Asia's poker licenses were expired by December 2005. When the last of Jung

23 Jin's poker machine licenses expired in 2006, they were not renewed.

24      13.     As of January 2006, Kim claims he had no money.

25      14.     In November 2006, I caused subpoenas to be served on all of the commercial banks

26

27

Page 2 of 4

1  in the Commonwealth requesting, *inter alia*, bank statements for any accounts held at the bank

2  in the names of any of the Defendants from January 2006 through the date of the subpoena.

3      15.    Only Bank of Hawaii responded that any of the Defendants held accounts during the

4  relevant period of time. Bank of Hawaii provided bank records for one account in the name of Jung

5  Jin and one account in the name of Asia.

6      16.    Defendants' bank records reflect that, as of January 31, 2006, Asia had $314.78 in its

7  bank account at the Bank of Hawaii. Defendant Asia had no other bank accounts in the

8  Commonwealth. The balance of that account, as of October 31, 2006, was $244.28.

9      17.  . Defendants' bank records reflect that, as of January 31, 2006, Jung Jin had $3,247.51

10  in its bank account at the Bank of Hawaii. Defendant Jung Jin had no other bank accounts in the

11  Commonwealth.

12      18.    On about April 7, 2006, Defendant Park issued Defendant Kim a check in the amount

13  of $2.207.50, leaving a remaining balance in Jung Jin's account of $66.87. The balance of that

14  account, as of October 31, 2006, was $18.87.

15      19.    Beginning on December 18, 2006 my staff and I assisted the United States Marshal

16  Service in seizing and inventorying the property of Defendants located on the Susupe Property.

17      20.    After the seizure and inventory was complete, on December 22, 2006, the United

18  States Marshal filed a return of execution with an inventory of the property seized, and transferred

19  custody of the seized property to me.

20      21.    The seizure and inventory of the personal property located on and about the Susupe

21  Property reveals that, notwithstanding the tools, poker machines and some household goods seized

22  by the Marshal, the only assets of Defendants of any significant value is the improved Susupe

23  Property, the two vehicles, and the business transferred to KSK Corporation.

24      22.    On February 15, 2006, in response to a subpoena for documents served on Kim Pil Sun

25  Kitami, I received from Kim Pil Sun Kitami's attorney Richard W. Pierce the document attached

26

27

Page 3 of 4

1  hereto as Exhibit "B," Document Number 01732.

2      23.    On February 15, 2006, in response to a subpoena for documents served on Kim Pil Sun

3  Kitami, I received from Kim Pil Sun Kitami's attorney Richard W. Pierce the document attached

4  hereto as Exhibit "C," Document Number 01729.

5      24.    On February 15, 2006, in response to a subpoena for documents served on Kim Pil Sun

6  Kitami, I received from Kim Pil Sun Kitami's attorney Richard W. Pierce the document attached

7  hereto as Exhibit "D," Document Number 01730.

8

9      I swear under penalty of perjury that the forgoing is true and correct to the best of my

10  knowledge and belief and that this Declaration was executed this 15th day of January, 2007 in Saipan,

11  Commonwealth of the Northern Mariana Islands.

12

13                                          /s/ Mark B. Hanson

14                                          MARK B. HANSON

15                                          Second Floor, Macaranas Building
                                            Beach Road, Garapan
16                                          PMB 738 P.O. Box 10,000
                                            Saipan, Mariana Islands 96950
17                                          Telephone:   (670) 233-8600
                                            Facsimile:   (670) 233-5262
18                                          E-mail:      mark@saipanlaw.com

19                                          Attorney for Plaintiffs

20

21

22

23

24

25

26

27

# EXHIBIT A

# MARK B. HANSON
ATTORNEY AT LAW

PMB 738, P.O. Box 10,000
Saipan, Mariana Islands 96950
(670) 233-8600 ◦ (670) 233-5262 (fax)
mark@saipanlaw.com

Admitted to practice:    Commonwealth of the Northern Mariana Islands
State of Colorado

December 22, 2005

Stephen J. Nutting, Esq.
WHITE & NUTTING, LLC                          VIA FACSIMILE AND
P.O. Box 505222
Saipan, Mariana Islands 96950

RE:    LI YING HUA, et al. v. JUNG JIN CORP., et al.
Case Number CV 05-0019 (DNMI)

Dear Steve,

For your reference, I have attached hereto a copy of the advertisement in the Sunday,
December 11, 2005 edition of the Saipan Times Korean language newspaper. The handwriting
is the translation of the advertisement. My clients inform me that they have observed items
missing from laundry mat such as water heaters. We hope that your clients will not fraudulently
dissipate all of their assets and attempt to flee the CNMI and their obligations to my clients.

I have not yet had an opportunity to review your discovery responses, including the
numerous documents you provided. I will do that next week and let you know where I think we
are with discovery.

Sincerely,

Mark B. Hanson

cc:    client

