FILED
Clerk
District Court

JUL 21 2008

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI YING HUA, LI ZHENG ZHE, and XU JING JI,<br><br>    Plaintiffs<br><br>    v.<br><br>JUNG JIN CORPORATION, a Commonwealth of the Northern Mariana Islands Corporation; ASIA ENTERPRISES, a Commonwealth of the Northern Mariana Islands Corporation; PARK HWA SUN; KSK Corporation, a Commonwealth of the Northern Mariana Islands Corporation; KIM HANG KWON; and, KIM KI SUNG,<br><br>    Defendants | Civil Action No. 05-0019<br><br><br><br><br>ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

AO 72
(Rev. 08/82)

THIS MATTER came before the court on July 17, 2008, for hearing of plaintiffs' motion for summary judgment. Plaintiffs appeared by and through their attorney, Mark B. Hanson; defendants KSK Corporation and Kim Ki Suk appeared by and through their attorney, G. Anthony Long.

THE COURT, having considered the written and oral arguments of counsel, denies plaintiffs' motion for summary judgment as there remain genuine issues of material fact for trial.

Rule 56 of the Federal Rules of Civil Procedure states, in part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." To defeat a motion for summary judgment, all that is required from the non-moving party is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial. *First National Bank v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 1592 (1968).

The court must view the evidence in the light most favorable to the non-moving party; if direct evidence from both parties conflicts, summary judgment must be denied. *Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986).

Most important here is that the court may not weigh conflicting versions of fact on a motion for summary judgment. "Rule 56 calls for the judge to determine whether there exists a genuine issue for trial, not to weigh the evidence himself and determine the truth of the matter." *Baxter v. MCA, Inc.*, 812 F.2d 421, 424 (9th Cir.), *cert. denied William v. Baxter*, 484 U.S. 954, 108 S.Ct. 346, 98 L.Ed.2d 372 (1987), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986). "[A] court can only enter a summary judgment if *everything* in the record---pleadings, depositions, interrogatories, affidavits, *etc.*---demonstrates that no genuine issue of material fact exists." *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980) (emphasis in original). *See also Bieghler v. Kleppe*, 633 F.2d 531, 534 (9th Cir. 1980) (holding that the "determination [as to the persuasiveness of plaintiffs' evidence] is not to be made on a motion for summary judgment, even if the trial judge is convinced plaintiffs will eventually lose.").

Here, the court concludes that plaintiffs' motion, as comprehensive and well-documented as it is, founders on the shoal of "weighing the evidence." After careful consideration, the court has concluded that it cannot grant the motion without the necessity of making credibility determinations and weighing certain of the evidence before it and drawing inferences therefrom, actions which are prohibited at this juncture in the proceedings. In particular, the court finds that there are genuine issues of material fact involving whether these defendants acquired a substantial

portion of the assets of the judgment debtors so as to meet one requirement for imposition of successor liability under the Fair Labor Standards Act, whether plaintiffs' claims are sufficiently associated with the assets acquired such that in equity and good conscience successor liability can be imposed on Kim Ki Suk and KSK Corporation, and whether the $100,000 promissory note was legitimate documentation of a debt or simply an attempt to thwart plaintiffs' claims. In order to resolve these questions of fact, the court will need to hear and assess the witnesses before it. Accordingly, plaintiffs' motion for summary judgment is denied.

DATED this 21st day of July, 2008.

_____
ALEX R. MUNSON
Judge

AO 72
(Rev. 08/82)

4